Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFMx<br><br>Hon. Stephen V. Wilson, Crtrm 10A<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**<br><br>**Concurrently filed with Request for Judicial Notice, Compendium of Exhibits Parts 1 and 2, and [Proposed] Order**<br><br>**DATE:** July 11, 2022<br>**TIME:** 1:30 p.m.<br>**CRTRM:** 10A<br><br>*Pretrial Conference: July 25, 2022*<br>*Jury Trial: August 9, 2022* |

/ / /

/ / /

/ / /

**TO ALL PARTIES TO THE ABOVE-CAPTIONED ACTION AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 11, 2022 at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-captioned Court, located at the First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012, Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP (hereinafter, collectively, "the Stein Defendants" or as named) will and hereby do move for judgment on the pleadings as to the first amended complaint pursuant to 28 U.S.C. Diversity of Citizenship ("FAC") filed by plaintiff RADICAL INVESTMENTS, LTD, (hereinafter, collectively, "plaintiff " or "RIL") in the above-captioned action.

This motion is brought under Federal Rule of Civil Procedure 12 (c) on the grounds that the third (civil conspiracy as to all defendants), twelfth (fraud as to Charles Z. Stein), thirteenth (fraud as to Davidovich Stein Law Group, LLP), twenty-eighth (negligence as to Charles Z. Stein), and twenty-ninth (negligence as to Davidovich Stein Law Group, LLP ) counts of the FAC fail to state facts sufficient to state a cause of action against the Stein Defendants, based on the settlement agreement entered into by these parties. This settlement agreement is Exhibit 21 to the FAC and bars this lawsuit in its entirety as to the Stein Defendants.

This motion will be based on this Notice, the attached Memorandum of Points and Authorities in support thereto, the Request for Judicial Notice, the pleadings, records and files in this action, of which this Court is requested to take judicial notice, and upon such other and further oral and documentary evidence as may be presented at or before the hearing on this motion for judgment on the pleadings.

/ / /
/ / /
/ / /
/ / /

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on May 25, 2022.

DATED: June 2, 2022          **ZELMS ERLICH & MACK**

By: /s/ Brian T. Smith
Rinat Klier Erlich
Brian T. Smith
Attorneys for Defendants
CHARLES Z. STEIN, ESQ. a/k/a
CHARLIE STEIN and DAVIDOVICH
STEIN LAW GROUP, LLP

# Table of Contents

I. INTRODUCTION ..................................................................................................... 1

II. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT............................... 2

III. LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS ....................... 4

IV. PROCEDURAL POSTURE ..................................................................................... 5

V. ARGUMENT .............................................................................................................. 5

   1. The Settlement Agreement Between Plaintiff and The Stein Defendants Bars This Lawsuit ……………………………………………………… 5

VI. CONCLUSION ......................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Corder v. Lewis Palmer School Dist. No. 38* (10th Cir. 2009) 566 F. 3d 1219 ................................ 4

*Daneshmand v. City of San Juan Capistrano*
      60 Cal. App. 5th 923, 935 (4th Dist. Ct. App. 2021) ................................................... 7

*Fleming v. Pickard* (9th Cir. 2009) 581 F. 3d. 922 ....................................................... 4

*Ross v. U.S. Bank Nat.'l Assn.* (N.D. Cal 2008) 542 F. Supp. 2d 1014 ............................................ 4

*Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F3d. 778 ........................................... 4

*Whitson v. Bumbo* (N.D. Cal. 2009) 2009 U.S. Dist. Lexis 32282,10 ........................................... 4

**Statutes**

*28 U.S.C. §1404* .............................................................................................................. 5

California *Civil Code §1542* ........................................................................................... 6

California *Civil Code §1668* ........................................................................................... 7

Federal Rule of Civil Procedure 12(c) ........................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The seller and buyer of certain products agreed with a third party that he would serve as a paymaster (i.e. escrow agent) in their transaction. They agreed with the escrow agent in a written escrow agreement that funds deposited into his bank account by the buyer would be disbursed by him in accordance with their mutual instructions, as set forth in the escrow agreement. The escrow agent, in fact, disbursed the funds, in part, but the buyer then contended that he had done so in contravention of the terms of the escrow agreement. The buyer, furthermore, demanded return of the funds which the escrow agent still held in escrow. The escrow agent maintained that he had properly disbursed the funds.

