GERARDO A. VAZQUEZ (admitted *Pro Hac Vice*)
*gv@gvazquez.com*
RALPH R. LONGO, IV (admitted *Pro Hac Vice*)
*rl@gvazquez.com*
STEVEN B. HERZBERG (admitted *Pro Hac Vice*)
*sh@gvazquez.com*
**VAZQUEZ & ASSOCIATES, P.A.**
1111 Brickell Ave., Suite 1550
Miami, Florida 33131
Tel. (305) 371-8064

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
**PESSAH LAW GROUP, PC**
9100 Wilshire Blvd., Suite 850E
Beverly Hills, CA 90212
Tel. (310) 772-2261

Attorneys for Plaintiff,
RADICAL INVESTMENTS LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al.,<br><br><br>        Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>*Honorable Stephen V. Wilson*<br><br>**PLAINTIFF RADICAL INVESTMENTS LTD.'S OPPOSITION TO THE STEIN DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c) & MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO** |

1

COMES NOW, the Plaintiff, Radical Investments Ltd., ("Plaintiff", "RIL")  by and through the undersigned counsel, and files its Opposition to Defendants Charles Z. Stein, Esq. and the Davidovich Stein Law Group ("Stein Defendants") Motion for Judgment on the Pleadings Pursuant to FRCP 12(c)(DE #92)(the "Motion"), and states as follows:

## I. INTRODUCTION

In their Motion for Judgment on the Pleadings, the Stein Defendants are attempting to take their proverbial second bite of the apple after the Southern District of Florida previously denied their Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Quash Service. *See* Order denying Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Quash Service attached hereto as **Exhibit A**.

Despite Plaintiff's well-plead allegations, which are extraordinarily detailed in Plaintiff's Complaint and substantiated by the exhibits attached thereto, the Stein Defendants are asking this Court to dismiss Plaintiff's well-plead claims against Defendants Charles Z. Stein, Esq. and his law firm, the Davidovich Stein Law Group. Stein Defendants, in their motion, fail to articulate *any* standard of review. Instead, Stein Defendants try to argue the motion under and a variety of amorphous standards, many of which are not as exacting as those required under FRCP 12(c). For example, Stein Defendants argue without support that Plaintiff's claims are unequivocally barred by a Settlement Agreement and Release ("Release") between the parties. Curiously, the Stein Defendants selectively quote sections of the release language by conveniently not including the first five words of the sentence – specifically "3. Release. a. Subject to compliance with Article 2,…" Despite RIL's well-pled allegations, which articulate in great detail how the Stein Defendants have failed to comply with the provisions of Article 2 of the Release, along with additional disputed factual issues which are yet to be resolved, the Stein Defendants capriciously contend in their Motion that the Plaintiff has failed to state a plausible claim and that the Plaintiff is barred from recovery.

2

However, the Stein Defendant's Motion clearly fails to state, if RIL's allegations are taken as true and viewed in the light most favorable to RIL, how the Plaintiffs could possibly have failed to state a claim upon which relief could be granted.

## II. APPLICABLE PLEADING STANDARD

The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.,* 132 F.3d 526, 529 (9th Cir.1997). In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir.1994).

In addition, FED. R. CIV. P. **12(c)** must be read in conjunction with FED. R. CIV. P. 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Dismissal under FED. R. CIV. P. **12(c)** is proper only if there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988); *United States v. Real Prop. Located at 9832 Richeon Ave., Downey, CA.,* 234 F.Supp.2d 1136, 1137 (C.D. Cal. 2002).)

A court should grant a motion for judgment on the pleadings only when the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999). In order to be legally sufficient, and thus to defeat a Motion for Judgment on the Pleadings, a complaint must provide a short and plain statement that provides the defendant with notice of the claim being asserted, and supply enough factual matter, taken as true, to suggest a violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). The Supreme Court explained in *Twombly* that a complaint is "not require[d] [to include] heightened fact

1  pleading of specifics, but only enough facts to state a claim to relief that is plausible
2  on its face." *Id*. at 570.

