# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81761-CIV-CANNON/Reinhart

**RADICAL INVESTMENTS LTD.**,

    Plaintiff,
v.

**GOOD VIBRATIONS
ENTERTAINMENT, LLC, et al.**,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE STEIN DEFENDANTS' MOTION AND TRANSFERRING CASE

**THIS CAUSE** comes before the Court upon Defendants Charles Z. Stein and Davidovich Stein Law Group, LLC's Motion to Quash Service of Summons and Dismiss First Amended Complaint for Lack of Personal Jurisdiction (the "Motion") [ECF No. 29], filed on January 10, 2022. The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 33], the Reply [ECF No. 38], and the full record, and held a hearing on the Motion on April 22, 2022 [ECF No. 56]. Following review, the Motion [ECF No. 29] is **GRANTED IN PART AND DENIED IN PART**, and this action is **TRANSFERRED** to the United States District Court for the Central District of California.

### BACKGROUND

Plaintiff Radical Investments LTD is a foreign company that was authorized to procure COVID-19 vaccines for the country of Barbados [ECF No. 13 ¶¶ 1, 30]. To that end, Plaintiff advanced approximately $12.2 million in a seemingly legitimate transaction, expecting those funds to cover the purchase and delivery of one million AstraZeneca vaccines [ECF No. 13 ¶¶ 26, 35].

As alleged, those vaccines never came. After only $5.4 million was returned to Plaintiff, it filed this suit to recover the outstanding amount [ECF No. 13 ¶ 82].

The instant Motion is brought by Defendants Charles Z. Stein and Davidovich Stein Law Group, LLC (the "Stein Defendants"). The Stein Defendants are citizens of California who were retained to serve as the "Paymaster" in charge of distributing to the vaccine suppliers the $12.2 million that Plaintiff deposited into an escrow account [ECF No. 13 ¶¶ 7–8, 43; ECF No. 13-1 pp. 25–32]. Plaintiff alleges that the Stein Defendants were part of an "elaborate scam" and distributed the funds to their coconspirators without any intent for Plaintiff to receive the contemplated vaccines [ECF No. 13 ¶¶ 18–19, 26, 43–48]. On July 9, 2021, prior to the start of this lawsuit, Plaintiff entered into a settlement agreement with the Stein Defendants, releasing all of its claims against them [ECF No. 13-1 pp. 98–100 (the "Release Agreement")]. That Agreement required the Stein Defendants to wire the leftover balance in the escrow account to Plaintiff and to assist Plaintiff in recovering the remaining outstanding amount [ECF No. 13-1 pp. 98–99]. The Agreement also contains a forum selection provision that states: "[t]he sole venue for adjudication of any dispute or claim arising out of or related to the matters set forth above and/or this Release shall be in a court or competent jurisdiction located within Los Angeles County" [ECF No. 13-1 p. 100]. Dissatisfied with its unsuccessful recovery attempts, Plaintiff initiated this action on September 17, 2021, naming as Defendants Charles Z. Stein and Davidovich Stein Law Group, LLC [ECF Nos. 1, 13].

Plaintiff also has named as Defendants Moniladae Coley, Prestige Pegasus LLC, Alex Moore, and Good Vibrations Entertainment LLC—the Stein Defendants' alleged coconspirators [ECF Nos. 1, 13]. Coley and Prestige Pegasus LLC have failed to appear in this action and are subject to a Clerk's Default [ECF No. 39]. Moore and Good Vibrations Entertainment LLC filed an Answer and Counter/Cross Complaint [ECF No. 36]. The Stein Defendants are the only

Defendants who are parties to the Release Agreement containing the forum selection clause at issue.

In the instant Motion, the Stein Defendants claim that this Court has no personal jurisdiction over them, and that, in any event, the Release Agreement requires Plaintiff to bring its claims against them in Los Angeles County [ECF No. 29]. Plaintiff maintains that personal jurisdiction exists as to the Stein Defendants based on their contacts with Florida pursuant to an alleged conspiracy to defraud Plaintiff [ECF No. 33 pp. 3–15]. And Plaintiff asks the Court to disregard the Release Agreement because, among other reasons, Plaintiff allegedly entered it under duress [ECF No. 33 pp. 16–18].

The Motion is ripe for adjudication.

## LEGAL STANDARD

The federal statute governing change of venue states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). In weighing the factors to transfer venue under Section 1404(a), the court should consider a choice of forum clause "a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Thus, while other factors might 'conceivably' militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989). "The burden is on the party opposing the enforcement of the forum selection

3

clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute. *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *In re Ricoh Corp.*, 870 F.2d at 573).

