Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFMx<br><br>Hon. Stephen V. Wilson, Crtrm 10A<br><br>**NOTICE OF MOTION AND MOTION TO BIFURCATE SETTLEMENT AND RELEASE; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**<br><br>**Concurrently filed in support of motion:**<br>**Declaration of Brian T. Smith**<br>**[Proposed] Order**<br><br>**Concurrently filed trial documents:**<br>**Jury Instructions**<br>**Special Jury Instructions**<br>**Verdict Forms**<br><br>**DATE:   August 9, 2022 (trial date)**<br>**TIME:    9:00 a.m.**<br>**CRTRM:  10A**<br><br>*Pretrial Conference: July 25, 2022*<br>*Jury Trial:                August 9, 2022* |

1

**NOTICE OF MOTION AND MOTION TO BIFURCATE SETTLEMENT AND RELEASE; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**

**TO ALL PARTIES TO THE ABOVE-CAPTIONED ACTION AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 9, 2022 at 9 a.m. or as soon thereafter as the matter may be heard, in Courtroom 10A of the above-captioned Court, located at the First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012, Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP (hereinafter, collectively, "the Stein Defendants" or as named) will and hereby do move for an order bifurcating the trial on their affirmative defense 20, settlement and release, in their answer to plaintiff RADICAL INVESTMENTS, LTD, (hereinafter, collectively, "plaintiff " or "RIL")'s first amended complaint in the above-captioned action. This motion also requests that the Court specially set a briefing schedule on this motion so that it may be briefed and ruled upon before the trial in this action begins.

This motion is brought under Fed. R. Civ. P. 42(b) on the grounds that this affirmative defense, settlement and release, bars this lawsuit in its entirety as to the Stein Defendants. Trial of the application of the parties' settlement agreement should take place before trial on the causes of action for negligence, fraud, and civil conspiracy alleged against the Stein Defendants.

This motion will be based on this Notice, the attached Memorandum of Points and Authorities in support thereto, the Declaration of Brian T. Smith, the pleadings, records and files in this action, of which this Court is requested to take judicial notice, and upon such other and further oral and documentary evidence as may be presented at or before the hearing on this motion for judgment on the pleadings.

/ / /
/ / /
/ / /
/ / /

This motion is made following efforts by the undesigned counsel to meet and confer, as set forth in the concurrently filed Declaration of Brian T. Smith in support of motion to bifurcate settlement and release.

DATED: July 21, 2022                **ZELMS ERLICH & MACK**

By: _____
Rinat Klier Erlich
Brian T. Smith
Attorneys for Defendants
CHARLES Z. STEIN, ESQ. a/k/a
CHARLIE STEIN and DAVIDOVICH
STEIN LAW GROUP, LLP

## Table of Contents

I.   INTRODUCTION ................................................................................................... 1

II.   ALLEGATIONS OF THE FIRST AMENDED COMPLAINT............................... 1

III.   LEGAL STANDARD FOR BIFURCATION .......................................................... 4

V.   ARGUMENT ........................................................................................................... 4

    1.  Trial on the Application of the Settlement Agreement Should Take Place Before Trial on the Causes of Action Alleged……………………………………………………..…… 5

    2.  Bifurcation Is Necessary to Prevent Prejudice to the Stein Defendants.

    3.  Bifurcation Also Promotes Judicial Economy.

    4.  The Court Should Specially Set a Briefing Schedule on this Motion.

VI.   CONCLUSION ........................................................................................................ 8

i

**NOTICE OF MOTION AND MOTION TO BIFURCATE SETTLEMENT AND RELEASE;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**

# TABLE OF AUTHORITIES

*Zivkovic v. S. Cal. Edison Co.* 302 F. 3d. 1080, 1088 (9th Cir. 2002)................ 3

*Bishop v. Oregon* No. CIV 03-138, CO 2003, WL 24002320 (D. Or. Aug 21, 2003).........................................................................................................3

