Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFMx<br>The Hon. Stephen V. Wilson<br><br>**DECLARATION OF BRIAN T. SMITH IN SUPPORT OF MOTION TO BIFURCATE SETTLEMENT AND RELEASE**<br><br>**Date: August 9, 2022 (trial date)**<br>**Time: 1:30 p.m.**<br>**Courtroom: 10A** |

/ / /

/ / /

/ / /

/ / /

1

**DECLARATION OF BRIAN T. SMITH IN SUPPORT OF MOTON TO BIFURCATE SETTLEMENT AND RELEASE**

# DECLARATION OF BRIAN T. SMITH

I, Brian T. Smith, declare as follows:

1. I am an attorney admitted to practice law before the Courts of the State California and before this United States District Court. I am a partner in the law firm of Zelms, Erlich & Mack, attorneys for defendants Charles Z. Stein and Davidovich Stein Law Group, LLP. I have personal knowledge of the facts set forth herein except those stated on information and belief, and as to those, I am informed and believe them to be true. I make this declaration in support of the motion to bifurcate settlement and release which I am filing in this action.

2. As the attorney for Mr. Stein and Davidovich Stein Law Group, LLP, I am knowledgeable as to the status of this case, including the background of the transaction which precipitated this lawsuit, the pleadings on file, and the discovery conducted.

3. On July 20, 2022, I sent an email to Gerardo Vazquez and Ralph Longo, lead counsel for plaintiffs, and to John Schwalb, counsel for defendants Good Vibrations Entertainment, LLC and Alex Lee Moore, Jr. regarding this motion to bifurcate settlement and release. In this email, I explained the basis for the motion and the legal authority for it. I also requested that counsel advise me if they intend to oppose this motion. Attached hereto as Exhibit A is a true and correct copy of this email.

4. As of the time that this motion is finalized, I have also called the office Plaintiff's counsel on July 21, 2022 and left a message for counsel regarding this motion. However, there has been no call back from plaintiff's counsel. I similarly have not received a written response from plaintiff's counsel to my email regarding this motion.

/ / /

/ / /

/ / /

5. As to counsel for Alex Moore and Good Vibrations, I spoke by phone with counsel John Schwalb on July 21, 2022 about this motion to bifurcate settlement and release. As to the motion to bifurcate the settlement and release, he indicated that he desired to review this issue further before providing a position.

6. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the settlement agreement and release entered into between RIL and Charles Stein. This is the document which is Exhibit 21 to plaintiff's first amended complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 21, 2022 at Woodland Hills, California.

_____
Brian T. Smith

# EXHIBIT "A"

# Brian T. Smith

| | |
|---|---|
| **From:** | Brian T. Smith |
| **Sent:** | Wednesday, July 20, 2022 6:01 PM |
| **To:** | Gerardo Vazquez; Ralph Longo; John Schwalb |
| **Subject:** | Radical Investments, Ltd. v. Good Vibrations Entertainment, et al. |

Dear Counsel:

I write with respect to two motions which I intend to file on behalf of my clients Charles Stein and Davidovich Stein Law Group, LLP ("DSLG"): (1) a motion to bifurcate trial on Mr. Stein and DSLG's affirmative defense 20, settlement and release, and (2) a motion to bifurcate plaintiff's punitive damages claim against Mr. Stein and DSLG. Assuming we have a jury trial on August 9, I will be filing these motions shortly and request that the court rule on them on the day that trial is scheduled to begin.

Regarding the motion to bifurcate affirmative defense 20, I will ask the Court to bifurcate the issue of whether this affirmative defense, i.e. settlement and release, bars plaintiff's first amended complaint against Mr. Stein and DSLG. As you know, exhibit 21 to the first amended complaint is a settlement agreement entered into between Mr. Stein and plaintiff Radical Investments. There should first be a trial on the function of this affirmative defense before any trial takes place as to whether Mr. Stein and DSLG was negligent, committed fraud, or participated in any conspiracy. Bifurcation of issues is permitted under FRCP 42 and *Zivokic v. S. Cal. Edison Co., 302 F. 3d 1080* (9th Cir. 2002)

Second, as to the second motion, it will be a motion to bifurcate plaintiff's request for punitive damages against Mr. Stein and DSLG. Punitive damages are sought on the fraud cause of action against Mr. Stein and on the fraud cause of action against DSLG. Plaintiff must establish liability and compensatory damages under these causes of action, before a jury can consider, in its discretion, if punitive damages can be awarded. This motion is also proper under FRCP 42 and *Zivokic, supra, 302 F. 3d 1080*

Please let me know your position on these motions and your availability for a phone call to discuss them.

