UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | August 2, 2022 |
|---|---|---|---|

| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**   **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [92]**

Before the Court is Defendants' motion for judgment on the pleadings [92]. For the reasons below, the motion is denied.

**I.   Background**

Plaintiff Radical Investments Ltd. ("RIL") is a foreign company that was hired to acquire COVID-19 vaccines for the country of Barbados. First Am. Compl. ("FAC") ¶¶ 1, 30, ECF No. 13. To that end, RIL advanced approximately 12.2 million dollars in a seemingly legitimate transaction, expecting those funds to cover the purchase and delivery of one million doses of the AstraZeneca COVID-19 vaccine. *Id.* ¶ 26. As alleged, those vaccines were never delivered and 6.7 million of the 12.2 million held in escrow was improperly disbursed by Defendants Charles Z. Stein and Davidovich Stein Law Group, LLC (collectively, the "Stein Defendants"). *Id.* ¶ 70.

On July 9, 2021, Plaintiff entered into a settlement agreement with the Stein Defendants, releasing all of its claims against them. *See* FAC, Ex. 21, ECF No. 13-1 ("the Release Agreement"). In exchange, the Release Agreement required the Stein Defendants to wire the leftover escrow balance to Plaintiff and assist in recovering the other amount that had already been disbursed. *Id.*

RIL filed its First Amended Complaint on September 29, 2021, in the Southern District of Florida. *See* FAC. On April 26, 2022, Defendants' transfer request to the Central District of California was approved. Order, ECF No. 57. The Stein Defendants now bring this motion for judgement on the

:
_____
Initials of Preparer
          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | August 2, 2022 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

pleadings as to the five counts asserted against them: civil conspiracy as to all Defendants; fraud as to Stein; fraud as to Davidovich Stein Law Group; negligence as to Stein; and negligence as to Davidovich Stein Law Group. *See* Mot. J. Pleadings 1-2, ECF No. 92 ("MJP"). The Stein Defendants contend that Plaintiff has failed to state a plausible claim given the terms of the Release Agreement. *Id.* at 5-7. However, the Court concludes that Plaintiff has pled, with plausibility, that the Stein Defendants failed to perform certain conditions precedent in the Release Agreement. Therefore, the motion fails.

## II.     Legal Standard

A motion for judgment on the pleadings may be granted "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." See *Dickerson v. Cal Waste Solutions*, 2009 U.S. Dist. LEXIS 88079, *8 (N.D. Cal. Sept. 8, 2009) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989)). A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P 12(c).

A Rule 12(c) motion for judgment on the pleadings utilizes the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F3d 1047, 1054 n. 4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6)").

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## III.    Application

                                                                           _____ : _____
                                                                           Initials of Preparer
                                                                                          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | August 2, 2022 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

The Stein Defendants assert that Plaintiff's claims against them are barred by the terms of the Release Agreement. Article 3 of the Release Agreement states, in relevant part:

> **Subject to compliance with Article 2**, Radical hereby, releases, acquits and forever discharges Stein, Davidovich Stein Law Group, LLP… of and from any and all claims and causes of actions, known and unknown, from any and all claims and causes of action that may exist between them including but not limited to… any tort, which each party at any time may have, own or hold, or claim to have, own or hold against each other. The Parties fully understand that in making a final and binding agreement at this time, they assume the risk of the existence of unknown injuries and the risk of future injuries from the Escrow Agreement.

Release Agreement, 2 (emphasis added).

In their motion, the Stein Defendants selectively omit the first six words of Article 3 ("Subject to compliance with Article 2") that suggest the release was subject to certain conditions precedent. *See* MJP 6. Indeed, Article 2 of the Release Agreement lays out several conditions, including:

> a. Stein shall wire the balance of the funds in the IOLTA Account relating to the Transaction, being $5,474,830 to Radical within one (1) business day of mutual execution of this Release.
> b. Stein shall use his best endeavors to pursue the IOLTA Recipients and all persons to whom funds were disbursed to out of the IOLTA Account in order to procure the return of all sums previously paid out in connection with the Transaction.

Release Agreement, 1.

