Mark T. Drooks – State Bar No. 123561
    mdrooks@birdmarella.com
Sharon Mayer – State Bar No. 212862
    smayer@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Specially Appearing Non-Party
Warner Norcross + Judd LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al.,<br><br>　　　　Defendants. | CASE NO. 2:22-cv-02752-SVW-AFM<br><br>**SPECIALLY APPEARING NON-PARTY WARNER NORCROSS + JUDD LLP'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently With Declaration of Sharon Mayer; and [Proposed] Order]*<br><br>Date:　September 12, 2022<br>Time:　1:30 p.m.<br>Ctrm.:　10A<br><br>Assigned to Hon. Stephen V. Wilson, Courtroom 10A |

3805366.3

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 12, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Specially Appearing Non-Party Warner Norcross + Judd LLP ("WNJ") will and hereby does move to intervene in the above-captioned action for the limited purpose of opposing Plaintiff Radical Investments Ltd.'s ("RIL") Motion for Leave to File Amended Complaint and Add New Party Defendants ("Motion to Amend", Dkt. # 121), and obtaining an order instructing the clerk to accept for filing the proposed Opposition and supporting documents attached to the Declaration of Sharon Mayer as Exhibit 1 and deeming them timely filed as of the date of this Motion to Intervene ("Motion to Intervene").

This Motion to Intervene is made pursuant to Federal Rules of Civil Procedure Rule 24 on the grounds that it is timely filed, WNJ has a "significantly protectable" interest to oppose RIL's Motion to Amend, WNJ's interest will be impaired if the Motion to Amend is decided without considering its opposition, and WNJ's interest is not adequately represented by the existing parties in the lawsuit.

This Motion to Intervene is made following the conference of counsel pursuant to Local Rule 7-3 which took place on August 5, 2022.  Mayer Decl., ¶ 4, Ex. 2.

This Motion to Intervene is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Sharon Mayer and Exhibits thereto, the Proposed Order lodged with the Court, all pleadings and records on file in this action, and on such other evidence or argument as may be presented to the Court.

/ / /

/ / /

/ / /

3805366.3

2

WNJ'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

| | | |
|---|---|---|
| 1 | DATED: August 8, 2022 | Mark T. Drooks |
| 2 | | Sharon Mayer |
| 3 | | Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. |

By: /s/ Sharon Mayer
Sharon Mayer
Attorneys for Specially Appearing Non-Party Warner Norcross + Judd LLP

3805366.3

3

WNJ'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

Specially Appearing Non-Party Warner Norcross + Judd LLP ("WNJ") seeks to intervene in this action for the limited purpose of opposing Plaintiff's Motion for Leave to File Amended Complaint and to Add New Party Defendants ("Motion to Amend").

Over ten months after commencing this action and only two weeks before the then-scheduled trial date, Plaintiff Radical Investments Ltd. ("RIL") filed its Motion to Amend, seeking to add WNJ and its partner James Scott ("Scott") as defendants to the case (WNJ and Scott are collectively referred to as "the WNJ Parties"). As more fully discussed in WNJ's proposed Opposition to RIL's Motion to Amend ("Opposition"), attached to the Declaration of Sharon Mayer as Exhibit 1, leave to amend should be denied for a number of reasons. Among other things, RIL was well aware of the WNJ Parties' alleged involvement long before it filed its Motion to Amend, but delayed seeking leave to amend until this late stage in the proceedings, much to WNJ's prejudice. Moreover, the proposed amendment would be futile because RIL's proposed Second Amended Complaint ("SAC") is subject to dismissal, most clearly because this Court lacks personal jurisdiction over the WNJ Parties.

Unless WNJ is allowed to intervene for a limited purpose and file its Opposition, the Motion to Amend will be decided without full consideration of all the interests involved. WNJ's interest, in particular, will be impaired by being belatedly thrust into a pending action that was days away from trial and having to move to dismiss, re-open depositions and hastily prepare for trial, without even being heard at the gateway.

