GERARDO A. VAZQUEZ (admitted *Pro Hac Vice*)
*gv@gvazquez.com*
RALPH R. LONGO, IV (admitted *Pro Hac Vice*)
*rl@gvazquez.com*
STEVEN B. HERZBERG (admitted *Pro Hac Vice*)
*sh@gvazquez.com*
**VAZQUEZ & ASSOCIATES, P.A.**
1111 Brickell Ave., Suite 1550
Miami, Florida 33131
Tel. (305) 371-8064

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
**PESSAH LAW GROUP, PC**
9100 Wilshire Blvd., Suite 850E
Beverly Hills, CA 90212
Tel. (310) 772-2261

Attorneys for Plaintiff,
RADICAL INVESTMENTS LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company,<br><br>        Plaintiff,<br><br>        v.<br><br>GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al.,<br><br>        Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>*The Hon. Stephen V. Wilson*<br><br>**PLAINTIFF RADICAL INVESTMENTS LTD.'S  OPPOSITION AND OBJECTION TO WARNER NORCROSS + JUDD, LLP'S NON-PARTY *EX PARTE* APPLICATION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

1

1  COMES NOW, Plaintiff RADICAL INVESTMENTS, LTD ("Plaintiff" or
2  "RIL"), by and through the undersigned counsel, and files its opposition to the *Ex*
3  *Parte* Application to Intervene for the Limited Purpose of Opposing Plaintiff's
4  Motion for Leave to File Amended Complaint filed by non-party WARNER
5  NORCROSS + JUDD, LLP ("WNJ") (ECF No. 137).

6  **I.   INTRODUCTION & BACKGROUND**

7  As a preliminary matter, Plaintiff objects and opposes non-party WNJ's *ex*
8  *parte* application to this Court to intervene and oppose Plaintiff's Motion for Leave to
9  File Amended Complaint. WNJ's motion does not set forth any firm legal grounds on
10 which it can prevail.

11 By way of brief background, Plaintiff is seeking to add WNJ and one of its
12 employees, Mr. James Scott, Esq. ("Scott") to this case as party defendants. On July
13 19, 2022, Plaintiff first deposed Scott as WNJ's corporate representative and in his
14 individual capacity. Plaintiff sought information with respect to an opinion letter
15 allegedly executed by Scott and prepared on WNJ's letterhead (the "Opinion Letter").
16 The Opinion Letter was provided to Plaintiff by Defendant, Alex Lee Moore, Jr.
17 ("Moore"). During the course of discovery, Plaintiff's counsel sought to determine
18 the authenticity of the Opinion Letter. Accordingly, Plaintiff counsel sent an e-mail to
19 Scott and WNJ on October 28, 2021, with a copy of the Opinion Letter along with a
20 preservation of evidence letter. On October 28, 2021, Scott responded via e-mail:
21 "Please note that Good Vibrations Entertainment is not a client and never engaged us.
22 I will maintain what few documents I was given by Alex – probably the same
23 documents that you have seen." On the same day, Plaintiff's counsel responded and
24 requested clarification on whether or not the Opinion Letter was prepared and
25 executed by Scott and/or WNJ. Scott failed to timely respond, triggering a follow-up
26 letter by Plaintiff's counsel.  On November 8, 2021, Scott responded: "No, I cannot
27 confirm it. I have no record of send the letter to Alex. The signature, though is an

28

2

image of my signature, so I do not know. The language also mirrors the language from the other firm, which is interesting."

Based on Scott's e-mail responses, Plaintiff's counsel at that point assumed that the Opinion Letter had been falsified by Moore to further entice Plaintiff to fund the vaccine transaction.

Assuming that the Opinion Letter was a forgery, on or around the first week of June 2022, Plaintiff's counsel once again contacted Scott to schedule a telephone conference. On or about the second week of June, Plaintiff's counsel and Scott participated in a telephone conference to nail down the specifics regarding Moore's delivery of the forged Opinion Letter. Prior to that time, Scott had agreed to send Plaintiff's counsel any documents in its possession. During this telephone conversation, Scott gave conflicting statements, offered unfounded excuses for not providing documents, and even more alerting sounded extremely nervous. It was at this time that Plaintiff's counsel first became suspicious and explored the theory that Scott and/or WNJ were complicit in the drafting and delivery of the Opinion Letter. As a result, Plaintiff's counsel proceeded to subpoena Scott and WNJ to take their deposition and produce documents.

At his deposition on July 19, 2022, Mr. Scott testified that he could not remember drafting the letter, but that he was sent a set of documents by Mr. Moore around the time of the letter being drafted and sent to Plaintiff, which, upon information and belief, were the basis for drafting the letter. Further, based upon Plaintiff's information and belief, Mr. Moore, upon the continuation of his deposition, will testify that Mr. Scott drafted the Opinion Letter at Moore's direction. This Opinion Letter was ultimately relied on by Plaintiff to its extreme financial detriment in entering into the transaction which underlies this lawsuit.

//

//

//

PLAINTIFF RADICAL INVESTMENTS LTD.'S  OPPOSITION AND OBJECTION TO WARNER NORCROSS + JUDD, LLP'S NON-PARTY *EX PARTE* APPLICATION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## II.  ARGUMENT

### a.  WNJ's Motion is Misguided and Misstates the Current Posture of the Case and of the Facts Surrounding Plaintiff's Knowledge of WNJ's Involvement & the Case's Timeline

WNJ argues in its motion that Plaintiff's Motion for Leave to Amend its Complaint will cause great prejudice to WNJ because it is being sued at a very late stage in this litigation. WNJ also argues that Plaintiff was well aware of WNJ and Scott's involvement at the time of the filing of this action. WNJ believes that this should permit them to intervene and oppose Plaintiff's Motion.

While Plaintiff did know of the existence of Scott and WNJ upon the initial filing of its complaint in September of 2021, Plaintiff did not have any information whatsoever about what WNJ or Scott knew or relied upon when drafting the opinion letter which Plaintiff relied on until just a few weeks ago. Plaintiff's counsel had briefly corresponded with Mr. Scott in late October/early November 2021 via e-mail. At that time, Plaintiff was seeking whether or not Mr. Scott had been engaged by Defendant Moore's company, Defendant GVE, and if it was Scott's signature on the opinion letter. Scott said that GVE had never been a client of him or his firm. Scott also stated that he could not confirm that he executed the Opinion Letter, and that he had no record of sending the letter to Moore, while also opining that the signature was in fact an image of his signature, and so thus he "did not know". Plaintiff also sent Mr. Scott a spoliation letter around that same time period.

The operative complaint in this case was filed on September 29, 2021. Due to issues effectuating service on evasive Defendants in the case, responses to Plaintiff's Complaint by all Defendants participating in the case were not filed until January 24, 2022. The initial trial in this matter was set for March of 2023. After Plaintiff had received all of Defendants responses to its complaint in late January, Plaintiff was facing a Motion to Dismiss for Lack of Personal Jurisdiction, a Motion to Quash Service, and a Motion to Transfer Venue. These motions were not resolved until late

4

April, 2022, at which time the case was transferred from South Florida, where it was originally filed, to the Central District of California.

At that time, very limited discovery had been done, because the parties were resolving motions at the pleading stage. Further, trial was originally set for March of 2023. However, upon being transferred to California, the parties received an August 9, 2022 trial setting, giving all parties approximately 90 days to prepare for trial. Plaintiff reached out to Mr. Scott on June 2, 2022, approximately four weeks into the discovery phase of this matter. Plaintiff sought to discuss the case and Scott's opinion letter a second time, this time via telephone. During the call, Mr. Scott was once again evasive just as he had been in his e-mails the year prior and would not say whether or not he had written the letter. Scott once again made vague statements that he recognized the signature as his own but did not say one way or another that he had written it. Scott promised to follow up the call with an e-mail providing Plaintiff with the documents that he had received from Moore. However, these documents never came, and Plaintiff issued a subpoena duces tecum for deposition shortly thereafter. Despite Plaintiff's insistence that the deposition be completed by July 1, it was only on July 19, 2022, that the parties' schedules aligned, and the deposition of Mr. Scott was able to be taken.

In anticipation of this deposition, WNJ and Scott finally produced documents which Scott admitted at his deposition were provided to him by Moore around the time that his opinion letter was drafted. This was the first time that RIL had seen these documents, which, objectively, did not support what Scott had written in his opinion letter. Plaintiff then, and only then, realized that Scott's opinion letter contained serious misrepresentations which Plaintiff relied on to its extreme financial detriment. Again, Plaintiff did not know these documents existed, or that they were presented to Scott in forming his opinion letter, until July 19, 2022.

Thus, based on this newly discovered information and evidence, RIL is seeking to add WNJ and Scott as party Defendants.

5

### b. WNJ's Motion Hinges on WNJ being Inconvenienced by this Lawsuit and WNJ is not Prejudiced by Same

WNJ's argument that it is being added at a late stage is entirely misguided, as WNJ would have this Court believe that Plaintiff has been sitting idly on its hands and was for some odd strategic reason seeking to add WNJ just before trial to minimize WNJ's ability to prepare.

First, the case is no longer set for trial and has not yet been re-set. Thus, any argument that WNJ does not have enough time to adequately prepare and will be prejudiced is entirely premature. Second, WNJ argues in its motion that adding them in as a Defendant will cause there to be delay in this case. This argument fails completely. It is universally held that cases should, in almost all circumstances, be decided on the merits. If anything, further delay would prejudice Plaintiff, because as the financial records in this case have shown, the Defendants have frivolously spent Plaintiff's funds; funds to which Defendants have absolutely no entitlement. The longer it takes for this matter to resolve, the more of Plaintiff's money will be spent by the Defendants.

As discussed in Plaintiff's Motion for Leave to Amend, Plaintiff is seeking to add Mr. Scott and WNJ to its complaint under the theory that they committed legal malpractice in the drafting of the opinion letter. The documents which Mr. Scott testified that he received from Defendant Moore do not in any way comport with the opinions which were contained within his letter. Said opinion letter was not based on any legitimate documentation or facts which would have allowed a reasonable attorney in Mr. Scott's position to form the opinions Mr. Scott ultimately formed. WNJ should not be allowed by this Court to intervene and oppose Plaintiff's Motion when it is being pursued on entirely legitimate grounds.

Further, Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend should be "freely given when justice requires." Fed. R. Civ. P. 15(a). This rule permits a party to amend any pleading at any time. The nonmovant bears the burden

6

of demonstrating why the amendment should not be granted. It is the policy of the courts and law to freely allow amendment of pleadings and the addition of new causes of action so that all disputes may be put at issue and decided on their merits. Indeed, judicial policy favors resolution of all disputed matters between the parties in the same lawsuit. Thus, the court's discretion will usually be exercised extremely liberally to permit amendment of the pleadings. *DCD Programs, Ltd. V. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Although a motion to permit an amendment to a pleading is ultimately left to the discretion of the court, the court is rarely justified in refusing to allow a party leave to amend so that he may properly present his case. Allowing WNJ to intervene and oppose Plaintiff's Motion for Leave to Amend is merely an effort by WNJ to prevent itself from being sued. WNJ is in essence asking this Court to not allow Plaintiff to sue WNJ, because WNJ believes the case will be delayed, and that WNJ will be inconvenienced if added in at this "late stage". Neither of these are valid reasons to allow WNJ to intervene as a non-party and oppose Plaintiff's Motion.

### III. CONCLUSION

As discussed in Plaintiff's Motion for Leave to Amend, the proposed amendments to Plaintiff's complaint are not futile. These amendments complete and supplement Plaintiff's original claims by providing the Court with the newly discovered facts and documents concerning the Defendants ongoing course of conduct, and other parties which may be liable for their wrongdoing. Plaintiff is seeking this amendment based on newly discovered facts and documents and wishes to proceed against all parties responsible, some of which were not named in the original action due to Plaintiff not having the full scope of documents and information with respect to the transaction which underlies this case and the parties involved in same.

As such, Plaintiff's Motion For Leave to Amend should be granted by this Court, and WNJ should not be afforded the right to intervene and oppose Plaintiff's

1   Motion For Leave to Amend simply because it does not want to be subject to

2   Plaintiff's lawsuit.

3        WHEREFORE, Plaintiff opposes WNJ's *ex parte* application and asks this

4   Court to deny the WNJ's *ex parte* application for the reasons set forth herein.

5

6

7   Dated: August 9, 2022                Respectfully Submitted,

8                                        **VAZQUEZ & ASSOCIATES, P.A.**

9

10                                       By: */s/ Gerardo A. Vazquez*
                                             Gerardo A. Vazquez, Esq.

11                                           Ralph R. Longo IV, Esq.
                                             Steven B. Herzberg, Esq.

12                                           Attorneys for Plaintiff,

13                                           RADICAL INVESTMENTS LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28