1  GERARDO A. VAZQUEZ (admitted *Pro Hac Vice*)
   gv@gvazquez.com
2  RALPH R. LONGO, IV (admitted *Pro Hac Vice*)
   rl@gvazquez.com
3  STEVEN B. HERZBERG (admitted *Pro Hac Vice*)
4  sh@gvazquez.com
   **VAZQUEZ & ASSOCIATES, P.A.**
5  1111 Brickell Ave., Suite 1550
6  Miami, Florida 33131
   Tel. (305) 371-8064
7
8  MAURICE D. PESSAH (SBN: 275955)
   maurice@pessahgroup.com
9  SUMMER E. BENSON (SBN: 326398)
10 sbenson@pessahgroup.com
   **PESSAH LAW GROUP, PC**
11 9100 Wilshire Blvd., Suite 850E
   Beverly Hills, CA 90212
12 Tel. (310) 772-2261
13
14 Attorneys for Plaintiff,
   RADICAL INVESTMENTS LTD.
15

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company,<br><br>            Plaintiff,<br><br>    v.<br><br>GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al.,<br><br>            Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>[DISCOVERY MATTER]<br><br>**PLAINTIFF RADICAL INVESTMENTS, LTD.'S OMNIBUS REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT GOOD VIBRATIONS ENTERTAINMENT, LLC'S RESPONSE TO DOCUMENT REQUESTS; DEFENDANT ALEX LEE MOORE'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

1

PLAINTIFF RADICAL INVESTMENTS, LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT GOOD VIBRATIONS ENTERTAINMENT, LLC'S RESPONSE TO DOCUMENT REQUESTS; DEFENDANT ALEX LEE MOORE'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

COMES NOW, Plaintiff Radical Investments, Ltd. ("Plaintiff" or "RIL"), by and through the undersigned counsel, and files this Reply in support of its Motion to Compel Defendant Good Vibrations Entertainment, LLC's ("GVE") Response to Document Requests (ECF No. 131) and Motion to Compel Defendant Alex Lee Moore's ("Moore") (collectively, "Defendants") Response to Requests for Production of Documents, Set One (ECF No. 132).

## I.  REPLY

Plaintiff wishes to briefly reply to Defendants' Response to Plaintiff's Motion to Compel (ECF No. 156 [the "Response"]). As a preliminary matter, Defendants assert that "[m]any if not most of the documents requested have already been produced." (Response at 1:23-25.) This statement is misleading at best and wholly inaccurate at worst.

Although the relevant discovery and document requests were propounded **nearly three months ago**, Defendants have, in essence, not responded. Plaintiff has been given the runaround by Defendants' counsel who previously stated that WhatsApp and e-mail communications on Moore's phone were inaccessible. This despite the objective ease with which you can download WhatsApp conversations directly from the application in their native format. Plaintiff has done this without issue as to numerous communications produced during the pendency of this lawsuit.

To date, Moore has produced very few communications and/or documents between himself and his co-Defendants in this matter. In fact, Moore has produced essentially zero communications between himself, GVE, and any third parties to the transaction, including, without limitation: (i) communications between himself and co-Defendant Coley or Prestige Pegasus; (ii) communications between himself and co-Defendant Charlie Stein or DS Law Group;  (iii) communications between himself and critical third parties Cheryl Chamley and Marsha Fontanive, both of whom were extremely involved in the transaction; (iv) communications between himself and any of those "brokers" to which Moore referred to in his deposition. This notwithstanding

2

PLAINTIFF RADICAL INVESTMENTS, LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT GOOD VIBRATIONS ENTERTAINMENT, LLC'S RESPONSE TO DOCUMENT REQUESTS; DEFENDANT ALEX LEE MOORE'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

Plaintiff's direct knowledge, and Moore's own admission, that these communications exist. Indeed, co-Defendant Stein's production and accompanying privilege log detail extensive communications between Moore/GVE and Defendant Stein. And yet, Plaintiff has not produced any of these communications. Plaintiff has similarly failed to provide relevant banking and financial information, some of which Plaintiff was forced to retrieve by way of subpoena. In short, Moore is certain to possess these highly relevant documents, but, for whatever reason, refuses to provide them.

Importantly, Defendants' counsel readily admits that he received various communications from Moore, including WhatsApp messages and e-mails, but that they made "very little sense" and "did not contain the date, time, or participant, nor are they in a manner or layout that would if such were in the actual application or exported directly from the application." (Response at 2:1-6.) Essentially, Defendants' counsel is representing that his client produced these communications to him in a format which was improper or deficient for production. That is not, however, a valid reason or excuse to withhold documents for months on end.

Over the course of the last several months, Plaintiff has conferred with counsel for Defendants *ad nauseum*, granting numerous extensions to allow Defendants additional time to respond. Having wasted valuable time and resources, Plaintiff was ultimately forced to seek judicial intervention. Now, only when confronted with a discovery motion and the threat of sanctions, has Defendants' counsel represented that it needs to hire a "technician" to extract e-mails and WhatsApp messages. (*See* Response at 2:4-6.)

Further, Defendants' counsel argues that Plaintiff's requests are "duplicative" because "[p]resumably, [Plaintiff] should already have such documents or communications." (Response at 2:8-13.) This argument runs afoul of general discovery principles. It is not sufficient to say, "we think you have it, so we are not going to produce it." The purpose of discovery is to allow the parties to inquire as to what the other side has in its possession related to the litigation. For defense counsel

3

PLAINTIFF RADICAL INVESTMENTS, LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT GOOD VIBRATIONS ENTERTAINMENT, LLC'S RESPONSE TO DOCUMENT REQUESTS; DEFENDANT ALEX LEE MOORE'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

to defy its discovery obligations on the premise that Plaintiff should already possess such documents or communications is entirely improper.

Plaintiff undertook a lengthy, time consuming, and costly meet and confer process. Defendants' dilatory and obstructionist behavior, however, has forced Plaintiff to seek relief. Plaintiff has closely adhered to the Federal Rules of Civil Procedure, the Local Rules and the rules set forth by this Court to avoid judicial intervention. Despite Plaintiff's efforts, Defendants refuse to engage in the discovery process and continue to improperly withhold responsive documents. This compounded by Defendants' failure to participate in the joint stipulation requirement under Local Rule 37-2.

Nevertheless, Defendants now request an additional 15 days to respond to Plaintiff's nearly three-month-old discovery requests. Given Defendants' previous course of conduct, and overall perceived lack of interest in participating in this litigation, Plaintiff is skeptical that Defendants will provide responsive documents consistent with its representations. Thus, for the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendants to produce responsive documents within 3 days of any order issued by this Court, and not more than 15 days after the filing of Defendants' Response.

Moreover, given Defendants' blatant abuse of the discovery process as described herein, Plaintiff respectfully requests that Defendants be ordered to pay Plaintiff's reasonable expenses and attorneys' fees in bringing this Motion and for the drafting of the documents associated with same. Plaintiff further requests that should Defendants fail to adhere to any order issued by this Court with respect to the subject matter of this Motion, that Defendants be ordered to pay additional sanctions, including reasonable expenses and attorneys' fees associated with compelling compliance, and that this Court strike Defendants' Affirmative Defenses and Counterclaim.

4

PLAINTIFF RADICAL INVESTMENTS, LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT GOOD VIBRATIONS ENTERTAINMENT, LLC'S RESPONSE TO DOCUMENT REQUESTS; DEFENDANT ALEX LEE MOORE'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

| | | |
|---|---|---|
| 1 | Dated: August 23, 2022 | **VAZQUEZ & ASSOCIATES, P.A.** |
| 2 | | |
| 3 | | By: <u>*/s/ Ralph R. Longo*</u> |
| 4 | | Gerardo Vazquez, Esq. |
| 5 | | Ralph R. Longo IV, Esq. |
| | | Steven B. Herzberg, Esq. |
| 6 | | Attorneys for Plaintiff, |
| 7 | | RADICAL INVESTMENTS, LTD. |

PLAINTIFF RADICAL INVESTMENTS, LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT GOOD VIBRATIONS ENTERTAINMENT, LLC'S RESPONSE TO DOCUMENT REQUESTS; DEFENDANT ALEX LEE MOORE'S RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)