Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFMx<br><br>Hon. Stephen V. Wilson, Crtrm 10A<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE SETTLEMENT AND RELEASE**<br><br>DATE: October 3, 2022<br>TIME: 1:30 p.m.<br>CRTRM: 10A |

///
///
///
///

1
**REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE SETTLEMENT AND RELEASE**

Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP (hereinafter, collectively, "the Stein Defendants" or as named) hereby file their reply brief in support of their motion to bifurcate settlement and release. [Dkt. 110] For the reasons set forth herein and in the moving papers, the motion should be granted.

### 1. THE PROCEDURAL STATUS OF THIS ACTION

The Stein Defendants filed their motion to bifurcate settlement and release when the first amended complaint was the operative pleading in this case and a trial date was set for August 9, 2022. Since that time, the Court vacated the trial date and re-set this motion for hearing on October 3, 2022, with opposition and reply briefs to filed per local rules. [Dkt. 160] Thereafter, on September 15, 2022, the Court granted plaintiff's motion for leave to file its proposed second amended complaint. [Dkt. 176]

The Stein Defendants submit that the arguments raised in support of this motion to bifurcate and those in opposition, apply to the second amended complaint in a manner similar to the first amended complaint. Therefore, this change in pleadings is immaterial to the disposition of this motion.

### 2. THE COURT SHOULD DISTINGUISH BETWEEN ARGUMENTS AS TO THE VALIDITY OF THE RELEASE AND AS TO THE SUBSTANTIVE CAUSES OF ACTION.

This case raises a threshold issue of whether the release entered into between plaintiff and the Stein Defendants bars this entire lawsuit as to the Stein Defendants. Separate and apart from this issue, substantive claims are alleged against the Stein Defendants – negligence, fraud, and civil conspiracy. In other words, if the release is not valid, then the Stein Defendants would have civil liability if plaintiff establishes by a preponderance of the evidence that their acts and omissions fell below the standard of care for a similarly situated professional. Second, if the release is not valid, the Stein Defendants would have liability if

plaintiff establishes that they made intentional misrepresentations. Third, if the release is not valid, and if plaintiff presents adequate evidence that the Stein Defendants agreed with their co-defendants to engage in certain unlawful acts, then the Stein Defendants would have vicarious liability for the acts of the co-defendants. These are, however, different legal issues, with different evidence, than the first threshold issue, validity of the release. Accordingly, in ruling on this motion, the Court should distinguish between these two spheres of evidence, argument, and law.

### 3. A FIRST PHASE OF TRIAL ON THE VALIDITY OF THE RELEASE WOULD DIFFER FROM A SECOND PHASE OF TRIAL ON ACTUAL LIABILITY.

Plaintiff suggests in the opposition brief that bifurcating the trial, as requested in this motion, would create two identical trials. To the contrary, the trial on the validity of the release would be different and much shorter than the trial on actual liability for professional negligence and fraud.

First, the law which the jury would have to consider (through jury instructions) would be different. In a trial on validity of the release, the legal issue would be if the release (a contract) was valid when it was entered into and is enforceable in this case. This is raised in the Stein Defendants' answer in this action, as their affirmative defense #20. [Dkt. 77][1] In such a trial, the trier of fact would **not** consider the law regarding professional negligence – "the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." *Budd v. Nixon* (1971) 6 Cal. 3d 195, 200. Furthermore, the trier of fact would also **not** consider the law regarding fraud – whether there was "(1) a knowingly false representation by the defendant, (2) an

---

[1] The Stein Defendants will plead the same affirmative defense in their answer to the second amended complaint, which will come due shortly.

intent to deceive or induce reliance, (3) justifiable reliance by the plaintiff, and (4) resulting damages. *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal. App. 4th 1807, 1816. Similarly, the trier of fact would **not** consider the law regarding the claim that the Stein Defendants were part of a conspiracy, i.e. whether there was a common plan or design in committing a tort. *Applied Equipment Corp. Ltd. v. Litton Saudi Arabia* (1994) 7 Cal. 4th 503, 510. Eliminating these principles of law would simplify the trial and allow the trier of fact to focus on the validity of the release.

Second, the evidence in the first phase of trial would be limited to that relevant to the validity of the release. Therefore, the evidence would likely consist of witness testimony about communications between RIL's corporate counsel, Olivia Watson, and Mr. Stein before the release was signed, coupled with Mr. Stein's testimony about his communications with Alex Moore. Furthermore, this first phase of trial would consist of Mr. Stein's testimony about what he did after the release was signed to perform conditions precedent to it being enforceable. With the above testimony, the trier of fact would be able to determine whether the release is valid.

In this regard, the Stein Defendants note that plaintiff initially alleged that Mr. Stein breached the settlement agreement by not wiring funds immediately and then by failing to assist plaintiff in recovering the funds that had been disbursed to the co-defendants. [First Amended Complaint, ¶80] [Dkt. 13] Then, in the new second amended complaint, the contention that Mr. Stein did not immediately wire the funds is withdrawn. [Second Amended Complaint. ¶63] [Dkt. 121-1] These are facts which would be the subject of the first trial on the release.

The trial about the release will also involve defendants' position that the release is an integrated document, and therefore, unless it is vague or ambiguous, the Court must apply its words *verbatim* and give them their normal meaning. Therefore, the first trial will be primarily about whether Stein tried to assist plaintiff in recovering the funds from co-defendants, in accordance with the release,

paragraph 2(b), which states, *"Stein shall use his best endeavors to pursue the IOLTA Recipients and all persons to whom funds were disbursed to out of the IOLTA Account in order to procure the return of all sums previously paid out in connection with the Transaction."* [Smith Decl. Ex. B, 1. 3, ¶2(b)] [Dkt. 110-1] The question at trial will be about whether the release – on its face with the words used therein – required Stein to do more and what more he could have done. This finding will then determine if the alleged condition precedent to the release was satisfied.

Assuming the release is valid, it is quite broad – the release encompasses, "any and all claims and causes of action, known and unknown …. or any tort, which each party may have own, or hold, or claim to have, own or hold against each other." [Smith Decl. Ex. B, p. 3, ¶3(a)] [Dkt. 110-1Therefore, the classic tort claims of negligence and fraud would be barred.

In light of the above, the trial on this affirmative defense would take, at most, one day. If Mr. Stein loses in this trial, then the trier of fact will not need to hear about the release again; it can simply decide liability. On the other hand, trial as to the entire complaint, with the release decided at the same time, would be much longer and is estimated at seven days. As the Court knows, separability of issues and judicial economy support bifurcation under Fed. R. Civ. P. 42(b)

Given the differences between these two trials, and the efficiency of conducting an initial trial limited to the role of the release, bifurcation is the prudent choice in this action.

### 4. THIS CASE PRESENTS UNIQUE CIRCUMSTANCES WHICH SUPPORT BIFURCATION.

While bifurcation may not be the norm, this case presents unique circumstances which certainly support bifurcation. Namely, before this lawsuit was even filed, there was a release entered into between plaintiff and the Stein Defendants, i.e. a settlement agreement. The more typical progression of dispute

resolution is that a lawsuit is filed, the parties litigate, and then a settlement agreement is entered into, which results in a final disposition of the dispute. On the other hand, in this case, the **opposite** occurred – a settlement agreement was entered into, then a lawsuit was filed, and now, the parties are litigating. Certainly, in determining the disposition of this case, the role of this agreement between the parties is fundamental and merits examination separate and apart from the more typical tort claims of negligence and fraud. Hence, bifurcation is proper.

5. **A SINGLE TRIAL WOULD BE PREJUDICIAL TO THE STEIN DEFENDANTS.**

A single trial on the release issue and liability of the Stein Defendants would prejudice the Stein Defendants because the trier of fact would hear testimony and be presented with documents that are not relevant to determining if the release is valid. Notably, trial on liability would involve witness testimony and documentary evidence about the interpretation of the governing agreements in this case, i.e. the purchase agreement between plaintiff and Goods Vibrations Entertainment, LLC ("GVE") and the escrow and paymaster agreement between plaintiff, defendant GVE, and the Stein Defendants. Furthermore, there will be testimony about an invoice related to the escrow and paymaster agreement. This is all evidence relevant to the cause of action for negligence, since it addresses why Mr. Stein disbursed the funds as he did. This information is not, however, relevant to determining if a separate contract, the release is valid. Where the jury to hear all this evidence at the same time, there is a risk that it could find that Mr. Stein somehow erred in his distribution of the funds and that therefore, he should have liability, regardless of whether or not the release he entered into with plaintiff is valid and enforceable. This, of course, would be a miscarriage of justice.

Second, and closely related, if the trier of fact hears evidence of alleged misrepresentations by Mr. Stein to Ms. Watson, corporate counsel to RIL, about the status of the payments made from the escrow account, then this too could prejudice

the Stein Defendants. If it is believed that Mr. Stein misrepresented certain information to plaintiff, then the trier of fact could simply want to hold the Stein Defendants liable, without fully considering the role of the release. Clearly, this would prejudice the Stein Defendants. Prejudice is also a recognized basis for bifurcating a trial [Fed. R. Civ. P. 42(b)], and therefore, this motion should be granted.

### 6. CONVENIENCE OF THE PARTIES ALSO SUPPORTS BIFURCATION.

Plaintiff contends in its opposition brief that its corporate witness would have to travel from the Caribbean to attend two trials and that this would be inconvenient. However, this presumes two lengthy trials which are held at different points in time. As set forth herein, the trial on the release would take one day; the trier of fact would then render its decision on the validity of the release. The second trial would then start immediately. If Mr. Stein wins in the first trial, he is not a defendant in the second trial. If he loses, he remains as a defendant, but does not raise the release as a defense in the second trial. Plaintiff's witness, Ms. Watson, would travel to Los Angeles one time – for the initial trial on the release and the second trial on liability. These two trials will take about 8 days in total. If plaintiff wishes to call Alex Moore as a defendant in the first trial and the second trial, the same rationale applies – Mr. Moore travels to Los Angeles one time, for about 8 days in total. Thus, any inconvenience issue is *de minimus* and outweighed by the benefits of bifurcation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### 7. CONCLUSION

Based on the foregoing, the Stein Defendants respectfully request that this motion to bifurcate be granted, such that the Court allow an initial trial limited to the validity and enforceability of the release between them and plaintiff.

DATED: September 19, 2022        ZELMS ERLICH & MACK

By: _____
Rinat Klier Erlich
Brian T. Smith
Attorneys for Defendants
CHARLES Z. STEIN, ESQ. a/k/a
CHARLIE STEIN and DAVIDOVICH
STEIN LAW GROUP, LLP

8
**REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE SETTLEMENT AND RELEASE**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On September 19, 2022, I served True copies of the following document(s) described as **REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE SETTLEMENT AND RELEASE** on the interested parties in this action.

## SEE ATTACHED SERVICE LIST

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 19, 2022 at Woodland Hills, California.

_____
Rosa E. Rojas

# SERVICE LIST
Radical Investment Ltd v. Good Vibrations, et al.
Case No.: 2:22-cv-02752-SVW-AFM

| | |
|---|---|
| Gerardo A. Vazquez, Esq.<br>gv@gvazquez.com<br>Ralph R. Longo, IV, Esq.<br>rl@gvazquez.com<br>Steven B. Herzberg, Esq.<br>sh@gvazquez.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. | Maurice David Pessah, Esq.<br>Maurice@Pessahgrou.com<br>Jsunshine@pessahgroup.com<br>sbenson@pessahgroup.com<br>vusov@pessahgroup.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. |
| John D. Shwalb, Esq.<br>john@jdschwalb.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | Ronald Jay Cohen, Esq.<br>Ecf.rcohen@rprslaw.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC |
| Michael Stoller, Esq.<br>michael.stoller@stollerlawgroup.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | |

**REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE SETTLEMENT AND RELEASE**