1   GERARDO A. VAZQUEZ (admitted *Pro Hac Vice*)
    *gv@gvazquez.com*
2   RALPH R. LONGO, IV (admitted *Pro Hac Vice*)
    *rl@gvazquez.com*
3   STEVEN B. HERZBERG (admitted *Pro Hac Vice*)
    *sh@gvazquez.com*
4   **VAZQUEZ & ASSOCIATES, P.A.**
5   1111 Brickell Ave., Suite 1550
    Miami, Florida 33131
6   Tel. (305) 371-8064
7
    MAURICE D. PESSAH (SBN: 275955)
8   *maurice@pessahgroup.com*
    SUMMER E. BENSON (SBN: 326398)
9   *sbenson@pessahgroup.com*
    **PESSAH LAW GROUP, PC**
10  9100 Wilshire Blvd., Suite 850E
    Beverly Hills, CA 90212
11  Tel. (310) 772-2261
12

13  Attorneys for Plaintiff,
    RADICAL INVESTMENTS, LTD.
14

15                **UNITED STATES DISTRICT COURT**

16                **CENTRAL DISTRICT OF CALIFORNIA**

17  RADICAL INVESTMENTS LTD.,          Case No. 2:22-cv-02752-SVW-AFM
18  a St. Lucia Company,
                                       [DISCOVERY MATTER]
19           Plaintiff,
                                       **PLAINTIFF RADICAL INVESTMENTS,**
20       v.                            **LTD.'S REPLY IN SUPPORT OF**
                                       **MOTION FOR SANCTIONS PURSUANT**
21                                     **TO FED. R. CIV. P. 37(b)(2)(A)**
22  GOOD VIBRATIONS
    ENTERTAINMENT LLC, a Florida
23  Limited Liability Company, et al.,

24

25           Defendants.
26

27

28

PLAINTIFF RADICAL INVESTMENTS, LTD.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 37(b)(2)(A)

COMES NOW, Plaintiff Radical Investments, Ltd. ("Plaintiff" or "RIL"), by and through the undersigned counsel, and files its Reply in support of its Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) as to Defendants Good Vibrations Entertainment, LLC ("Good Vibrations") and Alex Lee Moore, Jr. ("Moore") (collectively, "Defendants") for failure to comply with this Court's September 16, 2022 Discovery Order (ECF No. 177) (the "Order"), and states as follows:

## I.  REPLY

Defendants' opposition fails to present any legal justification for their failure to comply with this Court's September 16, 2022 Discovery Order (ECF No. 177) (the "Order"), and provides no basis for why this Court should ignore Fed. R. Civ. P. 37(b)(2)(A) the same way that Defendants ignored the Order. Defendants and their counsel were afforded multiple opportunities to prevent the instant motion; exonerating them from contempt would simply encourage the very conduct that brought the parties to this point.

It bears particular emphasis that Defendants failed to oppose Plaintiff's request for monetary sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A). As the Court noted in its recent order:

> Defendants Alex Lee Moore and Good Vibrations Entertainment LLC were given the opportunity to oppose the requested amount of attorneys' fees – with any such opposition to be filed on or before September 14, 2022. **That due date has passed, and no opposition has been filed by Defendants**.

(ECF No. 177) (emphasis added). Defendants now urge this Court to indulge their defiance of a court order with which they have only selectively complied.

Defendants had months to comply with their discovery obligations, but instead refused to participate in fact discovery and ignored Plaintiff's meet and confer overtures pursuant to Local Rule ("L.R.") 37-1. After Plaintiff devoted time and money to filing its motions to compel, the Court required Defendants to file

1   oppositions addressing: "*inter alia*, defendants' purported failure to participate in

2   the joint stipulation process as required by Local Rules." (ECF No. 133.) Instead,

3   Defendants filed an opposition requesting "15 days to formal [*sic*] respond to the

4   request for production of documents." (ECF No. 156.) Defendants further argued

5   that Plaintiff's RFPs were "duplicative" because Plaintiff "should already have such

6   documents and communications." (*Id*.) In its August 25, 2022 order granting

7   Plaintiff's motion, the Court found that Defendants' arguments were "**not well**

8   **taken**." (ECF No. 162) (emphasis added).

9        It is against the backdrop of Defendants' repeated gamesmanship that the

10  Court should assess the motion at bar, not *post hoc* justifications of sanctionable

11  conduct grounded in unproven assertions of financial inability. Indeed, Defendants'

12  present no evidence to support their pleas for clemency. The Order did not present

13  Defendants the option of supplementing their discovery responses in lieu of paying

14  sanctions, and Defendants "we did good here, so let us do bad there" argument lacks

15  merit.

16       Moreover, despite Defendants' contentions to the contrary, a finding of civil

17  contempt is warranted in this context. *See In re Dual–Deck Video Cassette Recorder*

18  *Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (holding that civil contempt is

19  appropriate when a court determines, by clear and convincing evidence, that the

20  offending party violated a specific and definite order of the court beyond substantial

21  compliance and without a good faith and reasonable interpretation of the order); *see*

22  *also Martin v. City of Barstow*, No. EDCV1302193ABSPX, 2015 WL 12743594,

23  at *2 (C.D. Cal. Dec. 21, 2015) (finding civil contempt appropriate for failure to

24  pay sanction award). Plaintiff has demonstrated by clear and convincing evidence

25  that Defendants failed to pay the monies owed to it despite this Court's Order. Aside

26  from vague and conclusory allegations of financial hardship, Defendants have made

27  no effort to justify their failure to pay. This is insufficient. Thus, this Court has

28

1  inherent authority to enforce compliance by way of a civil contempt proceeding.
2  *See Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 827-28 (1994).

3         Based on the foregoing, Plaintiff respectfully requests that the Court issue an
4  order finding Defendants in civil contempt, and award additional sanctions to
5  compensate Plaintiff for attorneys' fees incurred in bringing this motion. Plaintiff
6  also reserves its right to seek further sanctions should Defendants continue to defy
7  the orders of this Court.

8

9  Dated: October 24, 2022                    **VAZQUEZ & ASSOCIATES, P.A.**

10

11                                          By: */s/ Ralph R. Longo*
12                                              Gerardo A. Vazquez, Esq.
                                                Ralph R. Longo IV, Esq.
13                                              Steven B. Herzberg, Esq.
                                                Attorneys for Plaintiff,
14                                              RADICAL INVESTMENTS, LTD.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4