Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and
DAVIDOVICH STEIN LAW GROUP, LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RADICAL INVESTMENTS, LTD, a St. Lucia Company<br><br>        Plaintiff,<br><br>        v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC, a Florida limited liability company; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC, a Colorado limited liability company; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP, a California limited liability company<br><br>        Defendants. | Case No. 2:22-cv-02752-SVW-AFMx<br><br>The Hon. Stephen V. Wilson<br><br>**ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

        Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and

DAVIDOVICH STEIN LAW GROUP, LLP (hereinafter, collectively,

"Defendants") hereby answer the unverified Second Amended Complaint

(hereinafter, "SAC") of Plaintiff RADICAL INVESTMENTS, LTD. (hereinafter,

"Plaintiff").  Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond

to the allegations in each corresponding paragraph of the SAC as follows:

1

**THE PARTIES**

1.  In response to paragraphs No. 1-6, Defendants have insufficient information to respond to the contentions made in these paragraphs and on that basis, deny them.

2.  In response to paragraph No. 7-8, Defendants admit that Charles Stein is citizen of California and that Davidovich Stein Law Group, LLP ("DS Law Group") is a citizen of California. Defendants deny that they acted in any manner to commit a tortious act in any district or in any location whatsoever. Furthermore, Defendants admit that Charles Stein and Niv Davidovich are partners in DS Law Group. As to all other allegations in paragraph No. 7-8, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

**JURISDICTION AND VENUE**

3.  In response to paragraphs No. 11-24, Defendants admit that this Court has jurisdiction over them, since they transact business in California. Defendants deny that they are members of any conspiracy; deny that they have undertaken overt and substantial acts in pursuance of any conspiracy; and deny that they have committed any tortious acts within any state. As to all other allegations of paragraphs 11-24, Defendants have insufficient information to respond to these contentions and on that basis, deny them.

**INTRODUCTION**

4.  In response to paragraph No. 26-28, Defendants have insufficient information to respond to the contentions in these paragraphs and on that basis, deny them.

**FACTUAL ALLEGATIONS**

5.   In response to paragraph No. 29-32, Defendants have insufficient information to respond to the contentions in these paragraphs and on that basis, deny them.

6.  In response to paragraph 33, Defendants admit that an escrow agreement designated Charles Stein as an escrow agent or paymaster and that Stein is an

2

ZELMS ERLICH & MACK   CALIFORNIA | ARIZONA

attorney at DS Law Group. As to all other allegations in paragraph 33, Defendants deny them.

7.   In response to paragraphs 34-37, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

8.   In response to paragraph 38, Defendants admit that Charles Stein prepared an April 26, 2021 letter which is Exhibit 4 to the SAC. As to all other allegations therein, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

9.   In response to paragraph 39-49, Defendants deny the allegations therein.

10. As to paragraph 50, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

11. As to paragraphs 51-52, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

12. As to paragraph 53, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

13. As to paragraph 54, Defendants admit that Mr. Stein sent the email which is Exhibit 10 to the SAC. As to all other allegations therein, Defendants deny them.

14. As to paragraphs 55-57, Defendants deny the allegations therein.

15. As to paragraph 58, Defendants admit that Stein sent the email which is Exhibit 12 to the SAC. As to all other allegations therein, Defendants deny them.

16. As to paragraph 59-60, Defendants deny the allegations therein.

17. As to paragraph 61-63, Defendants admit that Mr. Stein and plaintiff executed a release in favor of Defendants on or about July 9, 2021. As to all other allegations therein, Defendants deny them.

18. As to paragraph 64-66, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer,

19. As to paragraph 67, Defendants admit that approximately $5.4 million has been returned to Plaintiff. As to all other allegations therein, Defendants have

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

insufficient information to respond to these allegations, and on that basis, deny them.

20.  As to paragraph 68-69, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

**FACTUAL ALLEGATIONS AS TO STEIN-MOORE RELATIONSHIP**

21.  As to paragraphs 70-126, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**FACTUAL ALLEGATIONS AS TO WARNER, NORCROSS + JUDD & JAMES L. SCOTT**

22.  As to paragraphs 127-139, Defendants do not have sufficient information to respond to these allegations, and on that basis, deny them.

**COUNT I- PIERCING THE CORPORATE VEIL OF DEFENDANT GVE**

23.  As to paragraphs 140-157, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

**COUNT II- PIERCING THE CORPORATE VEIL OF DEFENDANT PRESTIGE**

24.  As to paragraphs 158-174, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

**COUNT III-CIVIL CONSISPIRACY (As to all Defendants)**

25.  As to paragraphs 175-180, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT IV-VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL") – BUSINESS AND PROFESSIONS CODE SECTION 17200 (As to Defendant GVE)**

26. As to paragraphs 181-188, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

27. As to paragraph 189-193, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

**COUNT V-VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL") – BUSINESS AND PROFESSIONS CODE SECTION 17200 (As to Defendant Alex Lee Jr. aka Alex Moore aka Flex Moore)**

28. As to paragraphs 194-201, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

29. As to paragraph 202-206, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

30. **COUNT VI-VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL") – BUSINESS AND PROFESSIONS CODE SECTION 17200 (As to Defendant Prestige)**

31. As to paragraphs 207-214, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

32. As to paragraph 215-219, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

**COUNT VII-VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL") – BUSINESS AND PROFESSIONS CODE SECTION 17200 (As to Defendant Cooley)**

33. As to paragraphs 220-227, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

34. As to paragraph 228-232, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

**COUNT VIII-FRAUD (As to Defendant Good Vibration)**

35. As to paragraphs 233-239, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

36. As to paragraph 239, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

37. As to paragraphs 240-245, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

### COUNT VIX-FRAUD (As to Defendant Moore)

38. As to paragraphs 246-251, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

39. As to paragraph 252, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

40. As to paragraphs 253-258, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

### COUNT X-FRAUD (As to Defendant Prestige)

41. As to paragraphs 259-264, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

42. As to paragraph 265, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

43. As to paragraphs 266-271, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

### COUNT XI-FRAUD (As to Defendant Coley)

44. As to paragraphs 272-277, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

45. As to paragraph 278, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

46. As to paragraphs 279-284, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

### COUNT XII-FRAUD (As to Defendant Stein)

47. As to paragraphs 285-290, Defendants deny these allegations.

48. As to paragraph 291, Defendants deny that Mr. Stein deviated in any manner from the terms of the paymaster agreement and deny that Mr. Stein breached any duty to Plaintiff in any manner whatsoever. As to the contention that Stein had a duty to disclose to Plaintiff any information about transfers from the escrow account, this is a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, it is denied.

49. As to paragraph 292-294, Defendants deny these allegations.

50. As to paragraphs 295-296, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

51. As to paragraph 297, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XIII-FRAUD (As to Defendant DS Law Group)

52. As to paragraphs 298-303, Defendants deny these allegations.

53. As to paragraphs 304, Defendants deny that Mr. Stein deviated in any manner from the terms of the paymaster agreement and deny that Mr. Stein breached any duty to Plaintiff in any manner whatsoever. As to the contention that Stein had a duty to disclose to Plaintiff any information about transfers from the escrow account, this is a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, it is denied.

54. As to paragraph 305-307, Defendants deny these allegations.

55. As to paragraphs 308-309, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

56. As to paragraph 310, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XIV-NEGLIGENT MISREPRESENTATION (As to Defendant GVE)**

57. As to paragraphs 311-312, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

58. As to paragraph 313, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

59.As to paragraph 314-317, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

60. As to paragraph 318, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XV-NEGLIGENT MISREPRESENTATION (As to Defendant Moore)**

61.As to paragraphs 319-320, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

62. As to paragraph 321, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

63.As to paragraph 322-325, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

64. As to paragraph 326, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**COUNT XVI-NEGLIGENT MISREPRESENTATION (As to Defendant Prestige)**

65. As to paragraphs 327-328, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

66. As to paragraph 329, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

67. As to paragraph 330-333, Defendants have insufficient information

68. As to paragraph 334, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XVII-NEGLIGENT MISREPRESENTATION (As to Defendant Coley)**

69. As to paragraphs 335-336, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

70. As to paragraph 337, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

71. As to paragraph 338-341, Defendants have insufficient information

72. As to paragraph 342, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XVIII-UNJUST ENRICHMENT (As to Defendant GVE)**

73. As to paragraphs 343-346, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

74. As to paragraph 347-348, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

75.As to paragraph 349, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XIX-UNJUST ENRICHMENT (As to Defendant Moore)

76. As to paragraphs 350-353, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

77. As to paragraph 354-355, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

78.As to paragraph 356, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XX-UNJUST ENRICHMENT (As to Defendant Prestige)

79.As to paragraphs 357-360, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

80. As to paragraph 361-362, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

81.As to paragraph 363, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XXI-UNJUST ENRICHMENT (As to Defendant Coley)

82.As to paragraphs 364-367, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

83. As to paragraph 368-369, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

ZELMS ERLICH & MACK   CALIFORNIA | ARIZONA

84. As to paragraph 370, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XXII-CONVERSION (As to Defendant GVE)

85. As to paragraphs 371-374, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

86. As to paragraph 375, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XXIII-CONVERSION (As to Defendant Good Moore)

87. As to paragraphs 376-379, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

88. As to paragraph 380, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XXIV CONVERSION (As to Defendant Prestige)

89. As to paragraphs 381-384, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

90. As to paragraph 385, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### COUNT XXV CONVERSION (As to Defendant Coley)

91. As to paragraphs 386-389, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

92. As to paragraph 390, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**COUNT XXVI BREACH OF CONTRACT (As to Defendant GVE)**

93. As to paragraphs 391-392, Defendants admit that Plaintiff and GVE entered into a contract. As to all other allegations therein, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

94. As to paragraph 393-394, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

95. As to paragraph 395, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XXVII BREACH OF CONTRACT (As to Defendant Moore)**

96.As to paragraphs 396-397, Defendants admit that Plaintiff and GVE entered into a contract. As to all other allegations therein, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

97. As to paragraph 398-399, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

98. As to paragraph 400, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XXVIII NEGLIGENCE (As to Defendant Stein)**

99. As to paragraphs 401, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

100. As to paragraph 402, Defendants admit that Charles Stein is a licensed attorney in the state of California and is a partner in DS Law Group.

101. As to paragraph 403, Defendants admit that Charles Stein was acting as an escrow agent with respect to the transaction alleged in the SAC. As to all other

/ / /

**ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

allegations therein, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

102.     As to paragraph 404, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

103.     As to paragraph 405, Defendants deny these allegations.

104.     As to paragraph 406, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XXIX NEGLIGENCE (As to Defendant DS Law Group)**

105.     As to paragraphs 407, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

106.     As to paragraph 408, Defendants admit that Defendant DS Law Group is a limited liability partnership in the state of California.

107.     As to paragraph 409, Defendants admit that Charles Stein was acting as an escrow agent with respect to the transaction alleged in the SAC. As to all other allegations therein, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

108.     As to paragraph 410, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

109.     As to paragraph 411, Defendants deny these allegations.

110.     As to paragraph 412, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

/ / /

/ / /

**ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

ZELMS ERLICH & MACK   CALIFORNIA | ARIZONA

**COUNT XXX BREACH OF CONTRACT & RELEASE AGREEMENT (As to Stein & DS Law Group)**

111.    As to paragraphs 413, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

112.    As to paragraph 414, Defendants admit that Plaintiff and Mr. Stein entered into the Release Agreement for valuable consideration, and as to all other allegations therein, they are denied.

113.    As to paragraph 415, Defendants admit that Plaintiff gave Mr. Stein and DS Law Group a release. As to all other allegations therein, they are denied.

114.    As to paragraph 416 and 417, Defendants deny these allegations.

115.    As to paragraphs 418, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XXXI FOR INJUNCTIVE RELIEF-FRAUD IN THE INDUCEMENT (As to Stein & DS Law Group)**

116.    As to paragraphs 419 and 420, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

117.    As to paragraph 421-423, Defendants deny these allegations.

118.    As to paragraph 424, Defendants admit that the Release Agreement required Mr. Stein to use best efforts to seek a return of the funds disbursed from the escrow account. As to all other allegations therein, they are denied.

119.    As to paragraph 425, Defendants deny these allegations.

120.    As to paragraphs 426, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

121.    As to paragraph 427-429, Defendants deny these allegations.

122.    As to paragraph 430, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XXXII FOR INJUNCTIVE RELIEF-TEMPORARY RESTRAINING ORDER, APPOINTMENT OF RECEIVER, AND ASSET FREEZE (As to Moore, GVE, Coley and Prestige Pegasus)**

123.    As to paragraphs 431, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

124.    As to paragraph 432, Defendants admit that Mr. Stein made the wire transferred referenced in this paragraph on or about April 27, 2021 and May 3, 2021.

125.    As to paragraph 433-436, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

126.    As to paragraph 437-438, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

127.    As to paragraph 439-446, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**COUNT XXXIII – LEGAL MALPRACTICE – NEGLIGENT MISREPRESENTATION (As to Scott & WNJ)**

128.    As to paragraphs 447-448, these allegations state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

129.    As to paragraph 449, the allegation as to Mr. Scott's duty as an attorney is a legal conclusion that requires no answer of Defendants, but to the extent that such allegation requires an answer, it is denied. As to all other allegations of

/ / /

**ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

paragraph 449, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

130.     As to paragraphs 450-455, Defendants have insufficient information to respond to these allegations and on that basis, deny them.

## AFFIRMATIVE DEFENSES

Defendants additionally sets forth the following affirmative defenses to the SAC.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

1.     As a separate and first affirmative defense to the SAC, and to the purported causes of action set forth therein, Defendants allege that the SAC fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE
## (All Obligations Performed)

2.     As a separate and second affirmative defense to the SAC and each purported cause of action contained therein, Defendants alleges that they have fully and/or substantially performed any and all obligations they may have had to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
## (Apportionment of Fault)

3.     As a separate and third affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than the Defendants whether or not parties to this action.  By reason thereof, Plaintiff's damages, if any, as against Defendants must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Defendants may be entitled to partial indemnity from others on a comparative fault basis.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

4.      As a separate and fourth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff, and/or the persons and/or entities acting on its behalf, assumed the risk of all conduct of the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Barred)

5.      As a separate and fifth affirmative defense to the SAC and each purported cause of action contained therein, Defendants alleges that recovery of attorneys' fees by plaintiff is barred by *California Code of Civil Procedure* §1021.

## SIXTH AFFIRMATIVE DEFENSE

### (Authorization)

6.      As a separate and sixth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the SAC by the doctrine of authorization.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

7.      As a separate and seventh affirmative defense to the SAC and each purported cause of action contained therein, Defendants alleges that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the SAC by the Plaintiff and/or the Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on her behalf.  By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendant.

/ / /

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

## EIGHTH AFFIRMATIVE DEFENSE

### (Compliance with the Law)

8.    As a separate and eighth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that the actions taken by them were in full compliance with the law.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

9.    As a separate and ninth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from prosecuting the purported causes of action set forth in the SAC because Plaintiff and/or the persons and/or entities acting on its behalf, consented to and acquiesced in the subject conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.    As a separate and tenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the SAC by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.    As a separate and eleventh affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, are barred for its failure, and/or the failure of the persons and/or entities acting on its behalf, to mitigate any purported damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

12.    As a separate and twelfth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that if Plaintiff

18

suffered or sustained any loss, damage or injury as alleged in the SAC, such loss, damage or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiff complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

13. As a separate and thirteenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the SAC because the acts and/or omissions alleged in the SAC were justified and/or excused.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Deception)

14. As a separate and fourteenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that the actions taken by them were not deceptive nor intentional, nor wrongful in any manner whatsoever.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

15. As a separate and fifteenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff has not been injured or damaged, in any manner, as a proximate result of any act or omission for which Defendants are responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Business Judgment)

16. As a separate and sixteenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that each act or omission of Defendants, their officers, employees and/or agents, with reference to

19

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

Plaintiffs were and continue to be made in good faith and are proper assertions of Defendants' legal rights and Defendants' own business judgment in these circumstances. Therefore, these acts and omissions of Defendants are privileged and protected by the business judgment rule.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

17.    As a separate and seventeenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the SAC are barred by such statutes of limitation as may be applicable, including, but not limited to, *California Code of Civil Procedure* Sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

18.    As a separate and eighteenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the SAC by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

19.    As a separate and nineteenth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that as a result of Plaintiff's own acts and/or omissions, Plaintiff has waived any right which it may have had to recover, and/or is estopped from recovering, any relief sought against Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Settlement And Release)

20.    As a separate and twentieth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff and

Defendants have previously entered into a settlement agreement and mutual release regarding the matters alleged in the SAC. This settlement agreement and mutual release bars plaintiff's SAC against Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

21.     As a separate and twenty first affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the SAC by the doctrine of waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Satisfaction of the Standard of Care)

22.     As a separate and twenty second affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that at all times alleged in the SAC, Defendants acted within the standard of care for their industry and profession and locality in dealing with the matters alleged herein, and none of their acts or omissions caused any damages to Plaintiff nor were Defendants negligent in any manner.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages)

23.     As a separate and twenty third affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants alleges that at all times alleged in the SAC, Defendants did not act with malice, oppression, or fraud, in any manner whatsover, as is required for Plaintiff to be awarded punitive damages.  Nor was there authorization, ratification, or advance knowledge of any oppression, fraud, or malice by any agent.  Accordingly, Plaintiff is not permitted to receive punitive damages from Defendants in this action.

/ / /

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Causation)

24.     As a separate and twenty third affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that none of their acts or omissions caused the damages allegedly suffered by Plaintiff.  Accordingly, Plaintiff cannot maintain any action against Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Emotional Distress Damages)

25.     As a separate and twenty fourth affirmative defense to the SAC and each purported cause of action contained therein, Defendants allege that emotional distress damages are not permitted by law, on the facts alleged.  *Gravillis v. Sup. Ct.* (2006) 143 Cal. App. 4th 761.  Accordingly, Plaintiff cannot seek such damages from Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Right to Add Additional Affirmative Defenses)

26.     As a separate and twenty fifth affirmative defense to the SAC and each purported cause of action contained therein, Defendants reserve the right to add additional affirmative defenses that may be discovered as the case progresses.

WHEREFORE, Defendants pray for relief as follows:

1.     That the SAC be dismissed, with prejudice and in its entirety;

2.     That Plaintiff take nothing by reason of its SAC and that judgment be entered against Plaintiff and in favor of Defendants;

3.     That Defendants be awarded their costs incurred in defending this action; and

/ / /

/ / /

/ / /

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT

4. That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED: October 24, 2022   **ZELMS ERLICH & MACK**

By: _____
   Rinat Klier-Erlich
   Brian T. Smith
   Attorneys for Defendants CHARLES Z.
   STEIN, ESQ. a/k/a CHARLIE STEIN and
   DAVIDOVICH STEIN LAW GROUP,
   LLP

**ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On October 24, 2022, I served true copies of the following document(s) described as **ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested parties in this action.

BY CM/ECF NOTICE OF ELECTRONIC FILING:  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system .  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 24, 2022 at Woodland Hills, California.

_____
Rosa E. Rojas

ANSWER OF DEFENDANTS CHARLES Z. STEIN, ESQ. A/K/A CHARLIE STEIN AND DAVIDOVICH STEIN LAW GROUP, LLP TO PLAINTIFF'S SECOND AMENDED COMPLAINT