UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:22-cv-02752-SVW-AFMx                                   Date: October 31, 2022

Title   Radical Investments, Ltd, v. Good Vibrations Entertainment LLC, et al.

Present: The Honorable:   ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Plaintiff's Motion for Rule 37 Sanctions (ECF No. 190)**

      In an August 25, 2022 order (ECF No. 162), the Court granted Plaintiff's motions to compel against Defendants Alex Lee Moore and Good Vibrations Entertainment LLC.  The Court also ruled that Plaintiff was entitled to reimbursement of its reasonable attorneys' fees incurred in connection with the successful motions to compel.  Plaintiff subsequently filed declarations of counsel that set out the amount of its attorneys' fees in connection with the motions to compel.  Defendants Alex Lee Moore and Good Vibrations Entertainment LLC had the opportunity to file an opposition to the amount of the requested fees, but did not do so.  On September 16, 2022, the Court ruled – pursuant to Fed. R. Civ. P. 37(a)(5)(A) – that Defendant Alex Lee Moore was ordered to pay Plaintiff the amount of $5,587 and, separately, that Good Vibrations Entertainment LLC was ordered to pay Plaintiff the amount of $5,587. (ECF No. 177.)  Defendants were ordered to make these payments on or before September 30, 2022. (*Id.*).

      On October 11, 2022, Plaintiff filed the present motion for sanctions (ECF No. 190) pursuant to Fed. R. Civ. P. 37(b)(2)(A) based on Defendants Alex Lee Moore and Good Vibrations Entertainment LLC's failure to pay Plaintiff the amounts required by the September 16, 2022 order.  Defendants filed a response (ECF No. 198), and Plaintiff has filed a reply (ECF No. 201).  It is undisputed that the Defendants have not made the payments required by the September 16, 2022 order.  Defendants attempt to justify their breach of the order by arguing that: (i) the amounts required by the order are not due and final until "the conclusion of this litigation"; and (ii) that Defendants have been unable to pay the amounts ordered by the Court because Defendants have "a number of financial problems defending this matter." (ECF No. 198.)  The Court will address these justifications in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:22-cv-02752-SVW-AFMx                              Date: October 31, 2022

Title   Radical Investments, Ltd, v. Good Vibrations Entertainment LLC, et al.

    First, Defendants are incorrect about the final due date for their payment obligations under the September 16, 2022 order.  That order expressly set the due date for the payments as September 30, 2022.  As an order under Fed. R. Civ. P. 37(a)(5)(A), it is enforceable through the Court's contempt power, and it is not limited to post-judgment enforcement procedures.  *See Colby v. Newman*, 2014 WL 12586250, at *2 (C.D. Cal. Oct. 6, 2014); *see also Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) ("Use of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment.").  For example, without waiting for the end of the case, the Court may order additional amounts to be paid by Defendants for each day that the past-due amounts remain unpaid.  *See, e.g.*, *Lyddon v. Rocha-Albertsen*, 2006 WL 1523066, at *2 (E.D. Cal. May 31, 2006).  In addition, the Court may order further sanctions under Fed. R. Civ. P. 37(b)(2)(A), including an award of Plaintiff's attorneys' fees incurred in bringing the present motion for sanctions.

    Second, while ability to pay is one factor a court may consider in imposing sanctions, the party to be sanctioned has the burden to prove its inability to pay.  *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).  Here, Defendants have offered only an unverified statement in a brief. That is plainly insufficient.  *See Gaskell,* 10 F.3d at 629.  Even a declaration of general financial difficulty would not suffice. *Id*.  Rather, Defendants must show "categorically and in detail" why they are unable to comply with the September 16, 2022 order.  *NLRB v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973).

    Accordingly, on or before **November 10, 2022**, Defendants Alex Lee Moore and Good Vibrations Entertainment LLC shall file detailed evidence in order to meet their burden to show that they are unable to pay the amounts due under the September 16, 2022 order.  The Court will take this evidence into account in determining whether and what sanctions should be imposed on Defendants for their violation of the September 16, 2022 order.

    IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |