Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and
DAVIDOVICH STEIN LAW GROUP, LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>The Hon. Stephen V. Wilson<br><br>**NOTICE OF ERRATA TO DECLARATION OF BRIAN T. SMITH IN SUPPORT OF STEIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE:  November 21, 2022**<br>**TIME:  1:30 pm.**<br>**CRTRM:  10A** |

/ / /

/ / /

/ / /

/ / /

1

**TO THIS HONORABLE COURT, ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** the Declaration of Brian T. Smith in Support of Stein Defendants' Motion for Summary Judgment, filed on October 31, 2022 [Dkt. 204-2], included an incorrect copy of Exhibit "E" to the Declaration. Attached to this Notice as Exhibit "E" is a true and correct copy of the document which the undersigned counsel intended to attach to this Declaration as Exhibit "E."

DATED:  November 1, 2022          **ZELMS ERLICH & MACK**

By: _____
    Rinat Klier Erlich
    Brian T. Smith
    Attorneys for CHARLES Z. STEIN, ESQ.
    a/k/a CHARLIE STEIN and
    DAVIDOVICH STEIN LAW GROUP,
    LLP

# EXHIBIT "E"

Transcript of the Testimony of:

# OLIVIA WATSON

RADICAL INVESTMENTS, LTD

vs.

GOOD VIBRATIONS ENTERTAINMENT, LLC, et al.

**30(b)(6)**

July 13, 2022

Volume I



IMAGINE
REPORTING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


RADICAL INVESTMENTS, LTD,

                Plaintiff,

        vs.                      Case No.
                                    2:22-CV-02752-SVW-AFMX

GOOD VIBRATIONS ENTERTAINMENT, LLC;
ALEX LEE MOORE, JR., a/k/a ALEX
MOORE a/k/a FLEX MOORE; PRESTIGE
PEGASUS, LLC; MONILADAE COLEY a/k/a
MONILADAID COLEY; CHARLES Z. STEIN,
ESQ., a/k/a CHARLIE STEIN; and
DAVIDOVICH STEIN LAW GROUP, LLP,

                Defendants.

_____


30(b)(6) VIDEOTAPED DEPOSITION OF

OLIVIA WATSON, VOLUME I

WEDNESDAY, JULY 13, 2022

8:11 A.M.

APPEARING REMOTELY FROM

Haggatt Hall, Barbados


REPORTED BY:

Jacqueline Campbell Redd

CSR No. 5284

APPEARING REMOTELY FROM

LOS ANGELES COUNTY, CALIFORNIA

```
 1    APPEARANCES:

 2

 3        For Plaintiff:

 4            VAZQUEZ & ASSOCIATES
              BY:  GERARDO A. VAZQUEZ, ATTORNEY AT LAW
 5                    -and-
                   RALPH R. LONGO, IV, ATTORNEY AT LAW
 6                    -and-
                   MAX KURKIN, ATTORNEY AT LAW
 7            1111 Brickell Avenue
              15th Floor
 8            Miami, Florida 33131
              305.371.8064
 9            gv@gvazquez.com
              rl@gvazquez.com
10            mk@gvazquez.com

11

          For Defendants Alex Moore and Good Vibrations
12        Entertainment, LLC:

13            JOHN D. SCHWALB, PLLC
              BY:   JOHN D. SCHWALB, ATTORNEY AT LAW
14            120 Third Avenue South
              Franklin, Tennessee 37064
15            615.794.7100
              john@jdschwalb.com

16

17        For Defendants Charles Z. Stein, Esq., a/k/a
          Charlie Stein and Davidovich Stein Law Group,
18        LLP:

19            ZELMS ERLICH & MACK
              BY:  BRIAN T. SMITH, ATTORNEY AT LAW
20            20920 Warner Center Lane
              Suite B
21            Woodland Hills, California 91367
              480.608.2114
22            bsmith@zelmserlich.com

23

24        Also Present:

25            MICHAEL SPADE, VIDEOGRAPHER
```

Olivia Watson

30(b)(6)
July 13, 2022

1                    INDEX TO EXAMINATION

2                WITNESS:   OLIVIA WATSON

3

4    EXAMINATION                                   PAGE

5    By Mr. Schwalb                               7, 13

6    By Mr. Smith                                   11

7

8

9

10

11                INFORMATION REQUESTED

12                        (NONE)

13

14

15

16

17

18          WITNESS INSTRUCTED NOT TO ANSWER

19                        (NONE)

20

21

22

23

24

25

```
 1                         INDEX TO EXHIBITS

 2                          OLIVIA WATSON

 3                   Radical Investments, LTD

 4                               vs.

 5          Good Vibrations Entertainment, LLC, et al.

 6                   WEDNESDAY, JULY 13, 2022

 7            Jacqueline Campbell Redd, CSR No. 5284

 8

 9    MARKED                DESCRIPTION              PAGE

10    Exhibit 1     Notice of Taking Deposition of    10
                    Plaintiff Radical Investments,
11                  LTD's Rule 30(b)(6) Witness

12    Exhibit 2     E-mail dated June 17, 2022 with   21
                    attachments
13
      Exhibit 3     E-mail dated April 14, 2021       34
14                  with attachments; Bates-stamped
                    GVE-026 through GVE-050
15
      Exhibit 4     E-mail dated April 16, 2021       34
16                  with attachments; Bates-stamped
                    GVE-051 through GVE-068
17
      Exhibit 5     E-mail dated April 23, 2021       41
18                  with attachments

19    Exhibit 6     Exhibit A Irrevocable Pay Order   42

20    Exhibit 7     Exhibit 7 to the amended          42
                    complaint
21
      Exhibit 8     Invoice; Exhibit 16 to Mr.        51
22                  Stein's deposition

23

24

25
```

Olivia Watson

30(b)(6)
July 13, 2022

INDEX TO EXHIBITS (Continued)

| MARKED | DESCRIPTION | PAGE |
|--------|-------------|------|
| Exhibit 9 | Letter from Ministry of Health and Wellness dated March 18, 2021 | 69 |
| Exhibit 10 | Letter from the Ministry of Health and Wellness dated April 6, 2021 | 72 |
| Exhibit 11 | Letter from Ministry of Health and Wellness dated March 11, 2021 | 74 |

```
 1              WEDNESDAY, JULY 13, 2022, 8:11 A.M.

 2                 HAGGATT HALL, BARBADOS

 3

 4              THE VIDEOGRAPHER:  Good morning.  We're now

 5    on the record.  My name is Michael Spade, your

 6    remote video technician working on behalf of Imagine

 7    Reporting.  Today's date is Wednesday, July 13th,

 8    2022, and the time now is 8:11 a.m. in the Pacific

 9    Time Zone.  I'd like to remind participants to

10    please turn off notifications on their cell phones

11    during the examination.

12              The details of this examination are as

13    follows:  Case name is Radical Investments, LTD

14    against Good Vibrations Entertainment, LLC, filed in

15    the United States District court, Central District

16    of California, noticed by counsel for the defendants

17    for the examination of the witness Radical

18    Investments, LTD, Rule 30(b)(6) witness Olivia

19    Watson.  The court reporter for today's proceeding

20    is Jackie Redd.

21              Counsel will now please identify themselves

22    and who they represent followed by the court

23    reporter swearing in the witness.

24              MR. SCHWALB:  John Schwalb on behalf of

25    Alex Moore and Good Vibrations Entertainment, LLC,
```

1    commonly referred to as GVE.

2         MR. VAZQUEZ:   Gerardo Vazquez on behalf of

3    plaintiff Radial Investments LTD.

4         MR. SMITH:   Good morning.   Brian Smith on

5    behalf of Charlie Stein and the Davidovich Stein Law

6    Group, defendants in this action.

7         (Discussion off the record)

8

9              OLIVIA WATSON,

10             having been first duly sworn, was

11             examined and testified as follows:

12

13                  EXAMINATION

14   BY MR. SCHWALB:

15    Q    Ms. Watson, my name is John Schwalb.   I

16   represent Mr. Moore and GVE.   Have you ever given a

17   deposition before?

18    A    Not in the United States, no.

19    Q    But you have -- you say not in the United

20   States?

21    A    No, not in the United States.

22    Q    Have you given a deposition or letters

23   rogatory in another country?

24    A    I have given a witness statement in another

25   country.

1     Q     Let me give you a few ground rules.

2  Because we're dealing with people, I guess, as far

3  as almost 5,000 miles from one another, that there

4  is going to be some delay.  So let us finish the

5  question, and we'll try and let you finish your

6  answer as best we can.  If at any time I ask you a

7  question that you don't understand, please tell me

8  you don't understand it and I will be happy to

9  rephrase it for you.  Can you hear me okay?

10     A     Yes, I can.

11     Q     Thank you.  You're giving verbal answers.

12  I'll ask you to continue to give verbal answers and

13  try and refrain from saying uh-huh or huh-uh because

14  that's difficult for Ms. Redd to take down on her

15  transcript.  Will you do that for me?

16     A     Yes.

17     Q     Have you seen the Rule 30(b)(6) notice that

18  was sent in this case?

19     A     I do not have a copy in front of me.  I

20  couldn't recall what it says.

21          THE VIDEOGRAPHER:  Counsel, pardon my

22  interruption.

23          Ms. Watson, could I ask you to get a little

24  closer to your computer?  We're just having a little

25  bit of a hard time hearing you.

Olivia Watson

1       THE WITNESS:  It's right in front me on the

2   desk.  I actually can't physically get any closer to

3   it, unfortunately.

4       THE VIDEOGRAPHER:  Oh, I see.  We were able

5   to hear you a little bit better.  I just ask, I

6   suppose, if you would speak up a little bit.

7       THE WITNESS:  Okay.

8       THE VIDEOGRAPHER:  Thank you very much.

9       MR. VAZQUEZ:  John, can I interject really

10  quickly?

11      MR. SCHWALB:  Certainly.

12      MR. VAZQUEZ:  Okay.  I don't know if we

13  provided Ms. Watson the actual notice.  But we went

14  through -- you know, we did go through most of the

15  documents to be familiar on what testimony she had

16  to give in her capacity as a corporate

17  representative.

18      MR. SCHWALB:  Okay.  Well, I've put up --

19  can everybody see this?  I've shared -- this is the

20  notice that was sent out by Mr. Smith's office.  Can

21  everybody see that?

22      THE WITNESS:  Yes.

23      MR. SCHWALB:  Okay.  Let's go ahead and

24  make this Exhibit No. 1.

25      Ms. Redd, I will e-mail this to you during

```
 1    a break or something.
 2           (Exhibit 1 marked)
 3    BY MR. SCHWALB:
 4       Q    Let me initially ask you.  Ms. Watson, tell
 5    me about your educational background.
 6       A    I am qualified as an attorney at law.  I
 7    have an undergraduate degree and postgraduate
 8    degree, and I am admitted to practice law.
 9       Q    And by whom are you employed?
10       A    I am -- I represent Radical Investments,
11    Limited.  I am their in-house counsel.
12       Q    Are you in-house counsel for any other
13    companies?
14       A    Within the group, yes.
15       Q    Okay.  And what companies are those?
16       A    Maloney Group, Inc.; Preconco Limited;
17    Housing Concepts Srl; Meridian Caribbean, Limited;
18    Berth 5 Projects, Limited; Rock Hard Cement,
19    Limited; Rock Hard Distribution, Limited; Vision
20    Investments, Inc.; Bushy Park Circuit, Inc.; and a
21    series of nontrading companies also within the same
22    group.
23       Q    Do those all fall under one umbrella parent
24    company?
25       A    Yes, they do.
```

1          THE REPORTER: Yes. It was Exhibit 8. You

2    just need to get it to me whenever at a break.

3    BY MR. SCHWALB:

4       Q    If you would, Ms. Watson, turn to Exhibit 4

5    that you have. And in particular I want to go to

6    the part that starts the contract, which is going to

7    be beginning at page GVE-061.

8       A    Yes.

9       Q    And then turn to page 65.

10      A    Yes.

11      Q    Let me know when you're there.

12      A    I'm there.

13      Q    Item No. 2 says, "Within 24 hours of the

14   funds being placed in the Escrow Account" — now,

15   that's Mr. Stein's escrow account; correct?

16      A    Yes.

17      Q    It says, "The Seller shall provide to the

18   Buyer an invoice from AstraZeneca noting: the total

19   price of the Products; confirmation that delivery of

20   the Products will be within seven days of receipt of

21   payment; and the details of the account maintained

22   by AstraZeneca into which the purchase price for the

23   Products is to be deposited." Do you see that?

24      A    Yes.

25      Q    Did GVE within 24 hours of the money being

```
 1      placed in the account comply with this provision?

 2         A   No. It did not.

 3         Q   On what day was the money placed in the

 4      account?

 5         A   I believe the 20 — I'm not sure exactly

 6      what day it was placed in the account. I believe it

 7      was around the 18th.

 8         Q   That's when it was wired?

 9         A   I believe so. I don't know the exact date

10      off the top of my head.

11         Q   You would agree with me, though, that it

12      had been wired into — strike that. Go to

13      Exhibit 8, which is the AstraZeneca invoice. Do you

14      see that? It says date of issue of 4/22 of '21?

15         A   Yes.

16         Q   And it says, "Billed to GVE LLC"; correct?

17         A   Yes.

18         Q   And the irrevocable pay order, Exhibit

19      No. 6 that was attached to the complaint, is dated

20      April 27th.

21         A   Yes.

22         Q   Do you know what date the invoice was

23      provided to Radical?

24         A   I believe the same date that it was issued.

25         Q   Do you know why there was a seven-day
```

1    delay — or five-day delay in confirming — or doing

2    the irrevocable pay order?

3        A    Yes. Because the invoice was supposed to

4    note the additional requirements as per Item 2 in

5    the exhibit you just pulled up. And it did not. It

6    did not include the wire instructions, and it did

7    not confirm — there was something else, I believe.

8    The wire instructions was the main issue. We did

9    not have wire details as to where the money was

10   supposed to be sent.

11       Q    And those wire details were provided —

12   were placed on the deal by Mr. Mabney?

13       A    The wire details were provided by Charlie

14   Stein, yes, and included in Exhibit A.

15       Q    Well, let me see if I understand this

16   correctly. You mean that in Exhibit 6, which was

17   Exhibit A to the irrevocable pay order, that the

18   information that appears below the box for

19   Mr. Mabney's signature where it says the bank name,

20   bank address, and account name, was that placed on

21   the order by Mr. Mabney or Mr. Stein?

22       A    That was placed on the irrevocable pay

23   order by me prior to Mr. Mabney signing the

24   information.

25       Q    Okay. And that was in spite of the fact

REPORTER'S CERTIFICATE

1

2     I, JACQUELINE CAMPBELL REDD, CSR NO. 5284,

3  Certified Shorthand Reporter, certify:

4     That the foregoing proceedings were taken

5  remotely before me at the time and place therein set

6  forth, at which time the witness was put under oath

7  by me; that the testimony of the witness, the

8  questions propounded, and all objections and

9  statements made at the time of the examination were

10 recorded stenographically by me and were thereafter

11 transcribed; that a review of the transcript by the

12 deponent was not requested;

13     That the foregoing is a true and correct

14 transcript of my shorthand notes so taken.

15     I further certify that I am not a relative or

16 employee of any attorney of the parties, nor

17 financially interested in the action.

18     I declare under penalty of perjury under the

19 laws of California that the foregoing is true and

20 correct.

21     Dated: July 18, 2022

22

23     *Jacquelie Campbell Redd*
   _____
24 Jacqueline Campbell Redd, CSR No. 5284

25

Case 9:21-cv-81761-AMC   Document 13-1   Entered on FLSD Docket 09/29/2021   Page 30 of
31
Case 2:22-cv-02752-SVW-AFM   Document 109   Filed 11/01/22   Page 19 of 21   Page ID
#:3342

**EXHIBIT**
**6**
Olivia Watson
7/13/2022
Reported by Jacqueline Redd
CSR No. 5284

**EXHIBIT A**
**Irrevocable Pay Order**

This Irrevocable Pay Order (the **"Irrevocable Pay Order"**) is executed pursuant to the agreement between the Seller and Buyer (as each is defined below) to effect payment for the below referenced transaction:

Product: Astra Zeneca Covid-19 Vaccine

Product Location:  manufacturer location: Belgium

Quantity: 1 million doses (100,000 vials)

Total value: $10,200,000.00 (Ten Million Two Hundred Thousand Dollars)

Seller Name, address: Good Vibrations Entertainment LLC, 2219 Main St., Santa Monica, CA 90405

Buyer Name, address: Radical Investments Limited, 20 Micoud Street, Castries, St. Lucia

Paymaster: Charles Z. Stein of Davidovich Stein Law Group, LLC (the Paymaster)

All capitalized terms used herein and not otherwise defined, shall have the meaning set forth in the Paymaster Agreement by and among the Buyer, Seller and Paymaster.

The undersigned, an authorized signatory for the Buyer, acknowledges fulfillment of the obligations under the Purchase Agreement pursuant to which payment is now due to Astra Zeneca for the Products. The Buyer hereby irrevocably and unconditionally confirms and authorizes the release of the Product Purchase Price by Paymaster in the IOLTA Account to Astra Zeneca in accordance with the attached invoice and as directed herein. The pay order directed herein is irrevocably confirmed and payable to Astra Zeneca, without protest delays and/or deductions.

The Paymaster hereby agrees to place this Irrevocable Pay Order into effect with the Bank for the purposes of making the payment directed herein.

The undersigned Buyer representative hereby guarantees to fully cooperate with Paymaster's actions that are necessary to affect the directions set forth herein.

IN WITNESS WHEREOF, the undersigned Buyer has executed this Agreement as of the Effective Date April 27, 2021

| Buyer: Radical Investments Limited | |
|---|---|
| Name: Mark Maloney<br>Title: Director | |

| Bank Name | Wells Fargo N.A. |
|---|---|
| Bank Address | 9233 Lincoln Avenue, Lone Tree, CO, 80124, U.S.A |
| Account Name | Prestige Pegasus LLC |
| Account Number: | |
| Sort Code ABA No.: | |
| SWIFT Code | |

6.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On November 1, 2022, I served True copies of the following document(s) described as **NOTICE OF ERRATA TO DECLARATION OF BRIAN T. SMITH IN SUPPORT OF STEIN DEFENDANTS' MOTION FOR SUMMARYY JUDGMENT** on the interested parties in this action.

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system . Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Zelms Erlich & Mack for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.    I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Woodland Hills, California – to Prestige Pegasus, LLC  and Moniladae Coley ONLY.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 1, 2022 at Woodland Hills, California.

_____

Rosa E. Rojas

NOTICE OF ERRATA TO DECLARATION OF BRIAN T. SMITH IN SUPPORT OF
STEIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SERVICE LIST

Radical Investment Ltd v. Good Vibrations, et al.

Case No.:  2:22-cv-02752-SVW-AFM

| | |
|---|---|
| Gerardo A. Vazquez, Esq.<br>gv@gvazquez.com<br>RalphR. Longo, IV, Esq.<br>rl@gvazquez.com<br>Steven B.  Herzberg, Esq.<br>sh@gvazquez.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. | Maurice David Pessah, Esq.<br>Maurice@Pessahgrou.com<br>Jsunshine@pessahgroup.com<br>sbenson@pessahgroup.com<br>vusov@pessahgroup.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. |
| John D. Shwalb, Esq.<br>john@jdschwalb.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | Mark Drook, Esq.<br>mdrooks@birdmarella.com<br>Sharon Ben Shahar Mayer, Esq.<br>smayer@birdmarella.com<br><br>Attorneys for James Scott and Warner, Norcross + Judd |
| Prestige Pegasus, LLC<br>5526 Reseda Blvd.<br>Reseda, CA 91335<br><br>IN PRO PER | Moniladae Coley<br>5526 Reseda Blvd.<br>Reseda, CA 91335<br><br>IN PRO PER |
| Michael Stoller, Esq.<br>michael.stoller@stollerlawgroup.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | |

NOTICE OF ERRATA TO DECLARATION OF BRIAN T. SMITH IN SUPPORT OF
STEIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT