GERARDO A. VAZQUEZ (admitted *Pro Hac Vice*)
RALPH R. LONGO, IV (admitted *Pro Hac Vice*)
STEVEN B. HERZBERG (admitted *Pro Hac Vice*)
**VAZQUEZ & ASSOCIATES, P.A.**
1111 Brickell Ave., Suite 1550
Miami, Florida 33131
Tel. (305) 371-8064

MAURICE D. PESSAH (SBN: 275955)
SUMMER E. BENSON (SBN: 326398)
**PESSAH LAW GROUP, PC**
9100 Wilshire Blvd., Suite 850E
Beverly Hills, CA 90212
Tel. (310) 772-2261

Attorneys for Plaintiff,
RADICAL INVESTMENTS LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company,<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al.,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>*Assigned to the Hon. Stephen V. Wilson*<br>**DECLARATION OF RALPH R. LONGO IV IN SUPPORT OF PLAINTIFF RADICAL INVESTMENTS LTD.'S OPPOSITION TO STEIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with Memorandum of Points and Authorities in Opposition; Declaration of Olivia Watson; Statement of Genuine Disputes of Material Fact]<br><br>Date:          November 21, 2022<br>Time:          1:30 p.m.<br>Courtroom:   10A |

1

## DECLARATION OF RALPH R. LONGO IV

I, Ralph R. Longo IV, hereby declare:

    1.    I am an attorney at law duly admitted to practice before this Court on this matter. I am an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. ("Plaintiff" or "RIL"). The matters set forth in this declaration are within my personal knowledge and, if called to do so, I could and would competently testify thereto.

    2.    I make this declaration in support of Plaintiff's Opposition to the Motion for Summary Judgment filed by Defendants Charles Z. Stein, Esq. ("Stein") and Davidovich Stein Law Group, LLP ("DS Law Group") (collectively, "Stein Defendants") (ECF No. 204).

    3.    Attached hereto as **Exhibit 1** is a true and correct copy of the Letter of Intent issued by the Ministry of Health and Wellness for the Country of Barbados, dated April 6, 2021. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff during the pendency of this lawsuit.

    4.    Attached hereto as **Exhibit 2** is a true and correct copy of the Sales and Purchase Agreement by and between Defendant Good Vibrations Entertainment, LLC ("GVE") and Plaintiff, dated April 16, 2021. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

    5.    Attached hereto as **Exhibit 3** is a true and correct copy of the AstraZeneca invoice provided to Plaintiff by Defendant Alex Lee Moore, Jr. ("Moore") on behalf of Defendant GVE, dated April 22, 2021. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff during the pendency of this lawsuit..

    6.    Attached hereto as **Exhibit 4** is a true and correct copy of the April 26, 2021 opinion letter provided by Defendant Stein of DS Law Group; and the April

24, 2021 opinion letter provided by James L. Scott, Esq. of Warner Norcross + Judd, LLP. These documents were retained as business records by Plaintiff with respect to the subject transaction and were produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

7.     Attached hereto as **Exhibit 5** is a true and correct copy of the customer payment receipt confirming a wire transfer in the amount of $12,200,000.00 from Plaintiff to Defendant Stein's escrow account. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff during the pendency of this lawsuit.

8.     Attached hereto as **Exhibit 6** is a true and correct copy of the domestic wire transaction detail report confirming two wire transfers, totaling approximately $4,200,000.00, from Defendant Stein to Defendants. This document was produced and authenticated by Defendants Stein/DS Law Group during the deposition of Defendants Stein/DS Law Group.

9.     Attached hereto as **Exhibit 7** is a true and correct copy of various WhatsApp communications between Defendants Moore and Stein. These communications were produced by Defendants Moore and Stein during the pendency of this lawsuit. These communications concern, *inter alia*, the facts and circumstances surrounding the transaction which forms the basis for this action.

10.     Attached hereto as **Exhibit 8** is a true and correct copy of the May 28, 2021 correspondence from Plaintiff to Defendants Stein and DS Law Group regarding non-performance and breach of fiduciary duties; the Irrevocable Pay Order; and Confirmation of Non-Performance, dated May 27, 2021.These documents were retained as business records by Plaintiff with respect to the subject transaction and were produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of the June 14, 2021 correspondence from Michael Howarth of Serum Pharma Limited. This

document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff during the pendency of this lawsuit.

12.    Attached hereto as **Exhibit 10** is a true and correct copy of the July 14, 2021 correspondence from Scott Furssedonn-Wood, the British High Commissioner to Barbados & the Eastern Caribbean, to Plaintiff. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff during the pendency of this lawsuit.

13.    Attached hereto as **Exhibit 11** is a true and correct copy of the July 6, 2021 correspondence from Plaintiff to Defendants Stein and DS Law Group regarding amendment to the Escrow and Paymaster Agreement. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

14.    Attached hereto as **Exhibit 12** is a true and correct copy of the Release Agreement by and between Plaintiff and Defendant Stein, dated July 9, 2021. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

15.    Attached hereto as **Exhibit 13** is a true and correct copy of the July 11, 2021 correspondence from Defendant Stein to Defendants GVE/Moore and Moniladai Coley ("Coley"). This document was produced by Defendants Stein/DS Law Group during the pendency of this lawsuit.

16.    Attached hereto as **Exhibit 14** is a true and correct copy of various email correspondence, dated July 4, 2021 to July 7, 2021, between Ms. Olivia Watson, Mr. Jonathan Sutton, Mr. Leonard Pertnoy and Defendant Moore regarding the return of $4,200,000.00. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

4

17.     Attached hereto as **Exhibit 15** is a true and correct copy of relevant financial records detailing the activity of a Bank of America account belonging to Defendants. This document was obtained in response to duly served subpoena from Plaintiff to Bank of America during the pendency of this case. Defendant Moore did not dispute the authenticity of this exhibit during deposition.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of relevant portions of the deposition transcript of Defendant Moore, dated June 24, 2022. I was present at Moore's deposition, during which he testified in both his personal capacity and as GVE's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

19.     Attached hereto as **Exhibit 17** is a true and correct copy of the April 27, 2021 correspondence from Defendant Moore to Defendant Stein authorizing payment to Defendant Stein in the amount of $40,000.00, as well as promising Stein a "bonus" upon completion of the transaction. This document was produced by Defendants Stein/DS Law Group during the pendency of this lawsuit.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of the Answer, Counter-Complaint and Cross-Claim of Defendants GVE/Moore (ECF No. 36), filed on January 28, 2022. This document was filed by counsel for Defendants GVE/Moore.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of the Escrow and Paymaster Agreement for the subject transaction. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

22.     Attached hereto as **Exhibit 20** is a true and correct copy of relevant portions of the deposition transcript of Defendant Stein, dated June 16, 2022. I was present at Stein's deposition, during which he testified in both his personal capacity and as DS Law Group's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

23.     Attached hereto as **Exhibit 21** is a true and correct copy of a WhatsApp communication which took place between Stein, Moore, and Ms. Olivia Watson between April 10, 2021 and April 27, 2021. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

24.     Attached hereto as **Exhibit 22** is a true and correct copy of an e-mail written by Defendant Stein to Plaintiff on May 28, 2021. This document was retained as a business record by Plaintiff with respect to the subject transaction and was produced by Plaintiff, and others parties to this case, during the pendency of this lawsuit.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of November, 2022 at Miami, Florida.


                    */s/ Ralph R. Longo IV*
                    Ralph R. Longo IV, Declarant