GERARDO A. VAZQUEZ (admitted *Pro Hac Vice*)
gv@gvazquez.com
RALPH R. LONGO, IV (admitted *Pro Hac Vice*)
rl@gvazquez.com
STEVEN B. HERZBERG (admitted *Pro Hac Vice*)
sh@gvazquez.com
**VAZQUEZ & ASSOCIATES, P.A.**
1111 Brickell Ave., Suite 1550
Miami, Florida 33131
Tel. (305) 371-8064

MAURICE D. PESSAH (SBN: 275955)
maurice@pessahgroup.com
SUMMER E. BENSON (SBN: 326398)
sbenson@pessahgroup.com
**PESSAH LAW GROUP, PC**
9100 Wilshire Blvd., Suite 850E
Beverly Hills, CA 90212
Tel. (310) 772-2261

Attorneys for Plaintiff and Counter-Defendant,
RADICAL INVESTMENTS LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company,<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al.,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>*Assigned to the Hon. Stephen V. Wilson*<br><br>**PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:        November 21, 2022<br>Time:       1:30pm<br>Courtroom: 10A |

1

COMES NOW, Plaintiff and Counter-Defendant Radical Investments, Ltd. ("Plaintiff" or "RIL"), by and through the undersigned counsel, and files its omnibus Reply in response to the Opposition filed by Defendants Good Vibrations Entertainment, LLC ("GVE") and Alex Lee Moore, Jr. ("Moore") (collectively, "Moore Defendants") (ECF Nos. 214, 215) with respect to Plaintiff's Motions for Summary Judgment (ECF Nos. 205, 206), and states as follows:

## I.  INTRODUCTION

The Moore Defendants' Opposition is procedurally defective and fails to set out specific facts showing a genuine issue for trial.

On October 31, 2022, Plaintiff filed two summary judgment motions (the "MSJs") (ECF No. 205, 206), and, consistent with Local Rule ("L.R.") 56-1, lodged a statement of uncontroverted facts and conclusions of law in support thereof. Plaintiff set forth in extraordinary detail its claims and presented evidence establishing the Moore Defendants' liability. Plaintiff cited extensively to hundreds of pages of exhibits which substantiate Plaintiff's claims. In short, Plaintiff has complied with the Federal Rules of Civil Procedure, the Local Rules and this Court's Standing Order, and met its burden in seeking summary judgment

The Moore Defendants, on the other hand, failed to file a timely "statement of genuine disputes of material fact" as required by L.R. 56-2. The Moore Defendants' Opposition errantly states that their statement of genuine disputes of material fact was filed contemporaneously with the Opposition – it was not. (ECF No. 214 ["Def. Opp."] at 2, fn. 2.) In fact, it was filed a day later, and beyond the opposition deadline explicitly set by this Court. Pursuant to this Court's Order of October 19, 2022, any opposition was to be filed by November 7, 2022. (*See* ECF No. 197.) The Moore Defendants dishonored this deadline by filing their statement of genuine disputes of material fact on November 8, 2022.

2

PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

L.R. 7-12 provides, in pertinent part:

The Court may **decline to consider any memorandum or other document not filed within the deadline set by order or local rule**. The failure to file any required document, or **the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion**[.]

(emphasis added).

Accordingly, it is within this Court's discretion to deem the Moore Defendants' failure to comply with the deadline as consent to summary judgment. At a minimum, Plaintiff respectfully requests that the Court decline to consider the Moore Defendants' untimely statement of genuine disputes of material fact. (*See* ECF No. 214.)[1]

This is not an isolated occurrence. The Moore Defendants are notorious for defying the express orders of this Court as is evidenced by the pending contempt motion resulting from the Moore Defendants' failure to timely pay discovery sanctions. (*See* ECF No. 190.) This is further evidenced by the Moore Defendants' failure to respond to the Court's November 1, 2022 Order in which the Moore Defendants were ordered to file a detailed accounting by November 10, 2022 to evidence their claim that they are unable to pay the fee sanctions imposed by Magistrate Judge MacKinnon. (*See* ECF No. 207.) Predictably, the Moore Defendants defied the Court's Order entirely.

More importantly, the Moore Defendants have manifestly failed to rebut the evidence presented in the MSJs. Instead, the Moore Defendants rely on a declaration from Defendant Moore which was executed and filed nearly three (3) months ago on August 15, 2022. (*See* ECF No. 153.) Further, the August 15, 2022 declaration on which the Moore Defendants rely cites extensively to exhibits which were **never** filed in the record. The Moore Defendants' Statement of Additional Facts cites to exhibits labeled as A-W. However, the only exhibits included in the

---

[1] The Moore Defendants may also be subject to sanctions pursuant to L.R. 7-13.

3

PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

record are labeled as A-E. The remainder of these exhibits (F-W), which are heavily referenced in Moore's August 15, 2022 declaration, and are the only evidentiary support on which the Moore Defendants' rely in their Opposition, were never lodged in the record, thereby rendering said declaration inadmissible hearsay.

Worse still, the Opposition is devoid of any case law or relevant authority in support of their position. The Moore Defendants merely cite to the August 15, 2022 declaration of Moore, which is utterly deficient. For these reasons, and as further elaborated in the underlying MSJs, Plaintiff is entitled to summary judgment as a matter of law.

## II. REPLY

### A. **The Moore Defendants Failed to File a Timely Statement of Genuine Disputes of Material Fact, and Have Not Supported Their Opposing Arguments with Sufficient Evidence**

In accordance with L.R. 56-1, Plaintiff filed its Statement of Uncontroverted Facts and Conclusions of Law contemporaneously with its dispositive motions. (*See* ECF No. 205, 206, Appx. 3.) Plaintiff set forth thirty-seven (37) statements of undisputed fact supported by two (2) declarations and more than twenty (20) documentary exhibits.

In conjunction with L.R. 56-1, L.R. 56-2 provides that "[a]ny party who opposes the motion shall serve and file with the opposing papers a separate document containing a concise 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." The party opposing summary judgment must also file a declaration or other written evidence supporting their statement of genuine issues/facts. *See* L.R. 56-3.

The Moore Defendants failed to do so as the exhibits upon which they rely were never filed with the Court. Essentially, the Moore Defendants ask this Court to comb through hundreds if not thousands of non-existent documents to corroborate their arguments for them. However, it is not within the Moore

4

PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

Defendants purview to request that the Court undertake such an arduous task. In fact, this Court has previously admonished such behavior:

> Under Local Rules 56-2 and 56-3, these triable issues of fact must be identified in the non-moving party's "Statement of Genuine Issues" and supported by "declaration or other written evidence." See also Sullivan v. Dollar Tree Stores, Inc., 623 F.3d 770, 779 (9th Cir. 2010) ("Federal Rule of Civil Procedure 56(e)(2) requires a party to 'set out *specific* facts showing a genuine issue for trial.' ") (emphasis in original). If the non-moving party fails to identify the triable issues of fact, the court may treat the moving party's evidence as uncontroverted, so long as the facts are "adequately supported" by the moving party. Local Rule 56-3; see also International Longshoremen's Ass'n, AFL-CIO v. Davis, 476 U.S. 380, 398 n.14 (1986) ("[I]t is not [the Court's] task *sua sponte* to search the record for evidence to support the [parties'] claim[s]."); Carmen v. San Francisco United School District, 237 F.3d 1026, 1029 (9th Cir. 2001) ("A lawyer drafting an opposition to a summary judgment motion may easily show a judge, in the opposition, the evidence that the lawyer wants the judge to read. It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence.").

*Medrano v. Volkswagen Grp. of Am. Inc.*, No., 2012 WL 12882428, at *2 (C.D. Cal. July 6, 2012).

Notwithstanding the foregoing, the Moore Defendants' Opposition is substantively defective as it does not properly introduce **any** evidence, other than an outdated August 15, 2022 declaration from Moore, to controvert the evidence presented in the MSJs. (*See* ECF No. 153.) Moore's three-month-old declaration cites to alphabetized exhibits A-W that, while referenced, are **not** all attached to Moore's declaration. (*Id*.) Indeed, Exhibits F-W are conspicuously absent from the record. In short, the Moore Defendants cite exclusively to an outdated declaration and multiple non-existent exhibits.

5

PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

Accordingly, Moore's testimony, to the extent it cites to "evidence" that is not part of the record or properly introduced, is wholly inadmissible. Because the Moore declaration (and exhibits A-E thereto) is the **only** evidence upon which the Moore Defendants rely to refute the morass of evidence in the MSJs, Plaintiff's evidence is effectively "uncontroverted" as a matter of law. *See* L.R. 56-3 ("In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.").

Moreover, the exhibits referenced in Moore's declaration do not present any genuine dispute of material fact. These exhibits include:

- Exhibit A – a completely blank purchase order;
- Exhibit B – an e-mail from Linda Salud Margon on February 26, 2021 and documents entirely unrelated to RIL which appear to be some sort of template for a Letter of Intent to purchase vaccines;
- Exhibit C – a Letter from Barbados' Government to AstraZeneca in which they express an urgent and imminent need to procure vaccines;
- Exhibit D – a letter from Barbados' Government to Cheryl Chamley and her husband Abraham expressing interest in purchasing Johnson & Johnson vaccines;
- Exhibit E – An NPR article from March 18, 2021 regarding COVID vaccine manufacturing facilities in India.

These exhibits have little to nothing to do with Plaintiff's allegations against the Moore Defendants, and are, at best, background documents which identify some of the parties related to the transaction. These documents do not refute Plaintiff's claims or rebut the evidence presented in Plaintiff's MSJs. Accordingly, Moore's

6

PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

August 21, 2022 declaration is inadequate and constitutes inadmissible hearsay. (*See* ECF No. 153 at ¶ 51-52; ¶ 56-58; ¶ 59-65; ¶ 67-69, ¶ 71-73.)

Neither the parties nor the Court can determine the veracity of the evidence upon which the Moore Defendants rely. Therefore, the substance of Moore's declaration, and, by extension, the Moore Defendants' Statement of Additional Facts, lack evidentiary support, and constitute inadmissible hearsay. In turn, the Moore Defendants have not (and cannot) demonstrate that there is a genuine issue of material fact warranting denial of Plaintiff's motions.

### B. The Moore Defendants Ask this Court to Review the Entire Record in the Hopes that the Court Will Save Them From Summary Judgment

When analyzing motions for summary judgment, if the non-moving party fails to identify the triable issues of fact, the court may treat the moving party's evidence as uncontroverted, so long as the facts are "adequately supported" by the moving party. *See Medrano*, 2012 WL 12882428 at 2; *see also* L.R. 56-3. Based on the Opposition, and their complete disregard for applicable rules and proper procedure, the Moore Defendants do not identify any triable issues of fact because their arguments are not supported by any admissible evidence. Plaintiff has clearly met the "adequately supported" standard with respect to the documents and evidence it has submitted in support of its MSJs. The Moore Defendants are in effect asking this Court to review a record which is hundreds of docket entries long and contains thousands if not tens of thousands of pages of documents in the hopes that this Court will do their work for them and find evidence which supports their contentions. As noted by this Court in *Medrano* (*supra*), it is the responsibility of the opposing party to file supporting evidence. The Court is not obligated to review the entire record and seek out the exhibits which the Moore Defendants failed to file.

Any reference to any exhibit in the Moore Defendants' Statement of Additional Facts, or any objection to Plaintiff's Statement of Uncontroverted Facts,

7

PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

based on exhibits F-W to Moore's August 15, 2022 declaration is inadmissible. Thus, the Opposition must fail because it lacks any evidentiary support.

### C. The Moore Defendants Deliberately Ignore the Fact that They Squandered Plaintiff's Funds Despite Not Having Delivered the Vaccines Pursuant to the Contract

The Opposition is a jumbled, convoluted mishmash of facts which does not follow any coherent order or structure. The Opposition alternates between being in the first and third person, and contains an untold number of typographical errors and blatantly botched copy/paste jobs from other documents.

Despite its obvious procedural and evidentiary deficiencies, the Opposition completely ignores the most critical undisputed fact in the record: the Moore Defendants retained $4.2 million of Plaintiff's funds, spent them entirely, and did not deliver the vaccines per the terms of the parties' contract. The Moore Defendants can make all the arguments they please regarding *force majeure*, or that there was nothing stating GVE could not attempt to make a profit in excess of $2 million, or that RIL was in fact the breaching party, etc. However, this does not alter reality. The Moore Defendants did not deliver the vaccines to Barbados. When Plaintiff terminated the transaction because GVE could not deliver, GVE refused to return the money. The Moore Defendants, as evidenced by the voluminous financial records attached to Plaintiff's motions, squandered Plaintiff's money to fund their lavish lifestyle. The Moore Defendants, however, offer no explanation for this because there is none. Thus, summary judgment is properly granted.

### III. CONCLUSION

Based on the foregoing, it is apparent that there exists no genuine disputes of material fact as to Plaintiff's claims against the Moore Defendants. Similarly, the Moore Defendants have offered nothing to support the preposterous allegations contained in their Counter-Complaint. As such, Plaintiff respectfully requests that this Court grant summary judgment as to Plaintiff's claims against the Moore Defendants, and with respect to the Moore Defendants' Counter-Complaint.

Dated: November 14, 2022      **VAZQUEZ & ASSOCIATES, P.A.**

By:    */s/ Ralph R. Longo IV*
    Gerardo A. Vazquez, Esq.
    Ralph R. Longo IV, Esq.
    Steven B. Herzberg, Esq.
    Attorneys for Plaintiff/Counter-Defendant,
    RADICAL INVESTMENTS, LTD.

9

PLAINTIFF/COUNTER-DEFENDANT RADICAL INVESTMENTS LTD.'S OMNIBUS REPLY IN RESPONSE TO DEFENDANTS ALEX LEE MOORE, JR. AND GOOD VIBRATIONS ENTERTAINMENT, LLC'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT