Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and
DAVIDOVICH STEIN LAW GROUP, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD | Case No. 2:22-cv-02752-SVW-AFM |
| Plaintiff, | The Hon. Stephen V. Wilson |
| v. | **OBJECTIONS TO PLAINTIFF'S EVIDENCE RE OPPOSITION TO STEIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DECLARATION OF RINAT ERLICH** |
| GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP, | **DATE:  November 21, 2022**<br>**TIME:  1:30 pm.**<br>**CRTRM:  10A** |
| Defendants. | |

/ / /

/ / /

/ / /

**OBJECTION #1**

**Evidence Objected:**

Longo Declaration, Parag. 3, Exhibit "1."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #2**

**Evidence Objected:**

Longo Declaration, Parag. 4, Exhibit "2."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #3**

**Evidence Objected:**

Longo Declaration, Parag. 5, Exhibit "3."

/ / /

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was provided to his client or maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #4**

**Evidence Objected:**

Longo Declaration, Parag. 6, Exhibit "4."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was provided to his client or maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #5**

**Evidence Objected:**

Longo Declaration, Parag. 7, Exhibit "5."

/ / /

/ / /

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was maintained by his client.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #6**

**Evidence Objected:**

Longo Declaration, Parag. 8, Exhibit "6."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. No foundation that Longo knows how the document was maintained by Stein. No proper authentication with a verified discovery response.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #7**

**Evidence Objected:**

Longo Declaration, Parag. 9, Exhibit "7." Also objection to the phrase "These communications concern, inter alia, the facts and circumstances surrounding the transaction which forms the basis for this action."

/ / /

/ / /

4

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. No foundation that Longo knows how the document was maintained by Stein or Moore or what period of time it concerns. No proper authentication with a verified discovery response. Plaintiff alleged that Stein was Moore's attorney. An objection was made to any of their communications being used for any purpose, in the event that this Court finds that they had an attorney client relationship. See attached, Exhibit "O."

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #8**

**Evidence Objected:**

Longo Declaration, Parag. 11, Exhibit "9."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was provided to his client or maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

/ / /

/ / /

/ / /

/ / /

**OBJECTION #9**

**Evidence Objected:**

Longo Declaration, Parag. 12, Exhibit "10."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was provided to his client or maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #10**

**Evidence Objected:**

Longo Declaration, Parag. 13, Exhibit "11."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was provided to his client or maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

/ / /

/ / /

/ / /

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

**OBJECTION #11**

**Evidence Objected:**

Longo Declaration, Parag. 16, Exhibit "14."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Longo is an attorney at Vazquez & Associates P.A., counsel of record for Plaintiff Radical Investments, Ltd. in this lawsuit. No foundation that he knows how the document was provided to, or received by, his client or maintained by his client or others.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #12**

**Evidence Objected:**

Longo Declaration, Parag. 19, Exhibit "17." Also defendants object to the specific phrase: "authorizing payment to Defendant Stein in the amount of $40,000.00, as well as promising Stein a "bonus" upon completion of the transaction."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Document speaks for itself. Longo is interpreting a document. No foundation as to how this was produced. No attached verified discovery response. Also, irrelevant. Moore can authorize any payment from his personal funds. No evidence this was ever paid.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #13**

**Evidence Objected:**

Watson Declaration, Parag. 7. "Chamley resides in South Florida and has experience as medical concierge providing access to U.S. medical services to clients in the Caribbean and had also successfully sourced various COVID-19 related personal protective equipment ("PPE") items for other parties in the Caribbean."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #14**

**Evidence Objected:**

Watson Declaration, Parag. 8. "Moore, by and through his company, Good Vibrations Entertainment LLC ("GVE") expressly represented that he had a solid commercial track record with respect to sourcing and commercializing COVID-19 related PPE, including being able to source vaccines (specifically AstraZeneca vaccines)."

**Grounds for Objection:**

Lacks proper foundation. No personal knowledge. Fed. R. Evid. 602. Hearsay. Fed. R. Evid. 801-802. Watson is counsel to RIL. No evidence that the communications were with her.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

/ / /

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

**OBJECTION #15**

**<u>Evidence Objected</u>:**

Watson Declaration, Parag. 10. "As the Escrow Agent, Stein and DS Law were entrusted with safeguarding RIL's funds."

**<u>Grounds for Objection</u>:**

Document speaks for itself. Vague as to 'safeguarding.' Under what conditions?

**<u>Ruling on Objection</u>:**

Sustained: _____

Overruled: _____

**OBJECTION #16**

**<u>Evidence Objected</u>:**

Watson Declaration, Parag. 17. "RIL was further assured that the Funds would be delivered to the proper parties only upon RIL being provided with an Invoice from AstraZeneca and an Original Bill of Lading evidencing delivery of the Vaccines, and upon demonstration to RIL that it was being provided the Vaccines free and clear of any liens or encumbrances."

**<u>Grounds for Objection</u>:**

Document speaks for itself. Irrelevant since the agreement was modified and the funds were asked to be delivered to Prestige and 'per the attached invoice,' which shows GVE as the seller. Misstates the document. "Free and clear" is not in the agreement. Watson also implies that Stein had a duty to make sure RIL received an 'Original Bill of Lading.' Watson is not an expert for standard of care. Fed. R. Evid. 701-702.

/ / /

/ / /

9

OBJECTIONS TO PLAINTIFFS' EVIDENCE RE OPPOSITION TO STEIN
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #17**

**Evidence Objected:**

 Watson Declaration, Parag. 20. "RIL was to execute the Irrevocable Pay Order authorizing disbursement of the Funds only upon being satisfied that RIL and/or the Government of Barbados had received the 1,000,000 doses of AstraZeneca Vaccines."

**Grounds for Objection:**

 Document speaks for itself. Misstates the document. It says nothing about receipt of the vaccines.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #18**

**Evidence Objected:**

 Watson Declaration, Parag. 26. "GVE had negotiated contracts with AstraZeneca and accordingly would be able to source and deliver the vaccines as per the terms of the Contract."

**Grounds for Objection:**

 Document speaks for itself. Misstates the document. It says nothing about whether GVE could deliver the vaccines per the contract.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

ZELMS ERLICH & MACK          CALIFORNIA | ARIZONA

**OBJECTION #19**

**Evidence Objected:**

Watson Declaration, Parag. 28 and Exhibit "E." I now understand that Stein/DS Law knew (even before receipt of RIL's Funds) that Moore/GVE was not capable of complying with the terms of the Contract (namely to deliver an Original Bill of Lading from AstraZeneca to RIL)."

**Grounds for Objection:**

Exhibit "E" was objected to. See attached Exhibit "O." Further, this misstates the document. Watson also knew that GVE could not provide an Original Bill of Lading. See Parag. 24 of her Declaration and the Irrevocable Pay Order (Stein Exhibit "A") which was provided by RIL without an Original Bill of Lading. Yet this misstates the document when Watson says that "Moore/GVE was not capable of complying with the terms of the Contract."

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #20**

**Evidence Objected:**

Watson Declaration, Parag. 29 Exhibit "E" and "was an untrue statement."

**Grounds for Objection:**

Exhibit "E" was objected to. See attached Exhibit "O." Further, lacks foundation. The references in the contract were merely terms and were not true or untrue. Watson does not establish they were facts. Still further, Moore's communications are hearsay and his intentions are irrelevant. Fed. R. Evid. 801-802.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #21**

**Evidence Objected:**

　　Watson Declaration, Parag. 31 "co-Defendant Moniladai Coley ("Coley") as being the authorized supplier with a specific AstraZeneca supply contract and allocation holder. Moreover, Moore represented that GVE had a supply contract with Prestige to procure RIL's Vaccines."

**Grounds for Objection:**

　　Hearsay. Fed. R. Evid. 801-802. Lacks foundation. Fed. R. Evid. 602.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #22**

**Evidence Objected:**

　　Watson Declaration, Parag. 32 "RIL's understanding via Moore's representations that AstraZeneca distribution protocols and channels required going through its distributor, in this case Prestige."

**Grounds for Objection:**

　　Hearsay. Fed. R. Evid. 801-802. Lacks foundation. Fed. R. Evid. 602.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #23**

**Evidence Objected:**

　　Watson Declaration, Parag. 33

　　"i. the ultimate final invoice from AstraZeneca is proprietary and therefore not available;

ii. RIL's request for commercial assurance (such as the AstraZeneca Invoice, Original Bill of Lading, etc.) is above and beyond what AstraZeneca distributors are willing to provide;

iii. Stein had spoken with Prestige's CEO and confirmed that Prestige had a direct relationship with AstraZeneca and would deliver the AstraZeneca Vaccines to comply with the RIL Contract;

iv. that Prestige had provided him with its bank account information at Wells Fargo Bank - but was instructed by Prestige not to provide RIL with the information without first executing the Irrevocable Pay Order/Disbursement Instructions."

**Grounds for Objection:**

Hearsay. Fed. R. Evid. 801-802. Lacks foundation. Fed. R. Evid. 602. Best evidence. Fed. R. Evid. 1002. Misstates the evidence. No documents are attached that make those statements.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #24**

**Evidence Objected:**

Watson Declaration, Parag. 34: "Finally Stein provided a legal opinion confirming, inter alia, that Moore had the capacity to perform."

**Grounds for Objection:**

Hearsay. Lacks foundation. Best evidence. Fed. R. Evid. 1002. Misstates the document. Fed. R. Evid. 602, 801-802 and 1002.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

/ / /

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

**OBJECTION #25**

**Evidence Objected:**

     Watson Declaration, Parag. 35: "Moore/GVE had provided Stein/DS Law with wire instructions which conflicted with RIL's Irrevocable Pay Order/Disbursement Instructions."

**Grounds for Objection:**

     Hearsay. Lacks foundation. Fed. R. Evid. 602. Best evidence. Fed. R. Evid. 1002. Misstates the document.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #26**

**Evidence Objected:**

     Watson Declaration, Parag. 36: "in direct violation of the Escrow Agreement and of his responsibilities as paymaster" and "After repeated inquiries, RIL has been unable to ascertain whether RDS is indeed a legitimate shipping company."

**Grounds for Objection:**

     Hearsay. Lacks foundation. Fed. R. Evid. 602. Best evidence. Fed. R. Evid. 1002. Unsubstantiated legal conclusion. Fed. R. Evid. 602.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #27**

**Evidence Objected:**

     Watson Declaration, Parag. 37: "RIL did not authorize any other disbursement of the funds which were deposited into Stein's escrow account other

/ / /

than the following: $10.2 million to AstraZeneca or $10,200,000.00 to Prestige as a qualified intermediary."

**Grounds for Objection:**

Hearsay. Fed. R. Evid. 801-802. Lacks foundation. Fed. R. Evid. 602. Best evidence. Fed. R. Evid. 1002. Misstates the Irrevocable Pay Order.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #28**

**Evidence Objected:**

Watson Declaration, Parag. 38: "These transfers were in direct violation of Stein's duties as the Escrow Agent and were not authorized by RIL." and "Stein testified that he was presented with an invoice between GVE and RIL."

**Grounds for Objection:**

Hearsay. Lacks foundation. Fed. R. Evid. 602 and 701-702. Best evidence. Fed. R. Evid. 1002. Unsubstantiated legal conclusion. Misstates Stein's testimony.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #29**

**Evidence Objected:**

Watson Declaration, Parag. 39: "Stein paid himself $40,000.00 out of the escrow account at the direction of Moore, instead of the agreed upon sum of $24//,400.00. This also was not authorized by RIL."

**Grounds for Objection:**

Hearsay. Lacks foundation. Best evidence. Fed. R. Evid. 801-802, 602, 1002. Misstates Stein's testimony. Assumes facts, that RIL must authorize how GVE disburses its own funds. Fed. R. Evid. 602.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #30**

**Evidence Objected:**

      Watson Declaration, Parag. 40: "while on a WhatsApp group message with both Stein and Moore, I repeatedly asked Stein to provide wire confirmations, which would reflect what Stein had wired out of the escrow account."

**Grounds for Objection:**

      Hearsay. Best evidence. Fed. R. Evid. 801-802 and 1002.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #31**

**Evidence Objected:**

      Watson Declaration, Parag. 41: "balked at my questions and told me he could not provide these wire confirmations and that my request was outside the scope of his duties as paymaster" and "Moore responded in this very same WhatsApp chat that the funds had been sent to co-Defendant Prestige Pegasus and that he was speaking to AstraZeneca."

**Grounds for Objection:**

      Hearsay. Best evidence. Lacks foundation as to 'balked.' Fed. R. Evid. 602 801, 802, 1002.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

**OBJECTION #32**

**Evidence Objected:**

      Watson Declaration, Parag. 42: "It is now my understanding, based on documents presented to me (produced by Stein), that Moore and Stein were working together against RIL's interest" and "Stein/DS Law had a financial interest to improperly wire Moore/GVE the unauthorized amounts . . .in order to secure the monetary bonus."

**Grounds for Objection:**

      Hearsay. Best evidence. Unsupported legal conclusion. Fed. R. Evid. 602, 801, 802, 1002. Lacks foundation.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #33**

**Evidence Objected:**

      Watson Declaration, Parag. 43: "Moore offered to make Stein a millionaire if the transaction closed."

**Grounds for Objection:**

      Hearsay. Best evidence. Misstates the document. Lacks foundation. Fed. R. Evid. 602, 801, 802. Also, the production was objected to, see Exhibit "O."

**Ruling on Objection:**

Sustained: _____

Overruled: _____

/ / /

/ / /

/ / /

/ / /

**OBJECTION #34**

**Evidence Objected:**

     Watson Declaration, Parag. 44: "GVE/Moore were actually going to profit in the amount of $8 million" and "Stein knew of this arrangement."

**Grounds for Objection:**

     Hearsay. Best evidence. Misstates the documents. Lacks foundation. Fed. R. Evid. 801-802, 602, 1002. Unsupported conclusion. Fed. R. Evid. 602. Also, the production was objected to, see Exhibit "O."

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #35**

**Evidence Objected:**

     Watson Declaration, Parag. 45: "Despite his knowledge that Moore was to profit in the amount of $8 million from the transaction" and "Stein failed to disclose this information to myself or RIL."

**Grounds for Objection:**

     Hearsay. Best evidence. Fed. R. Evid. 801-802, 1002. Misstates the documents. Lacks foundation. Unsupported conclusion that assumes there was a duty. Fed. R. Evid. 701-702. Also, the production was objected to, see Exhibit "O."

**Ruling on Objection:**

Sustained: _____

Overruled: _____

/ / /

/ / /

/ / /

/ / /

ZELMS ERLICH & MACK
CALIFORNIA | ARIZONA

**OBJECTION #36**

**<u>Evidence Objected</u>:**

      Watson Declaration, Parag. 46: "Misappropriated." Parag. 47 "grossly misappropriated" "violation of the terms of the Contract" and "funds had been misappropriated."

**<u>Grounds for Objection</u>:**

      Lacks foundation. Unsupported conclusion. Fed. R. Evid. 602.

**<u>Ruling on Objection</u>:**

Sustained: _____

Overruled: _____

**OBJECTION #37**

**<u>Evidence Objected</u>:**

      Watson Declaration, Parag. 48: "Stein responded to this May 29 letter by telling RIL that the only amount he could return to RIL would be $2 million which was to be paid as a commission to GVE" and "RIL had not given Stein any authorization to do anything with RIL's funds other than" and "Stein misappropriated."

**<u>Grounds for Objection</u>:**

      Hearsay. Fed. R. Evid. 801-802. Misstates the documents. Fed. R. Evid. 1002. The conclusion that Stein misappropriated lacks foundation or expertise. Fed. R. Evid. 602, 701, 702.

**<u>Ruling on Objection</u>:**

Sustained: _____

Overruled: _____

/ / /

/ / /

/ / /

/ / /

**OBJECTION #38**

**Evidence Objected:**

      Watson Declaration, Parag. 50: "Stein told me and RIL that he would only send RIL its own funds back if RIL executed a release of Stein and his law firm" and "was forced."

**Grounds for Objection:**

      Hearsay. Fed. R. Evid. 801-802. Lacks foundation. Fed. R. Evid. 602.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #39**

**Evidence Objected:**

      Watson Declaration, Parag. 51: "was placed under duress by Stein" and "Stein had already misappropriated" and "numerous conditions precedent which Stein was obligated to perform prior to obtaining a release of himself and his law firm."

**Grounds for Objection:**

      Lacks foundation. Fed. R. Evid. 602. Legal conclusion re obligation. Fed. R. Evid. 701-702. Unsupported conclusion re misappropriation.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

**OBJECTION #40**

**Evidence Objected:**

      Watson Declaration, Parag. 52:

      "i. Stein shall wire the balance of the funds in the IOLTA Account relating to

the Transaction, being $5,474,830 to RIL within one business day of mutual execution of this Release;

      ii. Stein shall use his best endeavors to pursue the IOLTA recipients and all persons to whom funds were disbursed to out of the IOLTA Account in order to procure the return of all sums previously paid out in connection with the transaction;

      iii. Stein shall provide to RIL such assistance as may be requested by Radical to allow Radical to pursue the IOLTA recipients and all parties to whom sums were paid by Stein out of the IOLTA account in connection with the transaction;

      iv. Stein shall provide such correspondence, documentation or other communication related to requests for the disbursements out of the IOLTA Account or otherwise related to the Transaction together with evidence of all payments made, as Radical may request; and,

      v. Stein shall forthwith pay to RIL any sums which are returned to Stein/the IOLTA Account in respect of any repayment of sums previously disbursed by Stein out of the IOLTA Account to the IOLTA recipients or otherwise in respect of the Transaction."

**Grounds for Objection:**

      Lacks foundation. Fed. R. Evid. 602. Legal conclusion re whether each terms is a condition precedent.  Fed. R. Evid. 701-702. Best evidence. Fed. R. Evid.1002.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #41**

**Evidence Objected:**

      Watson Declaration, Parag. 53:

      "To date, Stein has not assisted RIL"

      "in any meaningful way"

ZELMS ERLICH & MACK

CALIFORNIA | ARIZONA

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

1  "in direct breach of the settlement agreement and the conditions precedent"

2  "To the best of my and RIL's knowledge, sent an e-mail asking Coley/Moore

3  to send back the Funds, and made a phone call or two seeking the Funds' return."

4  "Based on my and RIL's understanding of the best endeavors an American

5  attorney is able to undertake in order to seek a recovery of funds, it was my/RIL's

6  understanding that Stein/DS Law would use their legal abilities/ resources to pursue

7  a legal action or seek a legal remedy of some sort."

8  "Stein has not done nearly enough to merit the satisfaction of the "best

9  endeavors" portion of the conditions precedent to his/DS Law's release, based on

10  RIL's expectations and his/DS Law's abilities."

11  **Grounds for Objection:**

12  Lacks foundation. Fed. R. Evid. 602. Legal conclusion re whether there was a

13  breach of the agreement or a condition precedent.  Fed. R. Evid. 701-702. Best

14  evidence re Watson's interpretation of the agreement's 'best endeavors'. Fed. R.

15  Evid.1002. Inappropriate legal conclusion and expert testimony as to what an

16  attorney may do seeking a legal remedy 'of some sort.' Fed. R. Evid. 701-702

17  **Ruling on Objection:**

18  Sustained: _____

19  Overruled: _____

20

21  **OBJECTION #42**

22  **Evidence Objected:**

23  Watson Declaration, Parag. 54:

24  "failure to fulfill the conditions precedent"

25  "any substantive way."

26  "meaningful communications or documents"

27  "done nothing to assist RIL recover the funds which he wrongfully

28  misappropriated, and thus has not earned a release of himself or DS Law."

**Grounds for Objection:**

Lacks foundation. Fed. R. Evid. 602. Legal conclusion re condition precedent and failure to meet it. Also re 'substantive' and 'meaningful.' Fed. R. Evid. 701-702. Best evidence re Watson's interpretation of the agreement. Fed. R. Evid.1002. Inappropriate legal conclusion and expert testimony. Fed. R. Evid. 701-702. Misstates the evidence that Stein had done nothing and that he needs to earn a release.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #43**

**Evidence Objected:**

Watson Declaration, Parag. 55:

"misrepresented his relationship with his co Defendant Moore."

"advising Moore during the transaction."

"Stein had a significant financial interest in the transaction."

**Grounds for Objection:**

Lacks foundation. Fed. R. Evid. 602. Legal conclusion re duty to advise RIL of anything other than what the agreement sought. Fed. R. Evid. 701-702. Best evidence re Exhibit "E" (See Exhibit "O"). Fed. R. Evid.1002. Misstates the evidence that Stein had significant financial interest.

**Ruling on Objection:**

Sustained: _____

Overruled: _____

/ / /

/ / /

/ / /

ZELMS ERLICH & MACK   CALIFORNIA | ARIZONA

**OBJECTION #44**

**Evidence Objected:**

Watson Declaration, Parag. 56:

"acting as Moore's advisor and that Stein was promised by Moore that he would be made a millionaire."

"Stein was an interested party to the transaction and not just a neutral third-party."

"he could not use his best endeavors to pursue his business partner/advisee."

**Grounds for Objection:**

Lacks foundation that Stein was not neutral or an advisor to Moore. Fed. R. Evid. 602. Legal conclusion re whether Stein could use his best endeavors. Fed. R. Evid. 701-702. Misstates the evidence that Stein was not neutral.


**Ruling on Objection:**

Sustained: _____

Overruled: _____


**OBJECTION #45**

**Evidence Objected:**

Watson Declaration, Parag. 57:

"a plain reading of the release makes no mention of Stein being released from malpractice."

"Legal malpractice is not contemplated whatsoever in the aforementioned release agreement."

**Grounds for Objection:**

Lacks foundation, Fed. R. Evid. 602 and legal conclusion, Fed. R. Evid. 701-702 as to the reading of the release. Misunderstanding of California Civil Code section 1542. No standing to sue for legal malpractice, as the duty of care is only

24

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

owed to the client. *Buckley v. Gray* (1985) 110 Cal. 339, 342. Parol evidence. The release is an integrated contract and the parties cannot testify as to their 'contemplation.' California Code of Civil Procedure section 1856 and California Civil Code section 1625.

**Ruling on Objection:**

Sustained: _____

Overruled: _____


DATED:  November 14, 2022          **ZELMS ERLICH & MACK**


By: _____

Brian T. Smith
Attorneys for CHARLES Z. STEIN, ESQ.
a/k/a CHARLIE STEIN and
DAVIDOVICH STEIN, LLP

# DECLARATION OF RINAT ERLICH

I, Rinat Erlich, declare as follows:

1.      I am an attorney, licensed to practice before this Court. I am a partner with Zelms Erlich & Mack, counsel of record for defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP. I have personal knowledge of the facts set forth herein, except those stated on information and belief, and as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the contents of this declaration. I make this declaration in support of the objections to evidence produced in the Opposition to the Motion for Summary Judgment or Alternatively, Summary Adjudication, filed on behalf of my clients.

2.      Attached as Exhibit "O" a true and correct email I sent to all parties in this lawsuit on July 23, 2022, after I learned that plaintiff is arguing that Stein was Moore's attorney before and during the subject escrow. While Stein is not making any such contention at this time, I also spoke to Moore and GVE's counsel, Michael Stoller and he informed me that if there was an attorney client relationship between Moore/GVE and Stein/Stein Davidovich, his clients would never waive the attorney client privilege.  Therefore, before the What's App texts could be used by anyone, this Court must determine whether an attorney client relationship was formed, and if it was, this Court should recognize GVE/Moore's right to maintain the privilege.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 14, 2022 at Los Angeles, California.

Rinat Erlich

ZELMS ERLICH & MACK
CALIFORNIA | ARIZONA

# EXHIBIT "O"

## Rinat K. Erlich

| | |
|---|---|
| **From:** | Rinat K. Erlich |
| **Sent:** | Saturday, July 23, 2022 3:46 PM |
| **To:** | Ralph Longo |
| **Cc:** | Brian T. Smith; Gerardo Vazquez; maurice@pessahgroup.com; sbenson@pessahgroup.com; John Schwalb; Safa Chowdhury; Steven B. Herzberg; Max Kurkin |
| **Subject:** | Radical Investments v. Good Vibrations - Amended Complaint and production of privileged documents |

Ralph and all his co counsel:

Based on plaintiff's proposed amended complaint and the claim that Stein was in an attorney client relationship with Moore, we have no choice but to immediately assert the attorney/client privilege to all documents and communications produced between Stein and Moore, and demand to claw all those documents back. Until and unless the trier of fact makes a finding that Stein was <u>not</u> in an attorney client relationship with Moore, our clients cannot ethically allow for any of those communications to be made public and therefore, must demand them back.

You have no authority to use, cite or publish the documents, until a hearing on this issue is conducted in camera.

We expect that you will conduct yourselves accordingly, until we address this issue with the court.

Thanks,

Rinat

## Rinat B. Klier Erlich
Partner

**ZELMS ERLICH & MACK**    **California | Arizona**
20920 Warner Center Lane, Suite B  /  Woodland Hills, CA  91367
zelmserlich.com  /  Direct: (213) 347-9139  /  Cell: (213) 219-8562  /  rerlich@zelmserlich.com  /  Bio

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

     On November 14, 2022, I served True copies of the following document(s) described as **OBJECTIONS TO PLAINTIFFS' EVIDENCE RE OPPOSITION TO STEIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND DECLARATION OF RINAT ERLICH** on the interested parties inthis action.

# **SEE ATTACHED SERVICE LIST**

     **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system . Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Zelms Erlich & Mack for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Woodland Hills, California – to Prestige Pegasus, LLC and Moniladae Coley ONLY.

     I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on November 14, 2022 at Woodland Hills, California.

_____

Rosa E. Rojas

OBJECTIONS TO PLAINTIFFS' EVIDENCE RE OPPOSITION TO STEIN
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ZELMS ERLICH & MACK  CALIFORNIA | ARIZONA

SERVICE LIST
Radical Investment Ltd v. Good Vibrations, et al.
Case No.: 2:22-cv-02752-SVW-AFM

| | |
|---|---|
| Gerardo A. Vazquez, Esq.<br>gv@gvazquez.com<br>RalphR. Longo, IV, Esq.<br>rl@gvazquez.com<br>Steven B. Herzberg, Esq.<br>sh@gvazquez.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. | Maurice David Pessah, Esq.<br>Maurice@Pessahgrou.com<br>Jsunshine@pessahgroup.com<br>sbenson@pessahgroup.com<br>vusov@pessahgroup.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. |
| John D. Shwalb, Esq.<br>john@jdschwalb.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | Mark Drook, Esq.<br>mdrooks@birdmarella.com<br>Sharon Ben Shahar Mayer, Esq.<br>smayer@birdmarella.com<br><br>Attorneys for James Scott and Warner, Norcross + Judd |
| Prestige Pegasus, LLC<br>5526 Reseda Blvd.<br>Reseda, CA 91335<br><br>IN PRO PER | Moniladae Coley<br>5526 Reseda Blvd.<br>Reseda, CA 91335<br><br>IN PRO PER |
| Michael Stoller, Esq.<br>michael.stoller@stollerlawgroup.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | |

OBJECTIONS TO PLAINTIFFS' EVIDENCE RE OPPOSITION TO STEIN
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT