Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>The Hon. Stephen V. Wilson<br><br>**RESPONSE TO SUPPLEMENTAL DECLARATION OF OLIVIA WATSON** |

/ / /

/ / /

/ / /

/ / /

Defendants Charles Stein and Davidovich Stein Law Group (the "Stein Defendants") submit this response in accordance with the December 2, 2022 Order of the Court [Dkt. 230] that the Stein Defendants shall submit a response to the Supplemental Declaration of Olivia Watson. [Dkt. 229] which had been filed by plaintiff Radical Investments, Ltd. ("RIL") after the hearing on the Stein Defendants' motion for summary judgment.

## I.   STEIN COMPLIED WITH WATSON'S REQUEST.

In her supplemental declaration, Olivia Watson attaches a string of emails from July 15, 2021 to July 19, 2021 wherein she asked that Charles Stein provide her communications involving the release of funds from the escrow account. The string of emails which Watson attaches as Exhibit A to her declaration ends with a July 19, 2021 12:12 pm email from Stein to Watson where Steins says he will be sending her the requested documents. In fact, Stein did so. The emails provided in Watson's Exhibit A omit Mr. Stein's subsequent email to Watson later in the day of July 19, 2021, and thus, Watson's declaration does not provide the complete set of emails exchanged between her and Stein on that date.

Importantly, after his July 19 at 12:12 pm email, Stein sent Watson an email at 3:24 pm on the same day, which attached emails he had received from Alex Moore relating to disbursements made out of the escrow account. Stein's July 19, 2021 at 3:24 pm email is attached as <u>Exhibit M</u> to the <u>Declaration of Charles Z. Stein in support of Motion for Summary Judgment</u>, filed on October 31, 2022. [<u>Dkt. 204-1</u>] This email states, "Olivia, See attached emails." The attachments to that email are <u>Exhibit N</u> to the <u>Declaration of Charles Z. Stein in support of Motion for Summary Judgment</u>. [<u>Dkt. 204-1</u>] (Rather than reviewing Dkt. 229, the Court may review Dkt. 240-1 which contains the complete set of emails.)

/ / /

/ / /

/ / /

Exhibit N to Stein's Declaration contains Moore's emails to Stein providing instructions about disbursements from the escrow account. By providing these emails, Stein complied with Watson's July 15, 2021 request for communications involving the release of funds from this account.

In addition to complying with Watson's July 15 request, Stein also complied with the terms of the Release, which provides that Stein shall provide such documents, "as Radical may request." [Release, ¶2d] The Release does not state that text messages should be provided to RIL, which is essentially what What's App messages are. Stein provided to Watson the emails wherein Moore told him what sums should be disbursed and to whom they should be sent. Therefore, Stein complied with Watson's request for communications related to disbursements from the escrow account. It is worth noting that after Stein's July 19, 2021 email, Watson did not ask him for more documents nor did she ask about text messages, i.e. "Do you also have texts?"

## II.  THE RELEASE DOES NOT STATE A DUE DATE.

If, however, the Court believes that Stein fell short in complying with the Release, then it is emphasized that there is no due date in the Release for providing documents to RIL. Stein has provided documents to RIL during this lawsuit. In fact, RIL filed this lawsuit in September 2021 [Dkt. 1], only two months after the Release was entered into in July 2021. [UMF 24] Given RIL's failure to specify the documents which it wanted Stein to produce, Stein was reasonable in producing What's App messages after more specific requests for documents were made by RIL's litigation counsel. "A contractual provision that requires a party's 'best efforts' requires only the party's reasonable diligence – not 'every conceivable effort'." *California Pines Property Owners Assn. v. Pedotti* 206 Cal. App. 4th 384, 394-295 (2012)

/ / /

/ / /

As to the allegations of the second amended complaint ("SAC"), it alleges, "…Stein has done absolutely nothing in his power to assist RIL with pursuing co-Defendants, nor has he been forthcoming with providing correspondence and communications he had with his co-Defendants related to the disbursement of monies as described herein." [SAC ¶63] Thus, the SAC does not allege any deadline, but simply contends Stein was not "forthcoming". This allegation fails based on Stein's July 19, 2021 at 3:24 pm email wherein he attached Alex Moore's emails related to the release of funds from the escrow account. The Stein Defendants' motion for summary judgment is naturally based on the allegations of the SAC, and Stein's production of emails to Watson certainly should be considered forthcoming.

## III.   THERE WAS NO FRAUD IN THE INDUCEMENT OF THE RELEASE.

The Release provides that Stein will provide documents related to disbursements out of the escrow account, as requested by Radical. [Release, ¶2d] Thus, the Release contemplates that such documents would be produced after the Release was signed. In other words, at the time the Release was entered into, RIL was aware that such documents exist and would be produced to it based on this agreement. The fact that the documents were not provided before the Release was entered into is not fraudulent, since RIL expressly requested them in the Release. Stein's production of the documents after the Release was simply performance of its terms. If RIL was aware that the documents existed, why didn't it insist on their production before signing the Release? It should have done so. Moreover, why didn't RIL simply forego entering into the Release and file a lawsuit? It should have done that too. Instead, RIL signed the Release aware that there were unknown communications between Stein and Moore. This was RIL's decision, and Stein should not carry the burden of RIL's regret.

///

## IV. THERE ARE NO DAMAGES FOR NOT PROVIDING DOCUMENTS EARLIER.

*Assuming arguendo* there was a breach of the Release and such breach is alleged in the SAC, there are no damages to RIL for Stein not providing the What's App messages earlier. If RIL had received these documents earlier, it still would not have been able to recover the funds from Moore and Coley. Once he received the funds, Moore embarked on a wild spending spree and spent all of the funds by the end of July 2021. [UMF 21] Coley also squandered the funds on personal luxuries and ignored this lawsuit against her. [Dkt. 37] [Stein Defendants' Reply Brief 3: 1-20] Furthermore, RIL filed this lawsuit in September 2021 anyway, so the notion that an earlier production of these documents would have resulted in a different outcome for RIL is pure speculation.

*Civil Code §3301* states, "No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." *See also, Julian Petroleum Corp. v. Courtney Petroleum Co.* 22 F. 2d. 360, 361 (9th Cir. 1927) [As a general rule, remote, uncertain, and speculative damages are not recoverable.] [Stein Defendants' Reply Brief 3:21-4:7] RIL's contentions fail when examined in the context of these well-established principles of law.

## V. RESCISSION WOULD BE ILLOGICAL.

Plaintiff's position that it can rescind the Release due to an alleged breach, but it gets to keep the funds received from Stein is simply not equitable and is not supported by the law. Rescission requires a return of consideration by both sides to the contract, i.e. both sides are returned to their original positions. *Donovan v. Rrl Corp.* 26 Cal. 4th 261, 281-282 (2001) For this reason, the Court cannot render the relief which RIL requests.

Second, plaintiff urges the Court to find that rescission is a form of damages for breach of contract. It is not. Breach of contract damages are damages which are awarded to give the injured party the benefit of his bargain, and insofar as possible

to place him in the same position he would have been in had the promisor performed. *Wickman v. Opper* 188 Cal. App. 2d 129 (1961) Here, however, RIL the purported damages are that if Stein had provided his communications with Moore earlier, then Stein and/or RIL would have been able to force Moore to return the funds he received. This is unfounded speculation. Alternatively, the purported damages would appear to be that RIL would have sued Stein and Moore earlier. However, it sued them anyway and did soon after the Release was entered into. RIL has no legally cognizable damages for breach of contract, and this aspect of its SAC fails too. [Reply Brief 9:4-22]

## VI. CONCLUSION.

Based on the foregoing, Ms. Watson's supplemental declaration does not lend support to plaintiff's opposition, and hence, summary judgment should be granted.

DATED: December 7, 2022     ZELMS ERLICH & MACK

By: _____
Rinat Klier Erlich
Brian T. Smith
Attorneys for CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On December 7, 2022, I served True copies of the following document(s) described as **RESPONSE TO SUPPLEMENTAL DECLARATION OF OLIVIA WATSON** on the interested parties in this action.

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 7, 2022 at Woodland Hills, California.

_____
Rosa E. Rojas

# SERVICE LIST
Radical Investment Ltd v. Good Vibrations, et al.
Case No.: 2:22-cv-02752-SVW-AFM

| | |
|---|---|
| Gerardo A. Vazquez, Esq.<br>gv@gvazquez.com<br>Ralph R. Longo, IV, Esq.<br>rl@gvazquez.com<br>Steven B. Herzberg, Esq.<br>sh@gvazquez.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. | Maurice David Pessah, Esq.<br>Maurice@Pessahgrou.com<br>Jsunshine@pessahgroup.com<br>sbenson@pessahgroup.com<br>vusov@pessahgroup.com<br><br>Attorneys for Plaintiff Radical Investments, Ltd. |
| John D. Shwalb, Esq.<br>john@jdschwalb.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | Mark Drook, Esq.<br>mdrooks@birdmarella.com<br>Sharon Ben Shahar Mayer, Esq.<br>smayer@birdmarella.com<br><br>Attorneys for James Scott and Warner, Norcross + Judd |
| Michael Stoller, Esq.<br>michael.stoller@stollerlawgroup.com<br><br>Attorneys for Alex Moore and Good Vibrations Entertainment, LLC | |

**RESPONSE TO SUPPLEMENTAL DECLARATION OF OLIVIA WATSON**