UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [203]

### I.  Introduction

Before the Court is a motion to dismiss filed by Defendants Warner Norcross + Judd LLP ("WNJ") and James L. Scott ("Scott") (collectively "WNJ Defendants"). ECF No. 203. For the foregoing reasons the Court GRANTS Defendants' motion to dismiss for lack of personal jurisdiction.[1]

### II.  Background[2]

The heart of this case is an attempt by a company, Plaintiff Radical Investments ("RIL")[3], to purchase and deliver COVID-19 vaccines for the citizens of Barbados.

Sometime in later March or early April 2021, the principal of RIL was introduced to Defendant Alex Moore by a person who worked in the personal protective equipment ("PPE") sector in South Florida, Cheryl Chamley ("Chamley"). Second Amended Complaint ("SAC") at ¶ 29. Chamley represented that Moore had the ability to secure and deliver COVID-19 vaccines manufactured by

---

[1] The WNJ Defendants bring a motion to dismiss under 12(b)(2) and 12(b)(6). Because the Court determines it does not have personal jurisdiction, the Court need not address the WNJ Defendants' 12(b)(6) arguments.

[2] The present case involves a long and complicated set of fact, which Defendants in the present motion play a relatively small part in. For simplicity, the Court truncates the facts to those that are relevant to the instant motion.

[3] RIL is a company formed under the laws of St. Lucia, with its principal place of business in Barbados.  *Id.* at ¶ 1.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|

| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* |
|---|---|

AstraZeneca and assisted in negotiating a deal between RIL and Moore's company, Good Vibrations Entertainment ("GVE"), regarding the potential sale of COVID-19 vaccines to vaccinate the citizens of Barbados.  *Id.* at ¶¶ 29, 31.[4]

On April 16, 2021, RIL and GVE entered into a sale and purchase agreement and an escrow and paymaster agreement.  *Id.* at ¶ 33.  The agreement provided that RIL would pay AstraZeneca $10.2 million for 1 million doses of the vaccine, and pay GVE $2 million as a commission.  *Id.* at ¶ 34; Ex. 2.  Upon execution of the agreement RIL would deposit $12.2 million into an escrow/IOLTA account held by Defendants Charlie Stein and Davidovich Stein Law Group (collectively "Stein Defendants").  *Id.*  The Stein Defendants are citizens of California.  *Id.* at ¶ 8.

In terms of the specific mechanics of the agreement, the transaction would essentially occur in two stages.  First, within 24 hours of funds being placed into the escrow/IOLTA account, GVE was required to provide an invoice that complied with the conditions of the agreement from AstraZeneca.  *Id.* at Ex. 2.  Upon receiving a complying invoice, RIL would send and execute an irrevocable pay order to the Stein Defendants, which would result in the Stein Defendants' releasing $10.2 million to AstraZeneca.  *Id.*  Second, within 24 hours of payment to AstraZeneca, GVE was required to procure delivery of the vaccines to Barbados.  *Id.*  Specifically, GVE was required to provide an original bill of lading from AstraZeneca to RIL.  *Id.*  Upon receipt of the bill of lading, RIL would send and execute a second irrevocable pay order to the Stein Defendants, authorizing the release of the remaining $2 million to GVE.  *Id.*

Following execution of the payment agreement, RIL deposited $12.2 million to the escrow/IOLTA account held by the Stein Defendants.  *Id.* at ¶ 37.  On April 22, 2021, GVE provided a heavily redacted invoice, which did not comply with the terms of the agreement.  *Id.* at ¶ 37; Ex. 3.  RIL then sought further assurances to the transaction, and in response Moore provided RIL opinion letters from two law firms.  *Id.* at ¶ 38.  One of those opinion letters was prepared by the WNJ Defendants.

RIL alleges that GVE through Moore retained and instructed Scott to write the WNJ opinion

---

[4] At all times material to the Complaint, Moore resided in Florida and GVE is a citizen of Florida.  *Id.* ¶¶ 2-3.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

letter with the knowledge that the letter would be sent to RIL. *Id.* at ¶¶ 131, 133. On or about April 24, 2021, Scott received a call from Moore regarding the vaccine transaction. Declaration of James L. Scott ("Scott Decl."), ¶ 9. The call was made while Moore was in Florida and Scott was in Michigan. *Id.* Additionally, Moore provided Scott with several documents to review in support of the opinion letter. SAC at ¶ 138.

The opinion letter from WNJ Defendants, dated April 24, 2021, stated that the firm had been retained to assist GVE in the transaction regarding distribution of the vaccines. Declaration of Ralph R. Longo IV ("Longo Decl."), Ex. 1. The letter further stated that based on evidence provided to the WNJ Defendants, they could confirm that GVE had been involved in the medical supply and distribution business and had negotiated contracts for the right to sell AstraZeneca products through its distribution for government only. *Id.*

Based on these opinion letters, RIL signed an irrevocable pay order releasing $10.2 million, but with an amendment that the funds would be paid to Defendant Prestige Pegasus.[5] SAC at ¶¶ 38-39. RIL alleges that the subsequent release of about half of the funds was in violation of the escrow agreement. *Id.* at ¶ 40. Ultimately, after one month and having not received the vaccines, RIL terminated the agreement on May 28, 2021, and sought return of the disbursed funds. *Id.*

Based off of these events, RIL brings a claim for "Legal Malpractice – Negligent Misrepresentation" against the WNJ Defendants on the basis of their submission of the opinion letter. *Id.* at ¶¶ 447-455.[6]

### III. Legal Standard

Federal courts generally retain personal jurisdiction over any defendant that the corresponding state court could obtain personal jurisdiction over. Fed. R. Civ. P. 4(k)(1)(A). California's long-arm statute allows state courts to exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States," and thus, "California's long-arm statute allows the

---

[5] Defendant Prestige Pegasus purported to be a licensed distributor of the AstraZeneca vaccines. *Id.* at ¶ 54.
[6] RIL has also asserted several claims against other defendants. *See generally* SAC.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Cal. Civ. Proc. Code § 410.10 (2004)).  There are two constitutionally permissible forms of personal jurisdiction that a court may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction.  *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).  Additionally, a defendant can waive its rights and consent to personal jurisdiction. *See Dow Chemical Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)).

Once a defendant moves to dismiss based on lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  Fed. R. Civ. P. 12(b)(2); *Schwarzenegger v. Ford Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  A plaintiff only needs to make a prima facie showing that jurisdiction exists.  *Schwarzenegger*, 374 F.3d at 800.  When determining the sufficiency of a prima facie showing, "[t]he court may consider evidence presented in affidavits." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir.2001).  The Court must take uncontroverted allegations in the complaint as true, but may not assume the truth of allegations that are contradicted by affidavit.  *Id.*; *Data Disc., Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) ("If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit").  Additionally, the Court does not assume the truth of conclusory allegations.  *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999).  "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Schwarzenegger*, 374 F.3d at 800.

**IV.     Discussion**

Personal jurisdiction may come in one of two forms: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction."  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).   Here, RIL has failed to sufficiently allege general or specific jurisdiction.

**a.  General Jurisdiction**

"A […] court may exercise general jurisdiction only when a defendant is "essentially at home" in the State."  *Id.*   Only a select set of affiliations with a forum will expose a defendant" to general

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

jurisdiction such as where a defendant is domiciled or where a defendant corporation is incorporated or its principal place of business.  *Id.*

Here, the parties do not dispute that the Court does not have general jurisdiction over the WNJ Defendants.  Defendant Scott is a resident of Michigan.  Additionally, Defendant WNJ is incorporated under the laws of Michigan and maintains its principal place of business in Michigan.  Plaintiffs have neither pointed to nor argued any other contact that would be sufficient to confer general jurisdiction over these defendants.  Accordingly, the Court must have specific personal jurisdiction over Defendants Scott and WNJ to have personal jurisdiction.

### b. Specific Jurisdiction

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation*."*  *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).  "For a state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."  *Id.* at 284.

The Ninth Circuit employs a three-part test to determine whether specific personal jurisdiction exists within a forum state:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).  The plaintiff bears the burden on and must satisfy the first two prongs to establish specific personal jurisdiction.  *Id.* at 1211-12.

Initials of Preparer : PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

      As to the first prong, the Ninth Circuit employs two different tests in determining whether the purposeful availment prong is met: the purposeful direction test and the purposeful availment test. *See Schwarzenegger*, 374 F.3d at 802 ("We often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction"). Whether courts employ the "purposeful direction" or "purposeful availment" test depends on whether a case sounds in tort or contract. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

      While WNJ Defendants use the "purposeful direction" test to contend that there is no "purposeful availment," the Court finds that the purposeful availment test is more appropriate. "[I]t is well established that the *Calder* test [(purposeful direction test)] applies only to intentional torts, not to the breach of contract and *negligence* claims presented here." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) (emphasis added). Here, RIL brings a claim for "Legal Malpractice – Negligent Misrepresentation" against the WNJ Defendants on the basis of their submission of the opinion letter. *Id.* at ¶¶ 447-455. Accordingly, the correct framework is the "purposeful availment test."

      "Purposeful availment requires that the defendant have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).

      Here, RIL contends that the WNJ Defendants purposefully availed themselves of California through their representation of GVE/ Moore. RIL does not allege that Defendants physically entered into California or sent any communications that related to this transaction to California. Indeed, the WNJ Defendants' only involvement in this transaction was the sending of an opinion letter to Moore, who was located in Florida at the time. Based off this instance, RIL contends that Defendants "purposefully availed" themselves of California "by knowingly drafting an opinion letter regarding a transaction set to take place in California for an individual (Moore) and his company (GVE), both based in California."[7] Plaintiff's Opposition ("Opp.") at 13. The Court disagrees that these acts constitute

---

[7] The parties seem to dispute GVE and Moore's citizenship. Although the complaint states that GVE and Moore are citizens of Florida, SAC at ¶ 2, RIL points to evidence that suggests GVE/Moore held themselves out to be citizens of California.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

purposeful availment.

At the outset, it is important to note that the representation of a client from a forum state, by itself, is insufficient to qualify as purposeful availment of the forum which the client resides in. *See Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) ("Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state."); *accord Walden*, 571 U.S. at 286 ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."); *Burger King Corp.*, 471 U.S. at 475 ("This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of […] the unilateral activity of another party or a third person") (quotations and citations omitted.). Thus, even accepting that GVE/ Moore held themselves out to be citizens of California and that the WNJ Defendants were aware of this, the WNJ Defendants' representations of GVE/Moore is insufficient to constitute purposeful availment of California.

This leaves the WNJ Defendants' drafting and sending of an opinion letter regarding a transaction that was "set to take place in California" as the only basis for purposeful availment. But this argument also fails. First, the Court disagrees with RIL's characterization of the underlying transaction. At its core, the deal between RIL and GVE/Moore was an international transaction to acquire vaccines for a foreign country. The buyer, RIL, is a company formed under the laws of St. Lucia, with its principal place of business in Barbados. SAC at ¶ 1. The seller, GVE/Moore, at all times material to the transaction was located in Florida – although they may have represented themselves as being based in California. The purpose of the transaction was to deliver vaccines from Europe to Barbados. *Id.* at ¶¶ 31, 68. And the agreement was likely negotiated and entered into in Florida or Barbados. *Id.* at ¶¶ 1, 3, 29-30. Aside from GVE/Moore's potential representation that they were located in California, the only other tie to California was the fact that the funds in the transaction were held in an escrow/IOLTA

---

See Opp. at 10-14. To the extent that there is a conflict, the Court will accept that GVE/Moore may have held themselves out as citizens of California. But the Court will also not disregard the second amended complaint's allegations that "Defendant Moore resided in Palm Beach County, Florida at all times material to this Complaint." SAC at ¶ 3. Nor will the Court ignore WNJ Defendants' unchallenged affidavits which state that at the time Scott spoke with Moore, Moore was located in Florida. Scott Decl., at ¶ 9

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

account in California and that the sales agreement contained a California forum selection clause.[8]  Thus, even though California was implicated, it is clear that the heart of the transaction involved Florida and/or Barbados.

Second, the limited nature of the WNJ Defendants' involvement in the transaction further cuts against finding that the WNJ Defendants purposefully availed themselves of California.  The WNJ Defendants' only involvement with this multi-jurisdictional transaction was the drafting of a single opinion letter that was sent to Moore – located in Florida – with the knowledge that the opinion letter would likely be sent to RIL, in Barbados.  And the only connection that this action had to California was that further down the chain of causation, the letter would influence RIL, in Barbados, to send an authorization to Stein, in California, to release the funds.  RIL does not allege that the WNJ Defendants represented GVE/Moore beyond this instance or and the drafting and submission of the letter certainly does not amount to an act that would create "'ongoing obligations,' 'continuing commitments,' or 'substantial business' in California." *MabVax Therapeutic Holdings, Inc. v. Sichenzia Ross Ference LLP*, No. 18-CV-2494-WQH-AGS, 2019 WL 13198241, at *10 (S.D. Cal. May 9, 2019); *see Boschetto*, 539 F.3d at 1017.

In sum, considering the absence of physical presence or communications specifically sent to California, the multi-jurisdictional nature of the transaction, and WNJ Defendants' limited role in this transaction, Plaintiffs have failed to meet their burden that the WNJ Defendants purposefully availed themselves of California.  Accordingly, dismissal is warranted.[9]

---

[8] RIL additionally points to a draft opinion letter sent by Olivia Watson, counsel for RIL, to Scott.  The letter was produced by the WNJ Defendants at Scott's deposition.  The letter states in the first line: "We (WNJ & Scott) have acted as counsel in the State of California to Good Vibrations Entertainment LLC."  Longo Decl. ¶ 4; Ex. 2.  Based off this letter, RIL argues that the WNJ Defendants were aware of its contents and this awareness supports their argument the WNJ Defendants purposefully availed themselves of California.  But it is unclear how this evidence helps RIL's case.  First, the letter was neither written nor adopted by the WNJ Defendants.  It was a draft letter that may have demonstrated how RIL understood the transaction, but says nothing about the WNJ Defendants' actions.  Second, RIL's perception of the transaction does not change the fact that the underlying transaction was multi-jurisdictional and that the WNJ Defendants only played a limited role in the transaction.  Thus, it is unclear how this letter helps RIL establish that the WNJ Defendants purposefully availed themselves of California.

[9] For similar reasons, RIL's claim would also fail under the purposeful direction test, because these allegations are insufficient to show that the WNJ Defendants took an action that was "expressly directed" at California.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-02752-SVW-AFM | Date | January 6, 2023 |
|---|---|---|---|
| Title | *Radical Investments Ltd. v. Good Vibrations Entertainment LLC et al* | | |

### V. Conclusion

For the foregoing reasons, Court GRANTS Defendants' motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

 

  :  
Initials of Preparer
PMC