GERARDO A. VAZQUEZ (admitted *Pro Hac Vice*)
gv@gvazquez.com
RALPH R. LONGO, IV (admitted *Pro Hac Vice*)
rl@gvazquez.com
STEVEN B. HERZBERG (admitted *Pro Hac Vice*)
sh@gvazquez.com
**VAZQUEZ & ASSOCIATES, P.A.**
1111 Brickell Ave., Suite 1550
Miami, Florida 33131
Tel. (305) 371-8064

MAURICE D. PESSAH (SBN: 275955)
maurice@pessahgroup.com
SUMMER E. BENSON (SBN: 326398)
sbenson@pessahgroup.com
**PESSAH LAW GROUP, PC**
9100 Wilshire Blvd., Suite 850E
Beverly Hills, CA 90212
Tel. (310) 772-2261

Attorneys for Plaintiff,
RADICAL INVESTMENTS LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS LTD., a St. Lucia Company,<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT LLC, a Florida Limited Liability Company, et al.,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br><br>*Assigned to the Hon. Stephen V. Wilson*<br><br>**PLAINTIFF RADICAL INVESTMENTS LTD.'S OPPOSITION TO STEIN DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR ADMINISTRATIVE RELIEF RE: LATE FILING OF LOCAL RULE 16-4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

1

PLAINTIFF RADICAL INVESTMENTS LTD.'S OPPOSITION TO STEIN DEFENDANTS' *EX PARTE* APPLICATION FOR ADMINISTRATIVE RELIEF RE: LATE FILING OF LOCAL RULE 16-4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW

COMES NOW, Plaintiff Radical Investments Ltd. ("Plaintiff" or "RIL") and files its opposition to Defendants Charles Z. Stein, Esq. ("Stein") and Davidovich Stein Law Group, LLP's ("DS Law Group") (collectively, "Stein Defendants") *Ex Parte* Application for Administrative Relief in Connection with Filing a Memorandum of Contentions of Fact and Law Under Rule 16-4 (ECF No. 251), and states as follows:

## I. INTRODUCTION

As an initial matter, the Stein Defendants' *ex parte* application is procedurally defective. Local Rule (L.R.) 7-19.1 provides:

> It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

This Court also requires that the requesting party "notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte was served."[1] The Stein Defendants failed to satisfy either mandate. Indeed, the Stein Defendants made **no effort** to apprise Plaintiff of the instant application or of Plaintiff's obligation to provide a response by 3:00 p.m. today. On this basis alone, the application is properly denied.

However, even if the Court were to consider the instant application, *ex parte* relief is nevertheless improper as the Stein Defendants have not (and cannot) demonstrate the necessity of the extraordinary relief sought. The Stein Defendants implore the Court for additional time to file a L.R. 16-4 memorandum of contentions of fact and law; the justification – "mistake, inadvertence, and excusable neglect, specifically pertaining to time management difficulties, mis-planning" and "around-the-clock work." (Declaration of Rinat Klier-Erlich

---

[1] *See* https://www.cacd.uscourts.gov/honorable-stephen-v-wilson.

2

PLAINTIFF RADICAL INVESTMENTS LTD.'S OPPOSITION TO STEIN DEFENDANTS' *EX PARTE* APPLICATION FOR ADMINISTRATIVE RELIEF RE: LATE FILING OF LOCAL RULE 16-4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW

["Erlich Decl."] (ECF No. 251) ¶ 3.) It follows that any exigent circumstance created by defense counsel's bungling of this case is entirely self-inflicted, and an inappropriate basis upon which to seek extraordinary relief. This is especially true given that defense counsel has been aware of any pre-trial obligations since at least February 10, 2023. (*See* February 10, 2023 Civil Trial Preparation Order, ECF No. 242.)[2]

For these reasons, and as further elaborated below, the instant application should be denied. Moreover, sanctions are warranted for misuse of this emergency proceeding.[3]

## II. ARGUMENT

"Opportunities for legitimate ex parte applications are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). This includes situations where there is "some genuine urgency such that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition[,]" or where "there is a danger that notice to an opposing party will result in that party's flight, destruction of evidence or secretion of assets[.]" *Id.* (internal citations and quotation marks omitted).

The party requesting *ex parte* relief must also demonstrate that it was "without fault" in creating the circumstances leading to the application, or the crisis was the "result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also Dual Diagnosis Assessment & Treatment Ctr. Inc v. California Dep't of Health Care Servs.*, No. 213CV06935SVWAJW, 2015 WL 13764909 (C.D. Cal. Sept. 8, 2015) (denying

---

[2] *Id.* ("Counsel are advised to file and serve their ex parte applications **as soon as they realize that extraordinary relief is necessary**.") (emphasis added). The Stein Defendants' eleventh hour filing confirms, at least in part, that counsel failed to file and serve this application as soon practicable.

[3] *Id.* ("Counsel are advised that this Court allows ex parte applications solely for extraordinary relief - sanctions may be imposed for misuse of ex parte applications. *See In Re: Intermagnetics America, Inc.*, 101 Bankr. 191 (C.D. Cal. 1989).")

3

PLAINTIFF RADICAL INVESTMENTS LTD.'S OPPOSITION TO STEIN DEFENDANTS' *EX PARTE* APPLICATION FOR ADMINISTRATIVE RELIEF RE: LATE FILING OF LOCAL RULE 16-4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*ex parte* relief where the requesting party failed to establish that she was without fault or that the need for relief was caused by excusable neglect).

The Stein Defendants' *ex parte* application is devoid of any facts suggesting that they will suffer irreparable and immediate injury in the absence of relief. Worse still, the Stein Defendants readily concede that the relief sought is a direct consequence of defense counsel's neglect.

It is well-established that inadvertence, ignorance of the rules and/or mistakes construing the rules do not usually constitute excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The determination of excusable neglect is "an equitable one, taking into account all relevant circumstances." *Id.* at 381. In making this determination, courts evaluate the following four nonexclusive factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id*. at 395; *see also Lemoge v. U.S.,* 587 F. 3d 1188, 1198 (9th Cir. 2009).

Taking into consideration these factors, it is clear that defense counsel's failure to effectively manage their time does constitute "excusable neglect." To the contrary, defense counsel has been aware of its obligation to file a L.R. 16-4 memorandum of contentions of fact and law since at least February 10, 2023. Yet, counsel chose to wait until 10:00 p.m. the night the memorandum was due to file the instant application. The same will be true of the Stein Defendants' impending *ex parte* application for a trial continuance. (*See* Erlich Decl. ¶ 5.)

In sum, the extraordinary relief sought by the Stein Defendants is unwarranted, and represents an abuse of this emergency proceeding for which sanctions are warranted.

//

//

4

PLAINTIFF RADICAL INVESTMENTS LTD.'S OPPOSITION TO STEIN DEFENDANTS' *EX PARTE* APPLICATION FOR ADMINISTRATIVE RELIEF RE: LATE FILING OF LOCAL RULE 16-4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court (1) deny the Stein Defendants' *ex parte* application, and (2) impose sanctions in the form of Plaintiff's reasonable attorneys' fees.

Respectfully submitted,

DATED: March 7, 2023

**VAZQUEZ & ASSOCIATES**
*Attorney for Plaintiff*
1111 Brickell Avenue Suite 1550
Miami, Florida 33131
Telephone: (305) 371-8064
Facsimile: (305) 371-4967

By: */s/ Ralph R. Longo IV*
RALPH R. LONGO IV, ESQ.
Florida Bar No.: 124169
RL@GVazquez.com