John D Schwalb
JOHN D. SCHWALB, PLLC.
120 Third Avenue South
Franklin, Tennessee 37064-2511
john@jdschwalb.com

Michael T. Stoller (SBN 120241)
STOLLER LAW GROUP, APC
5747 Hoback Glen Road
Hidden Hills, CA 91302
(310) 245-4025
michael.stoller@stollerlawgroup.com

Attorneys for Defendants,
Good Vibrations Entertainment, LLC and Alex (Flex) Moore

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS LTD, | CASE NO. 2:22 cv-02752-SVW-AFM |
| Plaintiff, | ***EX PARTE* APPLICATION TO CONTINUE TRIAL** |
| v. | |
| GOOD VIBRATIONS ENTERTAINMENT, LLC, et al. | HONORABLF: STEPHEN V WILSON |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Good Vibrations Entertainment, LLC and Alex (Flex) Moore ("Defendants") hereby move this court to continue trial to the beginning of May 2023. Good cause exists to continue trial, as Defendants' counsel's wife requires a medical procedure and hospitalization, followed by several weeks of recovery. Counsel is her only caretaker and needs this time to ensure her

1

*EX PARTE* APPLICATION TO CONTINUE TRIAL

health and safety. Good cause to grant this relief on an *ex parte* basis exists because trial is currently set for April 4, 2023 and a pretrial conference is set for March 27, 2023.

This Application is based on the accompanying Memorandum of Points and Authorities, as well as the Declaration of Michael T. Stoller, and any other matters this Court may consider.

| Dated: March 8, 2023 | **STOLLER LAW GROUP, APC** |
|---|---|
| | /s/ Michael T. Stoller |
| | Michael T. Stoller, Esq. |
| | Attorneys for Defendants, |
| | Good Vibrations Entertainment, LLC and |
| | Alex (Flex) Moore |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

On September 17, 2021, Plaintiff Radical Investments, Ltd. ("Plaintiff") filed the underlying Complaint in Florida. On September 29, 2021, Plaintiff filed a First Amended Complaint ("FAC").

On January 28, 2022, Defendants Good Vibrations Entertainment, LLC and Alex (Flex) Moore ("Defendants") filed their Answer to the FAC.

On April 4, 2022, the Court issued its Scheduling Order, setting trial initially for March 13, 2023.

On April 29, 2022, the Court ordered Defendants' initial attorney, John Schwalb who was not licensed in Florida, to retain local counsel to represent Defendants and that he was stricken as counsel for Defendants until his *pro hac vice* status was resolved. On April 26, 2022 the case was transferred to this Court

On May 3, 2022, the Court amended the previous Scheduling Order, advancing trial to August 9, 2022, and the pretrial conference to July 25, 2022.

On July 27, 2022, the Court vacated the August 9, 2022 trial date.

On June 1, 2022, Michael Stoller was added as Counsel for Defendants.

On October 10, 2022, Plaintiff filed a Second Amended Complaint ("SAC").

On February 10, 2023, the Court issued an Amended Scheduling Order, setting trial for April 4, 2023 and a pretrial conference for March 27, 2023.

## II. ARGUMENT

Federal Rules of Civil Procedure, Rule 16(b) provides that a scheduling order may be modified "only for good cause." (Fed.R.Civ.P. 16(b)(4).)

"Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."

(*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)) "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.1985).

In considering whether to continue trial, a court should consider four factors: (1) the diligence of the party requesting the continuance, (2) whether the purpose of the continuance will be achieved, (3) inconvenience to the court, opposing parties, and witnesses, and (4) prejudice to the requesting party caused by the denial of the continuance. (*United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)). "A district court's decision regarding a continuance is given great deference, and will not be disturbed on appeal absent clear abuse of the court's discretion." (*Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001); *United States v. 2.61 Acres of Land*, 791 F.2d 666 (9th Cir. 1985)).

Here, Mr. Stoller acted as promptly as possible in seeking this relief, as trial was set to occur within two months of the Court's notice, and there still exists more than 30 days before the trial date. The amount of time requested by counsel will be sufficient to allow him to care for his ailing wife and ensure her recovery. All parties were contacted and asked if they would stipulate to a continuance, and all except for Plaintiff's counsel were agreeable to one. In an email response to Mr. Stoller's request, Plaintiff's counsel indicated simply that his client was eager to bring this matter to trial and no indication of a pressing need to have the case tried in April was made. As indicated in the case's procedural history, trial has been set, advanced, vacated, and re-set multiple times. In light of this, and because there is no danger of witnesses disappearing or evidence being spoliated by the continuance, no prejudice will be suffered by Plaintiff.

///

## III. CONCLUSION

Based on the foregoing, and due to the medical emergency of Defendants' counsel, this Court should grant Defendants' request to continue trial to the end of May 2023 or the next date convenient with Court.

Dated: March 4, 2023    **STOLLER LAW GROUP, APC**

/s/ Michael T. Stoller
Michael T. Stoller, Esq.
Attorneys for Defendants,
Good Vibrations Entertainment, LLC and
Alex (Flex) Moore

## DECLARATION OF MICHAEL T. STOLLER

I, Michael T. Stoller, declare as follows:

1. I am over the age of 18, and the information contained within this declaration is based on my own personal knowledge.

2. I am a licensed attorney with the State of California and counsel of record for Defendants Good Vibrations Entertainment, LLC and Alex (Flex) Moore, and I make this declaration on that basis in support of this *Ex Parte* Application.

3. A family medical procedure that was previously scheduled conflicts with the courts recent February 10, 2023 Chambers Order which set the case for trial on April 4, 2023. Specifically, my wife requires hospitalization for a medical procedure on April 5, 2023, followed by several weeks of recovery where I, as her sole caretaker, will be required to be at home.

4. On February 14, 2023 I informed all counsel through email and requested the parties stipulate to the continuance as I was later advised by the courtroom deputy Damon Berry the deputy clerk that this would be the most efficient way to get a continuance otherwise per the courts website and local rules file an ex parte application. All other counsel were agreeable with a continuance to May 2023 except for Plaintiff's counsel who expressed his unwillingness to agree to a continuance for not stated reason other than wanting to go to trial. A true and correct copy of the email string is attached as Exhibit A.

5. As a result of Plaintiff's refusal to stipulate I advised counsel I would be filing an Ex Parte Application requesting to continue the trial date.

6. It is my understanding that Defendant Stein's counsel is conflicted as set forth in the email string provided in Exhibit A and will be requesting a continuance as well. As such I believe it would be appropriate to continue the trial date for 60 days to date that is convenient with the court and counsel.

7. I am providing notice of this *Ex Parte* Application by sending this Application through ECF notification.

I declare the foregoing under penalty of perjury under the laws of the State of California in the City of Calabasas, dated March 6, 2023.

/s/ Michael T. Stoller
Michael T. Stoller

**EXHIBIT A**



Michael Stoller <michael.stoller@stollerlawgroup.com>

## Re: Radical Investments v. Good Vibrations, 2:22-cv-027522-SVW-AFM
1 message

**Ralph Longo** <rl@gvazquez.com>      Tue, Feb 14, 2023 at 2:08 PM
To: "Rinat K. Erlich" <rerlich@zelmserlich.com>
Cc: "Michael T. Stoller, Esq. | Stoller Law Group" <michael.stoller@stollerlawgroup.com>, Gerardo Vazquez <gv@gvazquez.com>, "maurice@pessahgroup.com" <maurice@pessahgroup.com>, John Schwalb <john@jdschwalb.com>, "Rosa E. Rojas" <rrojas@zelmserlich.com>, "Brian T. Smith" <bsmith@zelmserlich.com>, "Steven B. Herzberg" <sh@gvazquez.com>, Safa Chowdhury <sc@gvazquez.com>

Plaintiff will oppose any continuance. Our clients are eager to bring this matter to a conclusion.

Ralph

Sent from my iPhone

> On Feb 14, 2023, at 2:29 PM, Rinat K. Erlich <rerlich@zelmserlich.com> wrote:
>
> I have an arbitration that starts on April 4th. I do not have an objection for a short continuance, but I have a two week trial 4/25 and vacation 5/20-27. I don't want the judge to pick a random date. I prefer that we negotiate the date.

**Rinat B. Klier Erlich**
Partner



**ZELMS ERLICH & MACK**     California | Arizona

20920 Warner Center Lane, Suite B / Woodland Hills, CA 91367

zelmserlich.com / Direct: (213) 347-9139 / Cell: (213) 219-8562 / rerlich@zelmserlich.com /
Bio

**From:** Michael T. Stoller, Esq. | Stoller Law Group <michael.stoller@stollerlawgroup.com>
**Sent:** Tuesday, February 14, 2023 11:26 AM
**To:** Gerardo Vazquez <gv@gvazquez.com>; Ralph Longo <rl@gvazquez.com>; maurice@pessahgroup.com; John Schwalb <john@jdschwalb.com>; Mark T. Drooks <mdrooks@birdmarella.com>; mhicks@birdmarella.com; sbs@birdmarella.com; Rinat K. Erlich <rerlich@zelmserlich.com>; Rosa E. Rojas <rrojas@zelmserlich.com>; Brian T. Smith <bsmith@zelmserlich.com>
**Subject:** RE: Radical Investments v. Good Vibrations, 2:22-cv-027522-SVW-AFM

Dear counsel--I am local counsel to John Schwalb for Good Vibrations/ Alex Moore and have a conflict with the April 4,2023 trial date scheduled on 2/10/2023 pursuant to the Courts Chamber Order. I have a family medical matter scheduled 4/5/2023 which requires pre op exams and procedures and post op care and follow up and will be unavailable to the beginning of May, 2023.

  I have called Damon Berry the deputy clerk to seek guidance on the best and most efficient way to get a continuance request before the court and am waiting for his response. As you are aware counsel were never requested to provide a joint proposed pretrial conference statement to schedule discovery, motions and conflicts for trial -- things have been ad hoc.

As such please advise if anyone has an objection to a short continuance and if all are in agreement I propose a stipulation be entered and filed as an ex parte for the court to consider unless there is an alternative suggestion.

If there are objections then I will be filing an ex parte requesting the continuance and give everyone notice when I will be filing.

Thanks

Michael Stoller

--

Michael T. Stoller, Esq.
STOLLER LAW GROUP
5747 Hoback Glen Road
Calabasas, California 91302
Tel: 310-245-4028

The contents of this e-mail and its attachments are intended for the sole use of the intended addressee(s) named herein and may contain CONFIDENTIAL INFORMATION which is PROTECTED BY LAW FROM DISCLOSURE. If you are not an intended recipient, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that reading, copying, forwarding, disseminating and/or distributing this e-mail is strictly prohibited without the express permission of the sender and inadvertent delivery of this message to an unintended recipient is not intended to waive any privilege or confidentiality. If you have received this e-mail in error, please alert the sender by reply e-mail and immediately delete this e-mail, its attachments, and all copies. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

IRS CIRCULAR 230 DISCLOSURE: In order to comply with the Internal Revenue Code, you are hereby informed that any U.S. tax advice contained in, omitted from, or implied by this email (including any attachments) is not intended to be used and cannot be used, to (i) avoid penalties under the Internal Revenue Code or (ii) promote, market, or recommend to another party any transaction or matter addressed herein.

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information provided by Zelms Erlich LLP is also confidential, protected by the attorney-client privilege, work product doctrine, and right of privacy. The information transmitted in or with this message is intended only for the person(s) or entities to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer.



image001.jpg
7K