Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
Brian T. Smith (State Bar No. 234651)
bsmith@zelmserlich.com
**ZELMS ERLICH & MACK**
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN and DAVIDOVICH STEIN LAW GROUP, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADICAL INVESTMENTS, LTD<br><br>Plaintiff,<br><br>v.<br><br>GOOD VIBRATIONS ENTERTAINMENT, LLC; ALEX LEE MOORE, JR. a/k/a ALEX MOORE a/k/a FLEX MOORE; PRESTIGE PEGASUS, LLC; MONILADAE COLEY a/k/a MONILADAID COLEY; CHARLES Z. STEIN, ESQ. a/k/a CHARLIE STEIN; and DAVIDOVICH STEIN LAW GROUP, LLP,<br><br>Defendants. | Case No. 2:22-cv-02752-SVW-AFM<br>Hon. Stephen V. Wilson, Crtrm 10A<br><br>**JOINT REPORT RE DISCOVERY CONFERENCE ON MARCH 27, 2023**<br><br>Trial Date: June 6, 2023<br>Time: 9:00 a.m.<br>Courtroom 10A |

1

**JOINT REPORT RE DISCOVERY CONFERENCE ON MARCH 27, 2023**

In response to the Court's March 22, 2023 order, Defendants Charles Z. Stein and Davidovich Stein Law Group, LLP (the "Stein Defendants") and Plaintiff Radical Investments, Ltd. respectfully submit this joint report regarding the Discovery Conference which will be held on March 27, 2023 before the Hon. Alexander F. MacKinnon, Magistrate Judge

## I. DEFENDANTS' POSITION

As indicated in defendants' papers submitted to the Court on March 22, 2023, it is imperative that the deposition of Mark Maloney take place as soon as possible. A draft protective order was previously circulated amongst counsel, but an agreement was not reached. During the review process, plaintiff, although it had indicated this dispute would be limited to the court system, contacted the State Bar of California and initiated a complaint against attorney Charles Stein.

In light of this change in circumstances, the Stein Defendants approach the protective order from a different perspective. Rather than confer with defense counsel and use the Court process, Plaintiff has shifted this dispute into a different forum. The State Bar process is at an early stage, and it is unknown at this time how it will proceed. However, the State Bar complaint escalates this dispute and makes it the subject of broader public interest (beyond that which already arises out of the District Court case). Therefore, the Stein Defendants have to preserve their right to discuss the facts of the underlying transaction in an unimpeded manner and will not agree to a protective order.

Plaintiff has not articulated that the concerns it has outweigh the public interest in this dispute. The issues around Mr. Maloney's testimony will include the source of the funds which have come from various **governments**. Moreover, the trial itself will be public. A "compelling reasons" standard applies to most judicial records. See *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons' standard"); *Foltz v. State Farm Mut.*

*Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178. The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Plaintiff failed to provide good cause to establish its burden.

If Plaintiff had a concern about confidentiality, it should have filed a motion for protective order before the first Rule 30 deposition. Rather, Plaintiff did the following: (1) It provided the name of Mr. Maloney as a party with information, (2) It agreed to a deposition date, cancelled, then agreed to a new date, then cancelled again, (3) It produced another Rule 30 witness so the Rule 30 deposition already commenced, (4) It failed to attend the properly noticed deposition that was taken (notice of non-appearance obtained) on March 15, 2023. It failed to formally object or file a motion for protective order. Instead, it offered Mr. Maloney for the date of trial.

Even if Plaintiff had grounds to file a motion for protective order, it failed to do so timely, thereby waiving such right. See e.g., *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014)[1].

**PLAINTIFFS' POSITION**

On September 30, 2022, this exact issue was discussed at great length in front of this Court. Ultimately, the Court advised that Plaintiff should produce Mr.

---

[1] If Plaintiff complains about the short time it had to file a motion for protective order before the **third** noticed deposition, it doesn't cure the failure to do so before, but the short notice was due to the fact that for weeks before the noticed deposition Plaintiff ignored the requests for a date certain. It only responded after the unilateral notice was served.

3
**JOINT REPORT RE DISCOVERY CONFERENCE ON MARCH 27, 2023**

Maloney for deposition, subject to Court's model protective order, or a protective order in a substantially similar form, to be agreed upon by the parties. Taking the Court's guidance, Plaintiff and the Stein Defendants' counsel exchanged various drafts of this Court's model protective order. Plaintiff and the Stein Defendants agreed to a slightly modified form of this Court's model on February 14, 2023. The Stein Defendants sent the final, agreed upon form of the protective order to Plaintiff's counsel for execution, and agreed to file the protective order on the parties' behalf. This final draft is attached to Plaintiff's Supplemental Briefing to this Court served on March 23, 2023. The agreed upon protective order even contains the Stein Defendants' counsel's letterhead along the margin. Correspondence is attached to that same Supplemental Briefing indicating the meet and confer efforts associated with the protective order. Clearly, there was an agreement amongst the parties for the protective order to be put into place, just as this Court had ordered.

Now, the Stein Defendants raise an entirely new argument, stating that because Plaintiff has filed a bar complaint that that this matter should no longer be subject to a protective order. The Stein Defendants assert that Plaintiff had indicated this dispute would be "limited to the Court system" during the parties' review of the protective order. There was never any sort of agreement, or even discussion, that Plaintiff would not file a bar complaint against the Stein Defendants for breaching their fiduciary duties. Further, the filing of a bar complaint is no more public than the filing of a lawsuit, so Plaintiff is unsure how its bar complaint would affect the ability of the parties to proceed under a protective order.

Plaintiff is not refusing to produce Mr. Maloney and has offered multiple dates for his deposition. Plaintiff only requests that the Court make the exact same ruling as when this issue previously came before this Court in September of 2022: That Mr. Maloney sit for deposition, subject to this Court's model protective order.

DATED: March 27, 2023   ZELMS ERLICH & MACK

By: _____
Rinat Klier Erlich
Brian T. Smith
Attorneys for CHARLES Z. STEIN, ESQ.
a/k/a CHARLIE STEIN and
DAVIDOVICH STEIN, LLP

DATED: March 27, 2023   VAZQUEZ & ASSOCIATES

By:    */s Ralph R. Longo IV*
Gerardo Vazquez
Ralph Longo, IV
Attorneys for Plaintiff RADICAL
INVESTMENTS, LTD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On March 27, 2023, I served True copies of the following document(s) described as **JOINT REPORT RE DISCOVERY CONFERENCE ON MARCH 27, 2023** on the interested parties in this action.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed on March 27, 203 at Woodland Hills, California.

_____
Brian T. Smith

---

7
**JOINT REPORT RE DISCOVERY CONFERENCE ON MARCH 27, 2023**