Ultimately, the buyer and the escrow agent entered into a settlement agreement and mutual release pursuant to which the escrow agent returned to the buyer the remaining funds in his account and the buyer released the escrow agent from any and all claims and causes of action against him, or which may arise. Notwithstanding this release, the buyer (plaintiff Radical Investments) now sues the escrow agent (Charles Stein) in tort and as part of an alleged conspiracy, for the very acts which are the subject of their settlement agreement. This haphazard tact should not be countenanced.

This Court should honor the settlement agreement and mutual release entered into between RIL and Charles Stein, which bars the instant lawsuit. Since this agreement is referenced in the first amended complaint and attached thereto as Exhibit 21, the Court can apply it in ruling on this motion for judgment on the pleadings. Based on the foregoing, defendants Charles Stein and Davidovich Stein Law Group respectfully request that this motion be granted.

/ / /

/ / /

/ / /

## II. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Radical Investments Ltd., a St. Lucia Company, ("RIL") was introduced to defendant Alex Moore through a Cheryl Chamley, who resides in Florida and works in the PPE sector. [FAC ¶27] Ms. Chamley represented to Mark Maloney, the principal of RIL, that Mr. Moore, the CEO/COO of defendant Good Vibrations, LLC ("GVE"), had the ability to procure COVID-19 vaccines for RIL so that the vaccines could be used in Barbados. [FAC ¶¶29-30]

Mr. Moore then provided to Maloney a sale and purchase agreement for RIL's purchase of such vaccines, along with an escrow and paymaster agreement. The paymaster agreement identified defendant Charles Stein as the paymaster, i.e. an agent who would hold the funds of the contracting parties and disburse them pursuant to their instructions. [FAC ¶31, FN1, Exhibit 2 thereto ("Sale and Purchase Agreement"& Exhibit 5 ("Escrow and Paymaster Agreement")] The terms of the purchase agreement include, (1) the purchase price is $10.2 million and commission to be paid to Good Vibrations is $2 million; [FAC ¶¶33-34] (2) upon signing the agreement, RIL is to deposit $12.2 million into Mr. Stein's bank account, i.e. an escrow account; [FAC ¶35] (3) Moore is to provide an invoice for the manufacturer of the vaccines (AstraZeneca) and information for the AstraZeneca account into which the purchase price is to be paid; (4) upon receipt of the details of the AstraZeneca account, RIL would authorize the release of $10.2 million to AstraZeneca or an intermediary; (5) thereafter, a dossier for the vaccines, followed by the actual vaccines were to be provided; when delivery of the vaccines was complete, Good Vibrations was to be paid commission. [FAC ¶¶35-38] The "Escrow and Paymaster Agreement" sets forth the responsibilities of the paymaster, Mr. Stein, namely that he, "… shall only release Escrow Funds from the IOLTA Account to Astra Zeneca upon receipt of a fully executed Irrevocable Pay Order in the form set forth in Exhibit A and signed by the Buyer and to the Seller upon

///

receipt of a fully executed Irrevocable Pay Order in the form set forth in Exhibit B and signed by the Seller and Buyer [sic]." [FAC ¶38, Ex. 5, ¶3 therein]

RIL signed documentation authorizing the release of the purchase price of $10.2 million, as part of the escrow agreement. [FAC ¶42, Exhibit 5, Exhibit A thereto ("Irrevocable Pay Order")] Mr. Stein disbursed from the escrow account $2 million to defendant Prestige Pegasus, LLC on April 27, 2021; $2.2 million to GVE on April 27, 2021; $2 million to GVE on May 3, 2021; and $485,000 to RDS, a freight company, on May 3, 2021. [FAC ¶¶44-47] According to RIL, these payments were made in contravention of the escrow agreement. [FAC ¶48] RIL's corporate thatcounsel, Olivia Watson, discussed these payments with Mr. Stein, including whether they were made consistent with the terms of the escrow agreement. Ms. Watson maintained that Stein had violated the terms of the escrow agreement, while Stein, on the other hand, maintained that the agreement had been changed and he had, in fact, followed its terms. [FAC ¶¶ 53-54 & 65-67] Watson and Stein exchanged correspondence setting forth their respective positions on the interpretation of this agreement. [FAC ¶¶ 65-67; Ex. 11 (Watson's Letter to Stein) & Ex. 12 (Stein's E-Mail to Watson)]

RIL and Charles Stein ultimately entered into a settlement agreement whereby Stein would return the funds which remained in the escrow account (approximately $5.4 million) to RIL, and RIL would release him and his law firm from:

> "…*any and all claims and causes of action, known and unknown, from any and all claims and causes of action that may exist between them including but not limited to any rights arising out of breach of contract, express or implied, any covenant of good faith and fair dealing express or implied, or any tort*, which each party at any time may have, own or hold, or claim to have, own or hold against each other …" [FAC ¶¶78-80, Ex. 21, page 2, ¶3]

/ / /

3
**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**

| 1 | Stein thereafter returned funds of approximately $5.4 million to RIL. [FAC ¶80] However, GVE and Mr. Moore, as well as Ms. Coley, have not returned the funds which they received, leaving approximately $6.7 million in arrears. [FAC ¶ 82] Hence, RIL filed this lawsuit. Notwithstanding its settlement agreement, RIL alleges causes of action against Charles Stein and Davidovich Stein Law Group for civil conspiracy, negligence, and fraud. [FAC, Counts Three, Twelve, Thirteen, Twenty-Eight, and Twenty-Nine] |

### III. LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings tests the legal sufficiency of the complaint and is "functionally identical" to a motion to dismiss under F.R.C.P 12(b)(6). (*Ross v. U.S. Bank Nat.'l Assn.* (N.D. Cal 2008) 542 F. Supp. 2d 1014, 1023) Therefore, like a motion to dismiss, a motion for judgment on the pleadings is proper when the complaint sets forth facts that on their face disclose an absolute defense or bar to recovery. (*Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F3d. 778, 783, fn1)

A motion for judgment on the pleadings is brought after an answer has been filed. (*Whitson v. Bumbo* (N.D. Cal. 2009) 2009 U.S. Dist. Lexis 32282, 10) On such a motion, "… Even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law" if the complaint does not state a cause of action. (*Fleming v. Pickard* (9th Cir. 2009) 581 F. 3d. 922, 925) To survive a 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a plausible claim on its face. (*Corder v. Lewis Palmer School Dist. No. 38* (10th Cir. 2009) 566 F. 3d 1219, 1223-1224)

/ / /

/ / /

/ / /

## IV. PROCEDURAL POSTURE

Plaintiff RIL filed its first amended complaint on September 29, 2021 in Case No. 9:21-cv-81761-Cannon/Reinhart in the U.S. District Court, Southern District of Floria. [Request for Judicial Notice ("RJN") Ex. A] On January 10, 2021, the Stein Defendants filed a motion to quash service summons and dismiss first amended complaint for lack of personal jurisdiction, with a request for transfer to the Central District of California, pursuant to *28 U.S.C. §1404*. [RJN, Ex. B]

After briefing and a hearing, on April 26, 2022, this Court, the Honorable Aileen M. Cannon, Southern District of Florida, issued an order granting the Stein Defendants' transfer request. In so doing, the Court grounded its decision in the forum selection clause within the settlement agreement between RIL and the Stein Defendants, finding, "Plaintiff and the Stein Defendants agreed to make Los Angeles County their exclusive forum. They formalized that agreement in a written contract. The law respects that decision." [RJN, Ex. C. page 5, lines 11-13] Furthermore, the Court found it proper to transfer the entire action to the Central District of California. [RJN, Ex. C, page 6, line 6]

On April 29, 2022, this Court issued a new case order, establishing this case in the Central District of California. [Dkt. #67] Thereafter, on May 17, 2022, the Stein Defendants filed their answer before this Court. [Dkt. #77]

## V. ARGUMENT

### 1. The Settlement Agreement Between Plaintiff and The Stein Defendants Bars This Lawsuit.

Plaintiff RIL sues the Stein Defendants for alleged misdeeds in serving as the escrow agent for the purchase and sale transaction between GVE and RIL, by which RIL would purchase vaccines through GVE. Stein's role was to disburse funds held in escrow in accordance with the instructions of the parties. When RIL questioned the manner in which Mr. Stein had disbursed these funds, the issue was discussed between Mr. Stein and legal counsel for RIL; correspondence was exchanged

regarding their differing interpretations of the escrow agreement and whether its terms had been changed.

After this dialogue between Mr. Stein and counsel for RIL, a settlement agreement was entered into between Mr. Stein and RIL. This agreement is referenced in the first amended complaint and attached thereto as an exhibit. [FAC ¶¶78-81, Ex. 21] The settlement agreement encompasses the claims alleged in plaintiffs' first amended complaint against the Stein Defendant. It recites the background of the sale and purchase agreement between RIL and GVE, as well as that of the "Escrow and Paymaster Agreement dated as of April 16, 2021 with Stein acting as the Escrow Agent". [FAC, Ex. 21, page 1] Furthermore, the agreement explains that Mr. Stein disbursed funds out of his escrow account to "… Alex Moore, GVE, Prestige Brands/Moniladai Cooley and RDS (the "IOLTA Recipients") [FAC, Ex. 21, page 1]

The settlement agreement provides a release in favor of Mr. Stein and Davidovich Stein Law Group; It states, in part, that RIL,

> "… *releases, acquits and forever discharges Stein, Davidovich Stein Law Group, LLP, their parents, subsidiaries and affiliated corporations … of any from any and all claims and causes of actions, known or unknown, from any and all claims and causes of action that may exist between them including but not limited to any rights arising out of breach of contract, express or implied, any covenant of good faith and fair dealing, express or implied, or any tort…* " [FAC, Ex. 21, page 2, ¶3(a)](emphasis added)

The agreement further states, "The Parties fully understand that in making a a final and binding agreement at this time, they *assume the risk of the existence of unknown injuries and the risk of future injuries arising from the Escrow Agreement*." [FAC, Ex. 21, page 2, ¶3(a)](emphasis added) This is confirmed by RIL's express waiver of any rights in its favor under California *Civil Code §1542*; in this regard, paragraph 3(b) states, "Radical intends for this Release to serve as a full and final accord and satisfaction and release as to all claims as to Stein. In

6
**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**

furtherance of this intention, and as further consideration for this Release, Radical expressly waive [sic] and relinquish [sic] all rights under Section 1542 of the California Civil Code as to Stein …" [FAC, Ex. 21, page 2, ¶3(b)]

The first amended complaint asserts tort causes of action, i.e. fraud and negligence, against the Stein Defendants, based on Mr. Stein disbursing funds from the escrow account to the co-defendants, allegedly in contravention of his obligations as the escrow agent. [FAC, Count XII (¶¶263-273); Count XIII (¶¶276-286); Count XXVIII (¶¶379-383); & Count XXIX (¶¶385-389)] The amended complaint includes allegations of a civil conspiracy between Mr. Stein and the co-defendants. [FAC, Count III (¶¶121-152)] All of these claims are squarely within the scope of the release which RIL entered into with Mr. Stein and his law firm in their settlement agreement, Exhibit 21 to the first amended complaint. Accordingly, this lawsuit is barred as to the Stein Defendants.

The Court (The Honorable Aileen M. Cannon, Southern District of Florida) has already honored the settlement agreement between plaintiff and the Stein Defendants, by granting the Stein Defendants' transfer request, based on the forum selection clause in this agreement [RJN, Ex. C page 5, lines 11-13], and this Court should also honor it, by enforcing the release therein of the Stein Defendants. Potential litigants should be able to resolve their disputes through dialogue and written agreements; Such is the case here and thus, the Stein Defendants urge the Court to relieve them of the burden of this lawsuit.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION

In light of the foregoing, defendants Charles Z. Stein and Davidovich Stein Law Group, LLP respectfully request that this motion for judgment on the pleadings be granted and that they be dismissed with prejudice from this action.

DATED: June 2, 2022      **ZELMS ELRICH & MACK**

By: _____
Rinat Klier Erlich
Brian T. Smith
Attorneys for Defendants
CHARLES Z. STEIN, ESQ. a/k/a
CHARLIE STEIN and DAVIDOVICH
STEIN LAW GROUP, LLP

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On June 2, 2022, I served True copies of the following document(s) described as **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO** on the interested parties in this action.

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 2, 2022 at Woodland Hills, California.

*/s/ Rosa E. Rojas*

Rosa E. Rojas

9

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**

SERVICE LIST
Radical Investment Ltd v. Good Vibrations, et al.
Case No.: 2:22-cv-02752-SVW-AFM

| | |
|---|---|
| Gerardo A. Vazquez, Esq.<br>gv@gvazquez.com<br>RalphR. Longo, IV, Esq.<br>rl@gvazquez.com<br>Steven B. Herzberg, Esq.<br>sh@gvazquez.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. | Maurice David Pessah, Esq.<br>Maurice@Pessahgrou.com<br>Jsunshine@pessahgroup.com<br>sbenson@pessahgroup.com<br>vusov@pessahgroup.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. |
| John D. Shwalb, Esq.<br>john@jdschwalb.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | Ronald Jay Cohen, Esq.<br>Ecf.rcohen@rprslaw.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC |
| Michael Stoller, Esq.<br>michael.stoller@stollerlawgroup.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | |

**NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**