3  **III. CALIFORNIA LAW RECOGNIZES CONDITIONS PRECEDENT IN**
4  **RELEASES**

5  In California, the interpretation of a release agreement is governed by the same
6  principles applicable to any other contractual agreement. *Winet v. Price,* 4 Cal. App.
7  4th 1159, 1165 (1992). Essentially, a release is a contract, and the parties are free to
8  negotiate and bargain for the various terms and conditions contained within the
9  release, which would include a condition precedent.

10  This same principle can be found in the Second Restatement of Contracts §284,
11  which describes the general rule as follows: A release of obligations can take effect
12  immediately or on the occurrence of a condition. Restatement (Second) of Contracts §
13  284 (1) (1981).  In states that follow this rule, the parties can execute and deliver a
14  release and condition the effectiveness of the release on the satisfaction of an
15  obligation. Given that releases are creatures of contract and are subject to contractual
16  law principles, under California law, the parties to a release may condition the
17  effectiveness of the release on the satisfaction of an obligation. *Johnson v. Pickwick*
18  *Stages Sys.* 108 Cal. App. 279, 284 (1930). Thus, it is clear that under California law,
19  a release may contain conditions precedent, with the release being contingent upon
20  the fulfillment of those conditions, as was the case here, and as will be detailed
21  further below.

22  **IV.   ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

23  **A. Plaintiff's First Amended Complaint contains well-pled allegations**
24  **that the Stein Defendants did not perform the conditions precedent**
     **to being released.**

25  The Stein Defendants are asking this Court to dismiss the counts plead against
26  them in Plaintiff's First Amended Complaint with prejudice. Defendants Motion is
27  makes reference to and is largely centered around a Release between RIL and the
28  Stein Defendants. *See* Release attached as **Exhibit B**. The Stein Defendants assert in

4

their Motion that the Plaintiff, in consideration of the return of Plaintiff's own funds, agreed to fully release Defendant Stein and his law firm. The Stein Defendants further assert that the language of this release bars RIL from pursuing them. However, the Stein Defendants Motion grossly mischaracterized the terms of the release, in that their Motion entirely fails to mention that the language of the release plainly on its face contains certain and specific conditions precedent, which RIL has clearly alleged in have not been performed by Stein. More specifically, with respect to the release being contingent upon Stein performing certain acts, Article 3 of the release states as follows:

> **Subject to compliance with Article 2,** Radical hereby, releases, acquits and forever discharges Stein, Davidovich Stein Law Group, LLP, their parents, subsidiaries and affiliated corporations, and their respective successors, assignees, representatives, agents, shareholders, officers, directors, executives, members, attorneys, and employees, both current and former (collectively, the "Releasees") of and from any and all claims and causes of actions, unknown and unknown, from any and all claims and causes of actions that may exist between them including but not limited to any rights arising out of breach of contract, express or implied, any covenant of good faith and fair dealing, express or implied, or any tort, which each party at any time may have, own or hold, or claim to have, own or hold against each other. *See* **Exhibit B** at ¶ 3 (emphasis added).

Thus, from a plain reading of the release, it is clear that the Stein Defendants could only be released if the fulfilled and complied with the terms of Article 2 of the Release. With respect to these terms, Article 2 of the release contained the following provisions:

> a.  Stein shall wire the balance of the funds in the IOLTA Account relating to the Transaction, being $5,474,830 to Radical within one (1) business day of mutual execution of this Release.
> b.  Stein shall use his best endeavours to pursue the IOLTA Recipients and all persons to whom funds were disbursed to out of the IOLTA Account in order to procure the return of all sums previously paid out in connection with the Transaction.

5

c. Stein shall provide to Radical such assistance as may be requested by Radical to allow Radical to pursue the IOLTA Recipients and all parties to whom sums were paid by Stein out of the IOLTA Account in connection with the Transaction.

d. Stein shall provide such correspondence, documentation or other communication related to requests for disbursements out of the IOLTA Account or otherwise related to the Transaction together with evidence of all payments made, as Radical may request.

e. Stein shall forthwith pay to Radical any sums which are returned to Stein/the IOLTA Account in respect of any repayment of sums previously disbursed by Stein out of the IOLTA Account to the IOLTA Recipients or otherwise in respect of the Transaction.

f. Other than those **obligations** set forth hereinabove, Stein shall have no further obligations as set forth in the Escrow Agreement.

g. Any action arising under this Release must be commenced within one (1) year after the cause of action accrues. *Id.* (**emphasis added**). *See* Exhibit B at ¶ 2.

It must be noted in section f. above that these were specifically termed "obligations" that the Stein Defendants had to perform. They were not optional items. The Stein Defendants were saddled with a number of conditions precedent as described above and in Plaintiff's First Amended Complaint which needed to be fulfilled in order to obtain Stein and his firm's release. Once again, this release in favor of Stein was with respect to the return of RIL's own funds, to which it is undisputed that RIL was entitled to be returned without the necessity of a release. The only reason why Plaintiff agreed to release the Stein Defendants was because Stein had refused to return to RIL its own funds without a release. RIL feared there could be further misappropriations and was only agreeing to release the Stein Defendants if they helped RIL retrieve the funds which Stein had wrongfully wired to his co-Defendants. Stein was not being released merely for returning RIL's funds, he was obligated to use his *best endeavors* to pursue his co-Defendants and to assist RIL with a return of its funds, which he absolutely has not done up to this point, as has been clearly alleged by Plaintiff. Plaintiff stated in its First Amended Complaint that from the terms from the list above, that:

6

a.  Stein failed to wire back Plaintiff's funds within one business day of mutual execution of the Release;

b.  Stein failed to use his best endeavors to pursue the IOLTA recipients (his co-Defendants and other third-parties) and all persons to whom funds were disbursed to out of Stein's IOLTA account in order to procure the return of all sums previously paid out in connection with the transaction;

c.  Stein failed to provide to RIL such assistance as may be requested by RIL to allow RIL to pursue the IOLTA recipients and all parties to whom sums were paid by Stein out of his IOLTA account;

d.  Stein failed to provide correspondence, documentation, or other communication related to requests for the disbursements out of the IOLTA account or otherwise related to the transaction together with evidence of all payments made, as RIL may request; and,

e.  Stein failed to pay to RIL any sums which are returned to Stein/the IOLTA Account in respect of any repayment of sums previously disbursed by Stein out of the IOLTA Account to the IOLTA recipients or otherwise in respect of the Transaction. *See* Plaintiff's First Amended Complaint at ¶ 79.

In ¶80 of Plaintiff's First Amended Complaint, Plaintiffs alleged that:

"Stein was supposed to transmit the remainder of the funds held in trust back to RIL within a day of full execution of the release, which occurred on July 12, 2021. Stein did not do so, returning the funds over two weeks later on July 28, 2021, in express violation of the "Settlement Terms" of the Release. *Further, Stein has done absolutely nothing in his power to assist RIL with pursuing his co-Defendants, nor has he been forthcoming with providing correspondence and communications he had with his co-Defendants related to the disbursement of monies as described herein. Simply put, Stein has done nothing whatsoever to aid RIL in the recovery of the monies that Stein so grossly misappropriated." Id.* (emphasis added).

If, as is required by law, this Court takes Plaintiff's allegations contained in its Complaint and listed above as true and views the same in the light most favorable to Plaintiff, then there is simply no plausible way that this case can be resolved as to the Stein Defendants at the pleading stage. The Stein Defendants contend that Stein and his firm should be barred from suit; RIL contends that the Stein Defendants have

7

failed to fulfill certain conditions precedent that were required in order for Stein to be released. The Stein Defendants Motion conveniently ignores the various allegations in Plaintiff's First Amended Complaint referenced in this Opposition. Once again, it is crystal clear that Plaintiff is alleging that Stein did not perform these actions which were a condition precedent to the Release which the Stein Defendants Motion hinges on completely. These are in all respects issues of fact.

Thus, because the Stein Defendant's Motion raised a number of disputed factual issues that both require additional discovery which must be left to the finder of fact to determine their veracity, a judgment on the pleadings, for either party, would be thoroughly inappropriate. If this Court takes Plaintiff's allegations as true and views them in a light most favorable to the Plaintiff, then this Court must deny the Stein Defendant's Motion for Judgment on the Pleadings.

**B. Plaintiff's First Amended Complaint alleges that the Stein Defendants wrongfully attempted to release themselves of their own fraud which is against California law**

Defendant's Motion refers to allegations of fraud pled against the Stein Defendants in Plaintiff's First Amended Complaint. With respect to these allegations, Plaintiff pled as follows:

> The aforementioned release in favor of Stein states that the release shall be interpreted and enforced under the laws of the State of California. California has very stringent laws designed to protect the public and businesses from unfair, deceptive, or fraudulent business practices. California Civil Code § 1668, reads: All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law. *See* Cal. Civ. Code. § 1668. Stein's release is exactly what this statute contemplates; *to wit,* a party attempting to contract his way out of his own fraud and violations of law. Stein's attempt to obtain a release for his actions is improper under California law. This is coupled with the objective fact that Stein did not comply with the explicit terms of the release, violating its provisions and thereby rendering the release invalid. *See* First Amended Complaint at ¶81.

8

While the Stein Defendants undoubtedly disagree with Plaintiff's interpretation of the statute above, it cannot be denied that it is well pled within Plaintiff's First Amended Complaint. Because the Stein Defendants and their counsel disagree with whether or not Mr. Stein is legally able to release himself of his own fraud and wrongdoings is not a valid legal reason why this case should be dismissed. Whether or not Stein's attempt to retain a release for his fraudulent activity is improper under California law and is not an issue which can be resolved at the pleading stage. Thus, this case must proceed past the pleadings, and the Stein Defendant's Motion for Judgment on the Pleadings should be denied.

**C. Judgment on the Pleadings is inappropriate because the Stein Defendants' Motion raises a number of disputed factual issues that require additional discovery.**

The Stein Defendants Motion hangs solely on the Stein Defendants belief that they must be dismissed from this action because Mr. Stein signed a release with the Plaintiff. However, the Plaintiff in its First Amended Complaint has alleged that the conditions precedent set forth in the Release were not adhered to, rendering the Release invalid and unenforceable. Plaintiff has alleged that Stein failed to diligently pursue the beneficiaries of his illicit wire transfers, failed to help RIL by providing all of the documents and communications in his and his firm's possession related to the transaction, and that he generally has failed to assist RIL in any meaningful with respect to obtaining the funds which Stein himself so grossly misappropriated. Even further still, Plaintiff has alleged that Stein's release is invalid on its face because it is an attempt by Stein to release himself and his law firm from his own fraud and wrongdoing, which Plaintiff contends is impermissible under California law.

Plaintiff's allegations contained within its First Amended Complaint leave no doubt whatsoever that factual issues persist and that this case cannot and should not and cannot be resolved on the pleadings. Thus, this Court should deny Defendants' Motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D. Assuming, Arguendo, That This Court Grants the Motion, Plaintiffs Must Nevertheless Be Given Leave to Amend to Correct any Technical Deficiencies.

When deciding a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), the court may grant the non-moving party leave to amend. The court may also dismiss causes of action rather than granting judgment. (*Lonberg v. City of Riverside,* 300 F.Supp.2d 942, 945 (C.D. Cal. 2004) citing *Carmen v. San Francisco Unified Sch. Dist.,* 982 F.Supp. 1396, 1401 (N.D. Cal. 1997), *Moran v. Peralta Cmty. Coll. Dist.,* 825 F.Supp. 891, 893 (N.D. Cal. 1993).)

In addition, FED. R. CIV. P. 12(c) must be read in conjunction with FED. R. CIV. P. 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Dismissal under FED R CIV P 12(c) is proper only if there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988); *United States v. Real Prop. Located at 9832 Richeon Ave., Downey, CA.,* 234 F.Supp.2d 1136, 1137 (C.D. Cal. 2002).)

Thus, should this Court be inclined to grant the Stein Defendants Motion, Plaintiff would ask this Court to allow Plaintiff Leave to Amend its Amended Complaint.

Dated: June 21, 2022          Respectfully Submitted,

                              **VAZQUEZ & ASSOCIATES, P.A.**

                              By: */s/ Gerardo A. Vazquez, Esq.*
                                Gerardo Vazquez, Esq.
                                Ralph R. Longo IV, Esq.
                                Steven B. Herzberg, Esq.
                                Attorneys for Plaintiff,
                                RADICAL INVESTMENTS LTD.

10