## DISCUSSION

The Court agrees with the Stein Defendant that the plain terms of the parties' forum selection clause warrant transfer to the Central District of California. It is undisputed that Plaintiff's claims against the Stein Defendants in this action are "related to the matters set forth [in the Release Agreement]" and thus are covered by the parties' forum selection clause [ECF No. 13-1 p. 100]. That clause selects Los Angeles County as the "sole venue for adjudication" [ECF No. 13-1 p. 100].[1] Accordingly, the broad language of the Release Agreement indicates that Plaintiff's claims against the Stein Defendants should be adjudicated in a court of competent jurisdiction in Los Angeles County.

To resist this plain reading, Plaintiff argues that the forum selection clause speaks only in terms of "venue," and does not establish exclusivity of "jurisdiction." The Court is not persuaded. The broad language of the Release Agreement clearly establishes Los Angeles County as the "sole venue for adjudication of any dispute or claim arising out of or related to the matters set forth [in the Settlement Agreement]," and the Southern District of Florida does not encompass Los Angeles County [ECF No. 13-1 p. 100]. Thus, this Court is not an appropriate forum under the terms of the parties' contract.

Plaintiff also argues that it is not bound by the forum selection clause because it entered the Release Agreement under duress, and, moreover, because the Stein Defendants allegedly breached the Release Agreement's terms before Plaintiff filed suit [ECF No. 33 pp. 16–17]. Those

---

[1] Los Angeles County—the forum selected by the Release Agreement—falls entirely within the Central District of California.

Case 9:21-cv-81761-AMC Document 57 Entered on FLSD Docket 04/26/2022 Page 5 of 6

allegations can be tested in the Central District of California and, as presented, do not provide sufficient grounds to disregard the forum selection clause.

Aside from those direct attacks on the meaning and propriety of the forum selection clause, Plaintiff has offered only minimal argument as to the other factors relevant to a transfer decision [ECF No. 33 p. 15]. To the extent the Court is permitted to consult factors outside of the parties' bargained-for agreement, *see Atl. Marine Const. Co.*, 571 U.S. at 64, it has done so and finds no basis to disrupt the parties' preselected forum. Any inconvenience that arises from transferring Plaintiff's claims against the Stein Defendants to the Central District of California is undercut by the location and convenience of the Stein Defendants. More importantly, this action is not one of the "most unusual cases" in which it would be against the interest of justice to "hold[] parties to their bargain." *Id.* at 66. Plaintiff and the Stein Defendants agreed to make Los Angeles County their exclusive forum. They formalized that agreement in a written contract. The law respects that decision.

In giving effect to the forum selection clause at issue, the Court finds it appropriate to transfer the entire action to the Central District of California pursuant to 28 U.S.C. § 1404(a). When presented with a forum selection clause that applies to only some of the parties, courts should consider: (1) the language of the forum selection clauses, (2) the private and public interests relevant to the non-contracting parties, (3) threshold issues related to severance, and (4) which transfer decision most promotes efficiency while minimizing prejudice to non-contracting parties' private interests. *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 404 (3d Cir. 2017) (citing *In re Rolls Royce Corp.*, 775 F.3d 671, 674–83 (5th Cir. 2014)). The Court has considered all of those factors and finds that, on balance, they counsel in favor of transfer of the entire action. Plaintiff has not presented the Court with any compelling argument against transfer of its claims to the Central District of California. Moreover, at the hearing, the non-contracting parties (Defendants

5

Moore and Good Vibrations Entertainment LLC) indicated no resistance or legal objection to transfer of the full action. And it is clear that the interest of efficiency—both public and private—is promoted by transferring the entire action, since Plaintiff's claims against the different parties "likely revolve around similar evidence, witnesses, and legal questions." *Clausen v. Burns & Wilcox, LTD*, No. 19-CV-605-FTM-60NPM, 2020 WL 2425671, at *3 (M.D. Fla. May 12, 2020). Accordingly, transfer of the entire action is warranted.

## CONCLUSION

For the reasons discussed above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants Charles Z. Stein and Davidovich Stein Law Group, LLC's Motion to Quash Service of Summons and Dismiss First Amended Complaint for Lack of Personal Jurisdiction [ECF No. 29] is **GRANTED IN PART AND DENIED IN PART**.

    a. The Stein Defendants' transfer request is **GRANTED**.

    b. The Stein Defendants' motion to dismiss for lack of jurisdiction is **DENIED AS MOOT**.

    c. The Stein Defendants' motion to quash service of summons is **DENIED**.

2. Pursuant to 28 U.S.C. § 1404(a), the above-captioned matter, Case No. 21-81761-CIV-CANNON, shall be **TRANSFERRED** to the United States District Court for the Central District of California for all purposes, including trial.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 25th day of April 2022.

AILEEN M. CANNON  
UNITED STATES DISTRICT JUDGE

cc:  counsel of record