*Boone v. City of Los Angeles*, 322 Fed. App. 402, 403 (9th Cir. 2013) ...............3

*Estate of Shafer ex rel Shafer v. City of Elgin, Or* No. 2:12-CV-00407-SU, 2014 WL 1303095 (D. Or. March 2018) ....................................................................4

*Estate of Diaz v. City of Anaheim* 840 F.3d. 592, 603 (9TH Cir. 2016) ................4

*Miller v. City of Los Angeles*, 661 F. 3d 1024, 1030 (9th Cir. 2011) ...................4

*Fed. R. Civ. P 42 (b)* ...................................................................................4

**NOTICE OF MOTION AND MOTION TO BIFURCATE SETTLEMENT AND RELEASE; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The seller, Good Vibrations Entertainment ("GVE"), and buyer, Radical Investments, LLC ("RIL"), of vaccines for COVID-19 agreed with Charles Stein that he would serve as a paymaster (i.e. escrow agent) in their transaction. They agreed with Mr. Stein in a written escrow agreement that funds deposited into his bank account by RIL would be disbursed in accordance with their mutual instructions, as set forth in the escrow agreement. Mr. Stein disbursed the funds, in part, but RIL contended that he had done so in contravention of the terms of the escrow agreement. RIL demanded return of the funds which remained in the escrow account, while Stein maintained that he had properly disbursed the funds.

Ultimately, RIL and Mr. Stein entered into a settlement agreement and mutual release pursuant to which he returned to RIL the remaining funds in his account and RIL released him from any and all claims and causes of action against him related to the disbursements from his bank account. Notwithstanding this release, RIL now sues Mr. Stein for the very acts which are the subject of their settlement agreement.

The Stein Defendants move to have the trial of this matter, which is scheduled for August 9, 2022, separated into two phases. The first phase would exclude any evidence or argument regarding liability for the causes of action alleged against the Stein Defendants. In this phase, the fact-finder would only determine the application of the settlement agreement and mutual release to this case, i.e. whether it bars the first amended complaint as to the Stein Defendants. The second phase would only occur against the Stein Defendants if the fact-finder were to determine that the settlement agreement and mutual release does not bar this lawsuit against the Stein Defendants. Only in this phase would plaintiff introduce evidence or argument regarding liability for the causes of action against the Stein Defendants (i.e. negligence, fraud, and civil conspiracy).

/ / /

## II. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

RIL a St. Lucia Company, was introduced to defendant Alex Moore through a Cheryl Chamley, who resides in Florida and works in the PPE sector. [FAC ¶27] Ms. Chamley represented to Mark Maloney, the principal of RIL, that Mr. Moore, the CEO/COO of defendant GVE, had the ability to procure COVID-19 vaccines for RIL so that the vaccines could be used in Barbados. [FAC ¶¶29-30]

Mr. Moore then provided to Maloney a sale and purchase agreement for RIL's purchase of such vaccines, along with an escrow and paymaster agreement. The paymaster agreement identified defendant Charles Stein as the paymaster, i.e. an agent who would hold the funds of the contracting parties and disburse them pursuant to their instructions. [FAC ¶31, FN1, Exhibit 2 thereto ("Sale and Purchase Agreement"& Exhibit 5 ("Escrow and Paymaster Agreement")] The terms of the purchase agreement include, (1) the purchase price is $10.2 million and commission to be paid to Good Vibrations is $2 million; [FAC ¶¶33-34] (2) upon signing the agreement, RIL is to deposit $12.2 million into Mr. Stein's bank account, i.e. an escrow account; [FAC ¶35] (3) Moore is to provide an invoice for the manufacturer of the vaccines (AstraZeneca) and information for the AstraZeneca account into which the purchase price is to be paid; (4) upon receipt of the details of the AstraZeneca account, RIL would authorize the release of $10.2 million to AstraZeneca or an intermediary; (5) thereafter, a dossier for the vaccines, followed by the actual vaccines were to be provided; when delivery of the vaccines was complete, Good Vibrations was to be paid commission. [FAC ¶¶35-38]  The "Escrow and Paymaster Agreement" sets forth the responsibilities of the paymaster, Mr. Stein, namely that he, "… shall only release Escrow Funds from the IOLTA Account to Astra Zeneca upon receipt of a fully executed Irrevocable Pay Order in the form set forth in Exhibit A and signed by the Buyer and to the Seller upon receipt of a fully executed Irrevocable Pay Order in the form set forth in Exhibit B and signed by the Seller and Buyer [sic]."  [FAC ¶38, Ex. 5, ¶3 therein]

RIL signed documentation authorizing the release of the purchase price of $10.2 million, as part of the escrow agreement. [FAC ¶42, Exhibit 5, Exhibit A thereto ("Irrevocable Pay Order")] Mr. Stein disbursed from the escrow account $2 million to defendant Prestige Pegasus, LLC on April 27, 2021; $2.2 million to GVE on April 27, 2021; $2 million to GVE on May 3, 2021; and $485,000 to RDS, a freight company, on May 3, 2021. [FAC ¶¶44-47] According to RIL, these payments were made in contravention of the escrow agreement. [FAC ¶48] RIL's corporate counsel, Olivia Watson, discussed these payments with Mr. Stein, including whether they were made consistent with the terms of the escrow agreement. Ms. Watson maintained that Stein had violated the terms of the escrow agreement, while Stein, on the other hand, maintained that the agreement had been changed and he had, in fact, followed its terms. [FAC ¶¶ 53-54 & 65-67] Watson and Stein exchanged correspondence setting forth their respective positions on the interpretation of this agreement. [FAC ¶¶ 65-67; Ex. 11 (Watson's Letter to Stein) & Ex. 12 (Stein's E-Mail to Watson)]

RIL and Charles Stein ultimately entered into a settlement agreement whereby Stein would return the funds which remained in the escrow account (approximately $5.4 million) to RIL, and RIL would release him and his law firm from:

> "…any and all claims and causes of action, known and unknown, from any and all claims and causes of action that may exist between them including but not limited to any rights arising out of breach of contract, express or implied, any covenant of good faith and fair dealing express or implied, or any tort, which each party at any time may have, own or hold, or claim to have, own or hold against each other …" [FAC ¶¶78-80, Ex. 21, page 2, ¶3]

Stein thereafter returned funds of approximately $5.4 million to RIL. [FAC ¶80] However, GVE and Mr. Moore, as well as Ms. Coley, have not returned the funds which they received, leaving approximately $6.7 million in arrears. [FAC ¶

3

NOTICE OF MOTION AND MOTION TO BIFURCATE SETTLEMENT AND RELEASE;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO

82] Hence, RIL filed this lawsuit. Notwithstanding its settlement agreement, RIL alleges causes of action against the Stein Defendants for civil conspiracy, negligence, and fraud. [FAC, Counts Three, Twelve, Thirteen, Twenty-Eight, and Twenty-Nine]

## III. LEGAL STANDARD FOR BIFURCATION

"For convenience, to avoid prejudice, or to expedite and economize, the Court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third party claims." Fed R. Civ. P. 42 (b). Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial." *Zivkovic v. S. Cal. Edison Co.* 302 F. 3d. 1080, 1088 (9th Cir. 2002)

"In determining whether to bifurcate, the court should consider the convenience of the parties, prejudice to the parties, judicial economy, reducing the risk of confusion, and the separability of issues." *Bishop v. Oregon,* No. Civ 03-138, CO, 2003 WL, 24002320 at 3 (D. Or. Aug 21, 2003); *see also, Boone v. City of Los Angeles, 522 Fed. App. 402, 403* (9TH Cir. 2013)(federal district court can bifurcate a trial for "(1) convenience, (2) to avoid prejudice, or (3) to expedite and economize")(internal qoutations omitted) *Estate of Shafer ex rel v. Shafer v. City of Elgin, Or. No.* 2:12-CV-00407-SU, 2014 WL 1303095 at 4 (D. Or. Mar. 28, 2014)(same)

## IV. ARGUMENT

### 1. The Application of the Settlement Agreement Between Plaintiff and the Stein Defendants Should be Tried Before Liability for the Causes of Action.

Plaintiff RIL sues the Stein Defendants for alleged misdeeds in serving as the escrow agent for the purchase and sale transaction between GVE and RIL, by which RIL would purchase vaccines through GVE. Stein's role was to disburse funds held in escrow in accordance with the instructions of the parties. When RIL questioned the manner in which Mr. Stein had disbursed these funds, the issue was discussed

between Mr. Stein and legal counsel for RIL; correspondence was exchanged regarding their differing interpretations of the escrow agreement and whether its terms had been changed.

After this dialogue between Mr. Stein and counsel for RIL, a settlement agreement was entered into between Mr. Stein and RIL. This agreement is referenced in the first amended complaint and attached thereto as an exhibit. [FAC ¶¶78-81, Ex. 21] The settlement agreement encompasses the claims alleged in plaintiffs' first amended complaint against the Stein Defendant and is also pled as an affirmative defense 20 in the Stein Defendants' answer. [Dkt. 77]

The settlement agreement provides a release in favor of Mr. Stein and Davidovich Stein Law Group; It states, in part, that RIL,

> "… *releases, acquits and forever discharges Stein, Davidovich Stein Law Group, LLP, their parents, subsidiaries and affiliated corporations … of any from any and all claims and causes of actions, known or unknown, from any and all claims and causes of action that may exist between them including but not limited to any rights arising out of breach of contract, express or implied, any covenant of good faith and fair dealing, express or implied, or any tort…* " [FAC, Ex. 21, page 2, ¶3(a)](emphasis added)

The agreement further states, "The Parties fully understand that in making a a final and binding agreement at this time, they *assume the risk of the existence of unknown injuries and the risk of future injuries arising from the Escrow Agreement*." [FAC, Ex. 21, page 2, ¶3(a)](emphasis added) This is confirmed by RIL's express waiver of any rights in its favor under California *Civil Code §1542*; in this regard, paragraph 3(b) states, "Radical intends for this Release to serve as a full and final accord and satisfaction and release as to all claims as to Stein. In furtherance of this intention, and as further consideration for this Release, Radical expressly waive [sic] and relinquish [sic] all rights under Section 1542 of the California Civil Code as to Stein …" [FAC, Ex. 21, page 2, ¶3(b)]

The first amended complaint asserts tort causes of action, i.e. fraud and negligence, against the Stein Defendants, based on Mr. Stein disbursing funds from the escrow account to the co-defendants, allegedly in contravention of his obligations as the escrow agent. [FAC, Count XII (¶¶263-273); Count XIII (¶¶276-286); Count XXVIII (¶¶379-383); & Count XXIX (¶¶385-389)] The amended complaint includes allegations of a civil conspiracy between Mr. Stein and the co-defendants. [FAC, Count III (¶¶121-152)] All of these claims are squarely within the scope of the release which RIL entered into with Mr. Stein and his law firm in their settlement agreement, <u>Exhibit 21</u> to the first amended complaint[1]. Accordingly, the fact-finder should first determine if the settlement agreement applies to this case and in fact, bars the causes of action against the Stein Defendants.

If the fact-finder determines that the settlement agreement bars these causes of action, then the second phase of the trial does not proceed against the Stein Defendants. On the other hand, if the fact-finder determines that the settlement agreement does not bar the causes of action alleged, then plaintiff can proceed with evidence and argument to prove them in a second phase of trial.

**2. Bifurcation Is Necessary to Prevent Prejudice to the Stein Defendants.**

If plaintiff presents evidence and argument to the fact-finder regarding alleged negligence and fraud of the Stein Defendants, then this will serve only one purpose: to inflame passions against Mr. Stein. This will cause the jury to ignore the fact that Mr. Stein and RIL have entered into a settlement agreement regarding the matters alleged in this case. Permitting this prejudicial material or any argument about malfeasance would not be proper, unless and until the jury were to find that the settlement agreement does not bar these claims.

Measures that impose fewer restrictions on the parties would likely be ineffective and confusing. The Ninth Circuit has recognized that instructing a jury to

---

[1] A copy of the settlement agreement and mutual release is also attached to the Declaration of Brian T. Smith in support of this motion to bifurcate, as Exhibit B thereto

ignore highly prejudicial information often does not work. *See Est. of Diaz v. City of Anaheim* 840 F. 3d 592, 603 (9th Cir. 2016) "While there is a 'strong presumption that jurors follow instructions, a limiting instruction may not sufficiently mitigate the prejudicial impact of evidence in all cases. *Id.* (citing *Miller v. City of Los Angeles,* 661 F. 3d. 1024, 1030 (9th Cir. 2011)

### 3. Bifurcation of this Issue Also Promotes Judicial Economy.

Precluding evidence and argument regarding the alleged negligence, fraud, and conspiracy of the Stein Defendants from the first phase of trial may promote judicial economy. If the result of the first phase is a finding that the settlement agreement applies and bars these claims, then there would be no need for a second phase against the Stein Defendants. On the other hand, *not* bifurcating the trial could lead to an appealable issue should RIL prevail against the Stein Defendants, frustrating judicial economy.

### 4. The Court Should Specially Set a Briefing Schedule on this Motion.

The Stein Defendants respectfully propose that the Court order plaintiff to file and serve any opposition to the motion by July 29, 2022 and the Stein Defendants to file and serve any reply by August 3, 2022. The Court could then rule on this motion on the day trial begins, August 9, 2022.

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

In light of the foregoing, defendants Charles Z. Stein and Davidovich Stein Law Group, LLP respectfully request that this motion to bifurcate settlement and release be granted. The application of the settlement agreement and release should be determined in a first phase of the trial. Only if the fact-finder determines that it does not apply, should the second phase on liability take place against the Stein Defendants.

DATED: July 21, 2022         **ZELMS ELRICH & MACK**

By: *[signature]*
Rinat Klier Erlich
Brian T. Smith
Attorneys for Defendants
CHARLES Z. STEIN, ESQ. a/k/a
CHARLIE STEIN and DAVIDOVICH
STEIN LAW GROUP, LLP

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On July 21, 2022, I served True copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO BIFURCATE SETTLEMENT AND RELEASE; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO** on the interested parties in this action.

## SEE ATTACHED SERVICE LIST

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 21, 2022 at Woodland Hills, California.

_____
Rosa E. Rojas

# SERVICE LIST
Radical Investment Ltd v. Good Vibrations, et al.
Case No.: 2:22-cv-02752-SVW-AFM

| | |
|---|---|
| Gerardo A. Vazquez, Esq.<br>gv@gvazquez.com<br>Ralph R. Longo, IV, Esq.<br>rl@gvazquez.com<br>Steven B. Herzberg, Esq.<br>sh@gvazquez.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. | Maurice David Pessah, Esq.<br>Maurice@Pessahgrou.com<br>Jsunshine@pessahgroup.com<br>sbenson@pessahgroup.com<br>vusov@pessahgroup.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. |
| John D. Shwalb, Esq.<br>john@jdschwalb.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | Ronald Jay Cohen, Esq.<br>Ecf.rcohen@rprslaw.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC |
| Michael Stoller, Esq.<br>michael.stoller@stollerlawgroup.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | |

**NOTICE OF MOTION AND MOTION TO BIFURCATE SETTLEMENT AND RELEASE;
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THERETO**