Thanks

**Brian T. Smith**
Partner



**ZELMS ERLICH & MACK**     California | Arizona
20920 Warner Center Lane, Suite B  /  Woodland Hills, CA  91367
zelmserlich.com  /  Direct: (213) 712-8075  /  Cell: (310) 824-3576  /  bsmith@zelmserlich.com  /  Bio

# EXHIBIT "B"

# RELEASE

THIS RELEASE ("Release") is being given and entered into by Radical Investments Limited ("Radical"), in favour of Charlie Stein, Esq. ("Stein" and collectively, the "Parties") as of July 9, 2021.

## 1. RECITALS

WHEREAS, Radical and Good Vibrations Entertainment LLC ("GVE") entered into a Sale and Purchase Agreement dated as of April 16, 2021 ("SPA") in respect of the sale and purchase of Astra Zeneca vaccines (the "Transaction") and an Escrow and Paymaster Agreement dated as of April 16, 2021 with Stein acting as the Escrow Agent for the SPA as set forth in the Escrow Agreement ("Escrow Agreement");

WHEREAS, Radical deposited USD$11,999,980 in Stein's IOLTA Account (as defined in the Escrow Agreement);

WHEREAS, Stein disbursed funds out of the IOLTA Account to parties including, without limitation, Alex Moore, GVE, Prestige Brands/ Moniladai Coley and RDS (the "IOLTA Recipients");

WHEREAS, Radical alleges that GVE has not performed its obligations under the terms of the SPA and Radical has served notice of termination of same;

WHEREAS, Radical and GVE entered into an Amendment to Escrow Agreement as of July 6, 2021 pursuant to which Radical and GVE agreed that funds remaining in the IOLTA Account, together with any sums previously disbursed by Stein out of the IOLTA Account which are returned to Stein/the IOLTA Account, be returned to Radical forthwith;

WHEREAS, Stein has agreed to diligently pursue all persons to whom funds were disbursed to out of the IOLTA Account and to use its best endeavours to procure the return of all sums previously paid out in connection with the Transaction;

WHEREAS, Stein has agreed to provide to Radical such assistance as may be requested by Radical to facilitate Radical in pursuing all parties to whom sums were paid by Stein out of the IOLTA Account including the IOLTA Recipients;

NOW, THEREFORE, in consideration of mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## 2. TERMS OF AGREEMENT

1.  Incorporation of Recitals. The Recitals found in Section 1 above are incorporated into this Release as it fully set forth herein.

2.  Settlement Terms.

    a. Stein shall wire the balance of the funds in the IOLTA Account relating to the Transaction, being $5,474,830 to Radical within one (1) business day of mutual execution of this Release.

    b. Stein shall use his best endeavours to pursue the IOLTA Recipients and all persons to whom funds were disbursed to out of the IOLTA Account in order to procure the return of all sums previously paid out in connection with the Transaction.

    c. Stein shall provide to Radical such assistance as may be requested by Radical to allow Radical to pursue the IOLTA Recipients and all parties to whom sums were paid by Stein out of the IOLTA Account in connection with the Transaction.

Stein_00007

    d. Stein shall provide such correspondence, documentation or other communication related to requests for disbursements out of the IOLTA Account or otherwise related to the Transaction together with evidence of all payments made, as Radical may request.

    e. Stein shall forthwith pay to Radical any sums which are returned to Stein/the IOLTA Account in respect of any repayment of sums previously disbursed by Stein out of the IOLTA Account to the IOLTA Recipients or otherwise in respect of the Transaction.

    f. Other than those obligations set forth hereinabove, Stein shall have no further obligations as set forth in the Escrow Agreement.

    g. Any action arising under this Release must be commenced within one (1) year after the cause of action accrues.

3.      <u>RELEASE</u>.

    a. Subject to compliance with Article 2, Radical hereby, releases, acquits and forever discharges Stein, Davidovich Stein Law Group, LLP, their parents, subsidiaries and affiliated corporations, and their respective successors, assignees, representatives, agents, shareholders, officers, directors, executives, members, attorneys, and employees, both current and former (collectively, the "Releasees") of and from any and all claims and causes of actions, known and unknown, from any and all claims and causes of actions that may exist between them including but not limited to any rights arising out of breach of contract, express or implied, any covenant of good faith and fair dealing, express or implied, or any tort, which each party at any time may have, own or hold, or claim to have, own or hold against each other. The Parties fully understand that in making a final and binding agreement at this time, they assume the risk of the existence of unknown injuries and the risk of future injuries arising from the Escrow Agreement.

    b. WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542. Radical intends for this Release to serve as a full and final accord and satisfaction and release as to all claims as to Stein. In furtherance of this intention, and as further consideration for this Release, Radical expressly waive and relinquish all rights under Section 1542 of the California Civil Code as to Stein, which provides:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

    c. Accordingly, the releases given herein shall remain in effect notwithstanding the discovery or existence of any additional facts or claims in existence at the time this Release was executed.

    d. The settlement, releases and other matters set forth herein are a compromise and settlement of potentially disputed and contested claims between the Parties, and nothing contained herein shall be construed as an admission by any Party of any obligation and/or liability of any kind to any other Party.

4.      <u>Representations</u>

    a. Each Party represents and warrants that it is the sole owner of all rights, title and interests in and to the matters set forth above and claims settled under this Release and that they have not heretofore assigned, transferred or purported to assign and/or transfer to any person any matters, or portions thereof, settled and released under this Release

    b. Each of the Parties hereby represents and warrants that it has reviewed or had the opportunity to review this Release with its respective attorney, and if either party does not review with an attorney it is because that party has chosen not to; that it fully understands the terms contained herein, the waiver of §1542 of the California Civil Code; that it understands the significance of this Release; and that each of the Parties is relying fully on its own judgment and in doing so, accepts the stipulations and conditions set forth herein for the purposes of making a full and final compromise, adjustment and settlement of the claims and causes of action referred to herein.

    c. This Release constitutes a valid and binding obligation of each of the Parties, enforceable in accordance with its terms. This Release constitutes the entire agreement between the Parties concerning the subject matter

contained herein. No promise, inducement, or agreement not herein expressed has been made to any party, or his/her/its agents, servants, or employees, to induce acceptance of this Release.

5.     General

    a.  This Release may be executed in one or more counterparts, all of which together shall constitute one and the same instrument, which shall be binding on all of the Parties hereto. Facsimile and/or electronic signatures shall have the same force and effect when affixed hereto as the original signatures.

    b.  The language of this Release shall be construed as a whole, according to its fair meaning and intendment, regardless of who was principally responsible for drafting any specific term or condition hereof. This Release shall be deemed to have been drafted by all Parties, and no party shall argue otherwise.

    c.  The Parties hereto agree that each party shall bear his own attorney's fees, expenses and costs incurred in connection with this Release. In the event that any party commences an action arising out of the breach of this Release, or to enforce or interpret this Release, the Parties agree that the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and expenses actually incurred with such action from the losing party or parties.

    d.  This Release is made and entered into in the State of California and shall in all respects be interpreted and enforced by and under the laws of this state. The sole venue for adjudication of any dispute or claim arising out of or related to the matters set forth above and/or this Release shall be in a court of competent jurisdiction located within Los Angeles County.

    e.  Whenever possible, each provision of this Release will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Release is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provision or any other jurisdiction, but such invalid, illegal or unenforceable provision will be reformed, construed and enforced in such jurisdiction so as to render it valid, legal, and enforceable consistent with the intent of the parties insofar as possible.

    f.  This Release shall be admissible as evidence in any future action or proceeding.

    g.  The failure of either party to enforce any provisions of this Release shall not be deemed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Release.

    h.  The Parties hereto agree that this Release is confidential and that the terms of this Release will not be disclosed to any person that is not a party to this Release, unless expressly required by law provided, however, nothing shall preclude the disclosure of the terms hereof (i) to any legal, accounting or other professional advisor in connection with the obtaining of any professional advice; or (ii) in response to a subpoena or other legal process.

| "Radical" | "Stein" |
|---|---|
| RADICAL INVESTMENTS LIMITED | CHARLES Z. STEIN |
| By: _/s/_____ | By: _/s/ CZ Stein_____ |
| Name: Mark Maloney | Name: Charles Z. Stein |
| Title: Director | Title: Attorney-at-Law |

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On July 21, 2022, I served True copies of the following document(s) described as **DECLARATION OF BRIAN T. SMITH IN SUPPORT OF MOTION TO BIFURCATE SETTLEMENT AND RELEASE** on the interested parties in this action.

## SEE ATTACHED SERVICE LIST

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 21, 2022 at Woodland Hills, California.

Rosa E. Rojas

SERVICE LIST
Radical Investment Ltd v. Good Vibrations, et al.
Case No.: 2:22-cv-02752-SVW-AFM

| | |
|---|---|
| Gerardo A. Vazquez, Esq.<br>gv@gvazquez.com<br>RalphR. Longo, IV, eSq.<br>rl@gvazquez.com<br>Steven B. Herzberg, Esq.<br>sh@gvazquez.com<br>Attorneys for Plaintiff Radical Investments, Ltd. | Maurice David Pessah, Esq.<br>Maurice@Pessahgrou.com<br>Jsunshine@pessahgroup.com<br>sbenson@pessahgroup.com<br>vusov@pessahgroup.com<br>Attorneys for Plaintiff Radical Investments, Ltd. |
| John D. Shwalb, Esq.<br>john@jdschwalb.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | Ronald Jay Cohen, Esq.<br>Ecf.rcohen@rprslaw.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC |
| Michael Stoller, Esq.<br>michael.stoller@stollerlawgroup.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | |

5
**DECLARATION OF BRIAN T. SMITH IN SUPPORT OF MOTON TO BIFURCATE SETTLEMENT AND RELEASE**