The threshold question is whether the above provisions are conditions precedent to Plaintiff's performance. A condition precedent is "either an act of a party that must be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises." *Platt Pac., Inc. v. Andelson*, 6 Cal. 4th 307, 313 (1993). "Conditions precedent must be expressed in plain, clear, and unambiguous language, but parties need not invoke any 'required magical incantation.'" *Int'l Bhd. of Teamsters v. NASA Services, Inc.*, 957 F. 3d 1038, 1043 (9th Cir. 2020) (quoting *Roth v. Garcia Marquez*, 942 F.2d 617, 626 (9th Cir. 1991)); *see also Realmuto v. Gagnard*, 110 Cal. App 4th 193, 199

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-02752-SVW-AFM | Date | August 2, 2022 |
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

("The existence of a condition precedent normally depends upon the intent of the parties as determined from the words they have employed in the contract.").

Here, the Court is satisfied that the phrase preceding the contractual duties in Article 3 ("Subject to the conditions in Article 2…") is "plain, clear, and unambiguous language" that made Plaintiff's contractual duties expressly conditioned on Defendants performing the acts in Article 2. *See Int'l Bhd. of Teamsters*, 957 F. 3d at 1043. This conclusion is consistent with the discernable intent of the parties – RIL appears to have considered releasing claims only in exchange for the fulfillment of certain promises that would have sufficiently altered its risk calculus. *See Realmuto*, 110 Cal. App 4th at 199.

The next question is whether Plaintiff has alleged sufficient facts in the First Amended Complaint to establish that the Stein Defendants failed to perform at least some of the conditions precedent. Plaintiff alleges, in part:

> Stein was supposed to transmit the remainder of the funds held in trust back to RIL within a day of full execution of the release, which occurred on July 12, 2021. Stein did not do so, returning the funds over two weeks later on July 28, 2021. Further, Stein has done absolutely nothing in his power to assist RIL with pursuing his co-Defendants, nor has he been forthcoming with providing correspondence and communications he had with his co-Defendants related to the disbursement of monies as described herein. Simply put, Stein has done nothing whatsoever to aid RIL in the recovery of the monies that Stein so grossly misappropriated.

FAC ¶ 80.

Taking these allegations in the complaint as true and viewing them in a light most favorable to the Plaintiff, the Court concludes that they plausibly entitle Plaintiff to relief. The allegation that Stein failed to return the relevant funds until July 28, 2021, plainly contradicts the condition in paragraph 2(a) of the release agreement.[1] Plaintiff has sufficiently pled that the Stein Defendants failed to perform

---

[1] In their Reply, the Stein Defendants argue that RIL failed to sufficiently plead that the Stein Defendants had violated paragraphs 2(c), (d), and (e) of the Release Agreement. *See* Reply 5-6, ECF No. 99. The Stein Defendants further argue that the "best endeavors" standard in the condition in paragraph 2(b) is "too amorphous." *Id*. at 6-7. Even assuming these arguments were correct, they are immaterial. Plaintiff has sufficiently alleged failure to return the escrow balance within one business day, as required in paragraph 2(a) – even Defendant does not suggest otherwise. *See* Reply 5-7. And failure to

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | August 2, 2022 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

certain conditions precedent, rendering Plaintiff's contractual duty to release "inoperative" under California law. *Johnson v. Pickwick Stages Sys.* 108 Cal. App. 279, 284 (1930). Thus, the release does not bar Plaintiff's claims against the Stein Defendants.[2]

### IV. Conclusion

For the foregoing reasons, the Stein Defendants' motion for judgment on the pleadings is denied.

**IT IS SO ORDERED.**

---

perform this condition is by itself sufficient to preclude Plaintiff's duty of performance from being triggered, and Defendants' motion would therefore still fail.

[2] In their Reply, the Stein Defendants contend that they should be given leave to amend their answer to assert a counterclaim against RIL for breach of contract. *See* Reply, 8-9. The Court need not consider this belated argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") (citing Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir.2003)). And further, a half-baked request thrown in the last page of a brief on a different motion is not an appropriate vehicle for such a request. If Defendants wish to amend their answer, they may file a proper motion to that effect.

Initials of Preparer  PMC