/ / /

/ / /

/ / /

3805366.3

4

WNJ'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## II. ARGUMENT

### A. Legal Standard

Federal Rules of Civil Procedure Rule 24(a) provides for intervention as a matter of right:

> On timely motion, the court must permit anyone to intervene who: … (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ P. 24(a). In general, courts construe Rule 24(a) liberally in favor of potential intervenors. *Forest Conservation Council ("FCC") v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir.1995). In addition to mandating broad construction, the court's review is "guided primarily by practical considerations," not technical distinctions. *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir.1986), vacated on other grounds sub nom in *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987); *see also Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (reviewing "practical and equitable considerations" bearing on intervention).

Moreover, a non-party need not intervene as a full party to the litigation, but may intervene for a limited purpose. *See, e.g., Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir.1992) (approving intervention of non-party who sought only to modify a protective order); *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 364 (N.D. Cal. 2002) (granting non-party's motion to intervene for the limited purpose of opposing a motion to amend pleading).

In the Ninth Circuit, courts apply a four-part test in deciding whether to allow intervention by a non-party under Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of

3805366.3

5

WNJ'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) *citing Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir.1996).

### B. WNJ Should be Granted Leave to Intervene for the Limited Purpose of Opposing RIL's Motion for Leave to Amend.

WNJ seeks to intervene solely for the limited purpose of opposing RIL's Motion to Amend. Under the standard set forth above, this Motion to Intervene should be granted because all four factors of Rule 24 are met.[1]

#### 1. Timeliness.

WNJ's Motion to Intervene was filed in a timely manner after WNJ learned about RIL's Motion to Amend. RIL filed its Motion to Amend on July 22, 2022, and set it for hearing on August 22, 2022. (Dkt # 121.) Although the WNJ Parties' interests are directly implicated by the Motion to Amend, and despite participating in a lengthy deposition with WNJ's counsel just three days earlier, RIL did not serve its Motion to Amend on the WNJ Parties or even informally advise their counsel that the Motion to Amend was to be or had been filed. Mayer Decl., ¶ 2. As a result, WNJ did not learn about RIL's Motion to Amend until several days after it was filed, and was unable to file this Motion to Intervene and its proposed Opposition by the August 1, 2022 deadline to oppose the Motion to Amend under the rules. *Id.* After learning about RIL's Motion to Amend, however, WNJ

---

[1] WNJ seeks to intervene for the specified limited purpose only and not for any other purpose. This Motion to Intervene does not constitute a waiver of WNJ's challenges to this Court personal jurisdiction over it. See *S.E.C. v. Ross*, 504 F.3d 1130 (9th Cir. 2007) (in the Ninth Circuit, a non-party does not waive its personal jurisdiction defense by seeking to intervene as of right in a lawsuit).

diligently prepared this Motion to Intervene, along with its proposed Opposition. *Id*.

Thus, any issues relating to the timing of this Motion to Intervene are not the result of any neglect on part of WNJ. However, to allow for proper resolution of this Motion to Intervene and in light of the compressed schedule, concurrently with this motion, WNJ is filing an *Ex Parte* Application to advance the hearing on this Motion to Intervene and shorten time for briefing so that this motion can be heard at the same time as RIL's Motion to Amend. In the alternative, WNJ is seeking to continue the hearing date on RIL's Motion to Amend so that the Motion to Intervene can be heard in advance of the Motion to Amend.

### 2. WNJ's Interest.

Whether a non-party seeking to intervene demonstrates sufficient interest in an action "is a practical, threshold inquiry." *Southwest Center for Biological Diversity*, 268 F.3d at 818. "No specific legal or equitable interest need be established." *Id.* (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir.1993)). It is generally enough that the interest asserted "is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.*

WNJ has a clear interest in the outcome of RIL's Motion to Amend. RIL's motion directly implicates WNJ's interests because it seeks to add WNJ as a defendant to a pending case in which discovery is almost completed, the parties had already filed their pre-trial documents and the case was already days away from trial. Adding WNJ at this late stage will prejudice WNJ's ability to defend against the allegation and to adequately prepare its case for trial. *See* Mayer Decl., Ex. 1, Proposed Opposition at pp. 20-21. WNJ thus has a "significant protectable" due process interest to have the time it needs as a litigant to conduct discovery and prepare its case for trial instead of being added to a pending action that otherwise is nearly ready for trial.

There are several other compelling reasons why RIL's Motion to Amend

should be denied, which are more fully discussed in WNJ's proposed Opposition, including:

- RIL delayed filing its Motion to Amend until shortly before the original trial date, even though it was aware of the April 24, 2021 letter and WNJ's alleged involvement from the inception of the case. *Id.,* pp. 16-17.

- The proposed Second Amended Complaint is subject to dismissal for a number of reasons, including the Court's lack of personal jurisdiction over the WNJ Parties. *Id.*, pp. 17-20.

- Adding the WNJ Parties to the case will also cause significant delays because WNJ plans to challenge the Court's personal jurisdiction and re-open depositions and document discovery that have already been completed. *Id.*, p. 22.

WNJ therefore has a valid interest to have its Opposition to the Motion to Amend considered by the Court, including to protect its constitutional interest to be sued where it is subject to the personal jurisdiction of the court.

### 3.     Impairment of WNJ's Interest.

In determining whether an interest would be impaired or impeded by disposition of the action, the Ninth Circuit has relied on the advisory committee notes to Rule 24, which state that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Center for Biological Diversity*, 268 F.3d at 822 (citing Fed. R. Civ. P. 24 advisory committee notes.)

If this Motion to Intervene is denied, WNJ's interest would be impaired in several ways. First, if the Court refuses to consider WNJ's Opposition, RIL's Motion to Amend will be decided on a partial record without considering WNJ's valid arguments against it. Second, if the Motion to Amend is granted and WNJ and Scott are added as defendants at this late stage in the proceedings, WNJ's interests would be prejudiced because, as discussed above, WNJ's ability to prepare for trial would be impaired. Third, if the Motion to Amend is granted, WNJ would be sued in a forum where the Court has no personal jurisdiction over it and would have to file a motion to dismiss to protect its constitutional rights.

3805366.3

8

WNJ'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### 4. Inadequate Representation by Existing Parties.

In determining whether a would-be intervenor's interests will be adequately represented by an existing party, the Court considers:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Southwest Center for Biological Diversity*, 268 F.3d at 822 (quoting *Northwest Forest Resource Council*, 82 F.3d at 838). The burden of showing inadequacy is minimal, and the movant need only show that representation of its interests by existing parties may be inadequate. *Id.*, at 823.

WNJ's interests are not represented by any of the existing parties. Although another party may oppose the Motion to Amend for its own reasons, whether tactical or substantive, no other party has the ability or motivation to present the arguments that WNJ seeks to assert here. Indeed, defendants may not even be aware of the facts underlying WNJ's proposed Opposition. They may not be aware, for example, of the communications between RIL's counsel and Scott showing that RIL knew long before filing its Motion to Amend that it planned to seek discovery from WNJ and intended to add WNJ and Scott as defendants. *See* Mayer Decl., Ex. 1, WNJ Proposed Opposition, p. 14. Nor are they aware of – or interested in – the prejudice caused to WNJ as a result of RIL's delay in bringing its Motion to Amend or the Court's lack of personal jurisdiction over WNJ.

## III. CONCLUSION

For the foregoing reasons, WNJ respectfully urges the Court to grant its Motion and allow it to intervene for the limited purpose of opposing RIL's Motion to Amend, instruct the clerk to accept for filing the proposed Opposition and supporting documents attached to the Declaration of Sharon Mayer as Exhibit 1 and deem them timely filed as of the date of this Motion to Intervene.

3805366.3

9

WNJ'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

| | | |
|---|---|---|
| DATED: August 8, 2022 | | Respectfully submitted, |
| | | Mark T. Drooks |
| | | Sharon Mayer |
| | | Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. |
| | By: | *Sharon Mayer* |
| | | Sharon Mayer |
| | | Attorneys for Specially Appearing Non-Party Warner Norcross + Judd LLP |

3805366.3

10

WNJ'S NOTICE OF MOTION AND MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT